# EXHIBIT A



BUSINESS IMMIGRATION SOLUTIONS

May 30, 2017

**Via Federal Express**

USCIS
**Attn: AOS**
2501 S. State Highway 121 Business
Suite 400
Lewisville, TX 75067

RE:     **EB-1C Petition Filed Concurrently with Adjustment of Status**

**Form I-140, Immigrant Petition for Alien Worker (EB-1C)**
**Form I-485, Application for Adjustment of Status**
**Form I-131, Application for Advance Parole**
**Form I-765, Application for Employment Authorization**

PETITIONER:      LSS Software Holdings, Inc.
BENEFICIARY:     Mr. Bjorn LARSEN

Dear Sir or Madam:

The above-referenced beneficiary is eligible to apply for Adjustment of Status to Lawful Permanent Resident upon approval of the concurrently filed Form I-140, Immigrant Petition for Alien Worker under INA §203(b)(1)(C) Multinational Executive. The following documents are submitted in support of these requests:

**Immigrant Petition for Alien Worker**

1. Form G-28, Notice of Appearance as Attorney, on behalf of the above-referenced Petitioner together with the filing fee of $700.00 and two passport-style photos;

2. Form I-140, Immigrant Petition for Alien Worker; and

3. <u>Letter in Support of the Petition</u> with accompanying evidence per the attached Table of Contents (yellow).

## <u>Adjustment of Status – Bjorn Larsen</u>

1. Form G-28, Notice of Appearance as Attorney together with a check in the amount of $1,225.00 for the filing fee and biometrics fee;

2. Six (6) passport-style photos;

3. Form G-325A, Biographic Data Page;

4. Form I-485, Application to Register Permanent Residence or Adjust Status;

5. Form I-131, Application for Travel Document;

6. Form I-765, Application for Employment Authorization; and

7. Copies of passport biographic page, I-94 record as of 5/30/2017 (filing date), Form I-797 L-1 Approval Notice, Birth Certificate with Translation, two (2) Divorce Certificates.

Thank you for your time and consideration of this matter. If you require additional information, please do not hesitate to contact this office.

Very truly yours,
**BERARDI IMMIGRATION LAW**

Jennifer Behm, Esq.
Partner

*Enclosures*



# Notice of Entry of Appearance
## as Attorney or Accredited Representative
### Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 03/31/2018

---

## Part 1. Information About Attorney or Accredited Representative

**1.** USCIS ELIS Account Number *(if any)*

▶ [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

### Name and Address of Attorney or Accredited Representative

**2.a.** Family Name *(Last Name)* — Behm

**2.b.** Given Name *(First Name)* — Jennifer

**2.c.** Middle Name —

**3.a.** Street Number and Name — 2300 Wehrle Drive

**3.b.** Apt. ☐ Ste. ☐ Flr. ☐ [ ]

**3.c.** City or Town — Buffalo

**3.d.** State — NY     **3.e.** ZIP Code — 14221

**3.f.** Province —

**3.g.** Postal Code —

**3.h.** Country — USA

**4.** Daytime Telephone Number — 7166341010

**5.** Fax Number — 7166341074

**6.** E-Mail Address *(if any)* — jebehm@usimmlawyer.com

**7.** Mobile Telephone Number *(if any)* —

## Part 2. Notice of Appearance as Attorney or Accredited Representative

This appearance relates to immigration matters before *(Select only one box)*:

**1.a.** ☒ USCIS

**1.b.** List the form numbers — Form I-140

**2.a.** ☐ ICE

**2.b.** List the specific matter in which appearance is entered

[ ]

**3.a.** ☐ CBP

**3.b.** List the specific matter in which appearance is entered

[ ]

I enter my appearance as attorney or accredited representative at the request of:

**4.** Select only one box:

☐ Applicant   ☒ Petitioner   ☐ Requestor
☐ Respondent (ICE, CBP)

### Information About Applicant, Petitioner, Requestor, or Respondent

**5.a.** Family Name *(Last Name)* — SCHLEGEL

**5.b.** Given Name *(First Name)* — Jim

**5.c.** Middle Name —

**6.** Name of Company or Organization *(if applicable)* — LSS Software Holdings Inc



## Part 2. Notice of Appearance as Attorney or Accredited Representative *(continued)*

### *Information About Applicant, Petitioner, Requestor, or Respondent (continued)*

**7.** USCIS ELIS Account Number *(if any)*

▶

**8.** Alien Registration Number (A-Number) or Receipt Number

**9.** Daytime Telephone Number

2147663215

**10.** Mobile Telephone Number *(if any)*

**11.** E-Mail Address *(if any)*

jschlegel@leanindustries.com

### *Mailing Address of Applicant, Petitioner, Requestor, or Respondent*

**NOTE:** Provide the mailing address of the applicant, petitioner, requestor, or respondent. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application, petition, or request being filed with this Form G-28.

**12.a.** Street Number and Name

159 Linwood Avenue

**12.b.** Apt. ☐ Ste. ☐ Flr. ☐

**12.c.** City or Town

Buffalo

**12.d.** State NY **12.e.** ZIP Code 14209

**12.f.** Province

**12.g.** Postal Code

**12.h.** Country

USA

## Part 3. Eligibility Information for Attorney or Accredited Representative

Select all applicable items.

**1.a.** ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. *(If you need additional space, use Part 6.)*

**Licensing Authority**

NYS Ct of Appeals 4th Dept

**1.b.** Bar Number *(if applicable)*

N/A

**1.c.** Name of Law Firm

Berardi Immigration Law

**1.d.** I *(choose one)* ☒ **am not** ☐ **am** subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law. If you are subject to any orders, explain in the space below. *(If you need additional space, use Part 6.)*

**2.a.** ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals, in accordance with 8 CFR 292.2. Provide the name of the organization and the expiration date of accreditation.

**2.b.** Name of Recognized Organization

**2.c.** Date accreditation expires

*(mm/dd/yyyy)* ▶



## Part 3. Eligibility Information for Attorney or Accredited Representative *(continued)*

3. ☐ I am associated with

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request.

**NOTE:** If you select this item, also complete **Item Numbers 1.a. - 1.b. or Item Numbers 2.a. - 2.c.** in **Part 3.** *(whichever is appropriate)*.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2)(iv).

4.b. Name of Law Student or Law Graduate

## Part 4. Applicant, Petitioner, Requestor, or Respondent Consent to Representation, Contact Information, and Signature

### Consent to Representation and Release of Information

1. I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and DHS policy, I also consent to the disclosure to the named attorney or accredited representative of any record pertaining to me that appears in any system of records of USCIS, ICE or CBP.

When you (the applicant, petitioner, requestor, or respondent) are represented, DHS will send notices to both you and your attorney or accredited representative either through mail or electronic delivery.

DHS will also send the Form I-94, Arrival Departure Record, to you **unless** you select **Item Number 2.a.** in **Part 4.** All secure identity documents and Travel Documents will be sent to you (the applicant, petitioner, requestor, or respondent) at your U.S. mailing address **unless** you ask us to send your secure identity documents to your attorney of record or accredited representative.

If you do not want to receive original notices or secure identity documents directly, but would rather have such notices and documents sent to your attorney of record or accredited representative, please select **all applicable** boxes below:

2.a. ☒ I request DHS send any notice (including Form I-94) on an application, petition, or request to the U.S. business address of my attorney of record or accredited representative as listed in this form. I understand that I may change this election at any future date through written notice to DHS.

2.b. ☒ I request that DHS send any secure identity document, such as a Permanent Resident Card, Employment Authorization Document, or Travel Document, that I am approved to receive and authorized to possess, to the U.S. business address of my attorney of record or accredited representative as listed in this form or to a designated military or diplomatic address for pickup in a foreign country (if permitted). I consent to having my secure identity document sent to my attorney of record or accredited representative's U.S. business address and understand that I may request, at any future date and through written notice to DHS, that DHS send any secure identity document to me directly.

3.a. Signature of Applicant, Petitioner, Requestor, or Respondent

3.b. Date of Signature *(mm/dd/yyyy)* ▶ 05 / 24 / 2017

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1. Signature of Attorney or Accredited Representative

2. Signature of Law Student or Law Graduate

3. Date of Signature *(mm/dd/yyyy)* ▶ 5/30/2017



### Part 6. Additional Information

Use the space provided below to provide additional information
pertaining to **Part 3., Item Numbers 1.a. - 1.d.** or to provide
your U.S. business address for purposes of receiving secure
identity documents for your client (if your client has consented
to your receipt of such documents under **Part 4.**)

No explanations.





# Immigrant Petition for Alien Worker

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-140**
OMB No. 1615-0015
Expires 04/30/2018

| For USCIS Use Only | Fee Stamp | Priority Date | Consulate | Action Block |
|---|---|---|---|---|
| | | | | |

| Classification | | Certification | |
|---|---|---|---|
| ☐ 203(b)(1)(A) Alien of Extraordinary Ability | ☐ 203(b)(2) Member of Professions with Advanced Degree/Exceptional Ability | ☐ National Interest Waiver (NIW) | |
| ☐ 203(b)(1)(B) Outstanding Professor or Researcher | ☐ 203(b)(3)(A)(i) Skilled Worker | ☐ Schedule A, Group I | |
| ☐ 203(b)(1)(C) Multinational Executive or Manager | ☐ 203(b)(3)(A)(ii) Professional | ☐ Schedule A, Group II | |
| | ☐ 203(b)(3)(A)(iii) Other Worker | **Remarks** | |

▶ **START HERE** - Type or print in black ink.

## Part 1. Information About the Person or Organization Filing This Petition *(If an individual is filing, use numbers 1.a. - 1.c. If a Company or Organization is filing, use number 2).*

**1.a.** Family Name *(Last Name)*

**1.b.** Given Name *(First Name)*

**1.c.** Middle Name

**2.** Company or Organization Name
**LSS Software Holdings, Inc.**

### Other Information

**3.** IRS Tax Number
*must be 9 digits; no dashes* ▶ | 4 | 5 | 4 | 4 | 4 | 5 | 6 | 9 | 3 | 4 |

**4.** U.S. Social Security Number *(if any)*
*must be 9 digits; no dashes* ▶

### Mailing Address

**5.a.** In Care of Name
**Bjorn Larsen**

**5.b.** Street Number and Name
**159 Linwood Avenue**

**5.c.** Apt. ☐ Ste. ☐ Flr. ☐

**5.d.** City or Town
**Buffalo**

**5.e.** State **NY**  **5.f.** Zip Code **14209**

**5.g.** Postal Code

**5.h.** Province

**5.i.** Country
**USA**

## Part 2. Petition Type

This petition is being filed for: (Select only one box):

**1.a.** ☐ An alien of extraordinary ability.

**1.b.** ☐ An outstanding professor or researcher.

**1.c.** ☒ A multinational executive or manager.

**1.d.** ☐ A member of the professions holding an advanced degree or an alien of exceptional ability (who is NOT seeking a National Interest Waiver).

**1.e.** ☐ A professional (at a minimum, possessing a bachelor's degree or a foreign degree equivalent to a U.S. bachelor's degree).

**1.f.** ☐ A skilled worker (requiring at least 2 years of specialized training or experience).

**1.g.** ☐ Any other worker (requiring less than 2 years of training or experience).

**1.h.** ☐ (Reserved)

**1.i.** ☐ An alien applying for a National Interest Waiver (who IS a member of the professions holding an advanced degree or an alien of exceptional ability).

Check below if this petition is being filed:

**2.a.** ☐ To amend a previously filed petition.
Previous Petition Receipt Number:
▶

**2.b.** ☐ For the Schedule A, Group I or II designation.

## Part 3. Information About the Person for Whom You Are Filing

**1.a.** Family Name *(Last Name)* **LARSEN**

**1.b.** Given Name *(First Name)* **Bjorn**

**1.c.** Middle Name

### Mailing Address

**2.a.** In Care of Name
**Bjorn Larsen**

**2.b.** Street Number and Name **159 Linwood Ave**

**2.c.** Apt. ☐ Ste. ☐ Flr. ☐

**2.d.** City or Town **Buffalo**

**2.e.** State **NY**  **2.f.** Zip Code **14209**

**2.g.** Postal Code

**2.h.** Province

**2.i.** Country
**USA**

### Other Information

**3.** E-mail Address *(if any)*
**blarsen@leanindustries.com**

**4.** Daytime Phone Number ( **3 0 7** ) **2 7 5** - **6 9 5 6**

**5.** Date of Birth *(mm/dd/yyyy)* ▶ **05/03/1950**

**6.** City/Town/Village of Birth
**Sandnes**

**7.** State/Province of Birth

**8.** Country of Birth
**Norway**

**9.** Country of Citizenship
**Canada & Norway**

**10.** Country of Nationality
**Canada & Norway**

**11.** Alien Registration Number (A-Number)
▶ A-

**12.** U.S. Social Security Number *(if any)*
must be 9 digits; no dashes
▶ **0 6 7 6 0 2 9 0 3**

**If in the United States, please provide the following (complete all sections, as applicable):**

**13.** Date of Arrival *(mm/dd/yyyy)* ▶

**14.a.** I-94 Arrival-Departure Record Number:
▶

**14.b.** Passport Number **GK584922**

**14.c.** Travel Document Number

**14.d.** Country of Issuance for Passport or Travel Document
**Canada**

**14.e.** Expiration Date for Passport or Travel Document
*(mm/dd/yyyy)* ▶ **06/08/2025**

**15.** Current Nonimmigrant Status
**L-1**

**16.** Date Status Expires:
*(mm/dd/yyyy)* ▶ **07/20/2018**

## Part 4. Processing Information

Complete the following for the person named in **Part 3**. (Check one)

**1.a.** ☐ Alien will apply for a visa abroad at a U.S. Embassy or consulate at:
City or Town

Country

**1.b.** ☒ Alien is in the United States and will apply for adjustment of status to that of lawful permanent resident.

Alien's country of current residence or, if now in the United States, last country of permanent residence abroad.
**Canada**

## Part 4. Processing Information *(continued)*

If you provided a United States address in **Part 3**, provide the person's foreign address:

**2.a.** Street Number and Name  | 1711-18 Graydon Hall Drive

**2.b.** Apt. ☐ Ste. ☐ Flr. ☐ |

**2.c.** City or Town | Toronto

**2.d.** Postal Code | M3A 0A2

**2.e.** Province | Ontario

**2.f.** Country | Canada

If the person's native alphabet is other than Roman letters, write the person's foreign name and address in the native alphabet:

**3.a.** Family Name *(Last Name)* |

**3.b.** Given Name *(First Name)* |

**3.c.** Middle Name |

### *Mailing Address*

**3.d.** Street Number and Name |

**3.e.** Apt. ☐ Ste. ☐ Flr. ☐ |

**3.f.** City or Town |

**3.g.** Postal Code |

**3.h.** Province |

**3.i.** Country |

**4.** Are any other petition(s) or application(s) being filed with this Form I-140? ☒ Yes ☐ No

If you answered "Yes," check any applicable boxes:

☒ Form I-485

☒ Form I-131

☒ Form I-765

☐ Other-Attach an explanation

**5.** Is the person for whom you are filing in removal proceedings? ☐ Yes - Attach an explanation ☒ No

**6.** Has any immigrant visa petition ever been filed by or on behalf of this person? ☐ Yes - Attach an explanation ☒ No

**7.** Is the petition being filed without an original labor certification because the original labor certification was previously submitted in support of another Form I-140? ☐ Yes - Attach an explanation ☒ No

**8.** If the petition is being filed without an original labor certification, are you requesting that USCIS request a duplicate labor certification from the Department of Labor? ☐ Yes - Attach an explanation ☒ No

**If you answered "Yes" to any of questions 4 through 8, provide the case number, office location, date of decision, and disposition of the decision on a separate sheet of paper.**

## Part 5. Additional Information About the Petitioner

Type of petitioner (Select only one box):

**1.a.** ☒ Employer

**1.b.** ☐ Self

**1.c.** ☐ Other (Explain, e.g., Permanent Resident, U.S. citizen or any other person filing on behalf of the alien)

If a company, give the following:

**2.a.** Type of Business | Develop and deliver software solutions for financial institutions

**2.b.** Date Established *(mm/dd/yyyy)* ▶ | 01/08/2010

**2.c.** Current Number of U.S. Employees | 13

**2.d.** Gross Annual Income | $2.83 million

**2.e.** Net Annual Income |

**2.f.** NAICS Code ▶ | 5 5 1 1 1 2

**2.g.** Labor Certification DOL/ETA Case Number | N/A

## Part 5. Additional Information About the Petitioner *(continued)*

**2.h.** Labor Certification DOL/ETA Filing Date

*(mm/dd/yyyy)* ▶

**2.i.** Labor Certification Expiration Date

*(mm/dd/yyyy)* ▶

If an individual, give following:

**3.a.** Occupation

Founder & CEO

**3.b.** Annual Income    $240,000

## Part 6. Basic Information About the Proposed Employment

**1.** Job Title   Founder & CEO

**2.** SOC Code   ▶ 1 1 - 1 0 1 1

**3.** Nontechnical Description of Job

Chief executives determine and formulate policies and provide overall direction of companies or private and public sector organizations within guidelines set up by a board of directors or similar governing body. They also plan, direct, or coordinate operational activities at the highest level of management with the help of subordinate executives and staff managers.

**4.** Is this a full-time position?   ☒ Yes   ☐ No

**5.** If the answer to **Number 4** is "No," how many hours per week for the position?

**6.** Is this a permanent position?   ☒ Yes   ☐ No

**7.** Is this a new position?   ☐ Yes   ☒ No

**8.** Wages:  $ 20,000   per month

*(Specify hour, week, month, or year)*

Address where the person will work if different from address in Part 1.

**9.a.** Street Number and Name   7915 Washington Wood Drive

**9.b.** Apt. ☐  Ste. ☐  Flr. ☐

**9.c.** City or Town   Dayton

**9.d.** State  OH    **9.e.** Zip Code  45459

## Part 7. Information on Spouse and All Children of the Person for Whom You Are Filing

**List husband/wife and all children related to the individual for whom the petition is being filed.** Also, note if the individual will be applying for a visa abroad or for adjustment of status as the dependent of the individual for whom the petition is filed. Provide an attachment of additional family members, if needed.

### Person 1

**1.a.** Family Name *(Last Name)*

**1.b.** Given Name *(First Name)*

**1.c.** Middle Name

**1.d.** Date of Birth   *(mm/dd/yyyy)* ▶

**1.e.** Country of Birth

**1.f.** Relationship

**1.g.** Applying for Adjustment of Status?   ☐ Yes   ☐ No

**1.h.** Applying for Visa Abroad?   ☐ Yes   ☐ No

### Person 2

**2.a.** Family Name *(Last Name)*

**2.b.** Given Name *(First Name)*

**2.c.** Middle Name

**2.d.** Date of Birth   *(mm/dd/yyyy)* ▶

**2.e.** Country of Birth

**2.f.** Relationship

**2.g.** Applying for Adjustment of Status?   ☐ Yes   ☐ No

**2.h.** Applying for Visa Abroad?   ☐ Yes   ☐ No

## Part 7. Information on Spouse and All Children of the Person for Whom You Are Filing (continued)

### Person 3

**3.a.** Family Name
(Last Name)

**3.b.** Given Name
(First Name)

**3.c.** Middle Name

**3.d.** Date of Birth    (mm/dd/yyyy) ▶

**3.e.** Country of Birth

**3.f.** Relationship

**3.g.** Applying for Adjustment of Status?    ☐ Yes    ☐ No

**3.h.** Applying for Visa Abroad?    ☐ Yes    ☐ No

### Person 4

**4.a.** Family Name
(Last Name)

**4.b.** Given Name
(First Name)

**4.c.** Middle Name

**4.d.** Date of Birth    (mm/dd/yyyy) ▶

**4.e.** Country of Birth

**4.f.** Relationship

**4.g.** Applying for Adjustment of Status?    ☐ Yes    ☐ No

**4.h.** Applying for Visa Abroad?    ☐ Yes    ☐ No

### Person 5

**5.a.** Family Name
(Last Name)

**5.b.** Given Name
(First Name)

**5.c.** Middle Name

**5.d.** Date of Birth    (mm/dd/yyyy) ▶

**5.e.** Country of Birth

**5.f.** Relationship

**5.g.** Applying for Adjustment of Status?    ☐ Yes    ☐ No

**5.h.** Applying for Visa Abroad?    ☐ Yes    ☐ No

### Person 6

**6.a.** Family Name
(Last Name)

**6.b.** Given Name
(First Name)

**6.c.** Middle Name

**6.d.** Date of Birth    (mm/dd/yyyy) ▶

**6.e.** Country of Birth

**6.f.** Relationship

**6.g.** Applying for Adjustment of Status?    ☐ Yes    ☐No

**6.h.** Applying for Visa Abroad?    ☐ Yes    ☐ No

## Part 8. Signature of Petitioner

I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it are all true and correct. I authorize U.S. Citizenship and Immigration Services (USCIS) to release to other government agencies any information from my USCIS records, if USCIS determines that such action is necessary to determine eligibility for the benefit sought.

**1.a.** Signature of Petitioner

➡ _(signature)_

**1.b.** Date of Signature    (mm/dd/yyyy) ▶    05 / 24 / 2017

**2.** Daytime Phone Number ( 214 ) 766 - 3215

**3.** Mobile Phone Number ( 214 ) 766 - 3215

**4.** E-mail Address (if any)

jschlegel@leanindustries.com

**5.** Job Title of Position with Petitioning Employer, If the Petition Is Being Filed by an Employer

IVP, Sales + Delivery

**NOTE:** If you do not fully complete this form or fail to submit the required documents listed in the instructions, a final decision on your petition may be delayed or the petition may be denied.

## Part 9. Signature of Person Preparing This Petition, If Other Than the Petitioner

**1.** Attorney or Representative: In the event of a Request for Evidence (RFE), may USCIS contact you by e-mail?

☒ Yes ☐ No

### Preparer's Full Name

Provide the following information concerning the preparer:

**2.a.** Preparer's Family Name *(Last Name)*

Behm

**2.b.** Preparer's Given Name *(First Name)*

Jennifer

**3.** Preparer's Business or Organization Name

Berardi Immigration Law

### Preparer's Contact Information

**4.** Preparer's Daytime Phone Number        Extension

( 7 1 8 ) 6 3 4 - 1 0 1 0

**5.** Preparer's E-mail Address *(if any)*

jebehm@usimmlawyer.com

### Preparer's Mailing Address

**6.a.** Street Number and Name | 2300 Wehrle Drive

**6.b.** Apt. ☐  Ste. ☐  Flr. ☐

**6.c.** City or Town | Buffalo

**6.d.** State | NY   **6.e.** Zip Code | 14221

**6.f.** Postal Code

**6.g.** Province

**6.h.** Country | UNITED STATES OF AMERICA

### Declaration

To be completed by all preparers, including attorneys and authorized representatives: I declare that I prepared this petition at the request of the petitioner, that it is based on all the information of which I have knowledge, and that the information is true to the best of my knowledge.

**7.a.** Signature of Preparer

**7.b.** Date of Signature *(mm/dd/yyyy)* ▶ 5 30 2017

## Addendum

**LARSEN, Bjorn, Form: I-140 (Page 1)**

Addendum:
Please note that the mailing address for our company is:

159 Linwood Avenue
Buffalo, NY 14209

and our company's physical address is:

7915 Washington Wood Drive
Dayton, OH 45459



**LSS Software Holdings, Inc.**
7915 Washington Woods Drive, Dayton OH 45459 USA
www.leanindustries.com

May 19, 2017

**Via FedEx**

USCIS
Attn: AOS
2501 S. State Highway 121 Business
Suite 400
Lewisville, TX 75067

**Re:    EB-1C Immigrant Petition for Alien Worker (Form I-140)**
**Filed Concurrently with Application to Adjust Status (Form I-485)**

**PETITIONER:    LSS Software Holdings, Inc.**
**BENEFICIARY:    Mr. Bjorn LARSEN**

Dear Sir or Madam:

This letter is submitted in support of the Employment-Based (EB-1) petition of LSS Software Holdings, Inc. on behalf of Mr. Bjorn Larsen, a citizen of Canada and national of Norway, who qualifies as a Multinational Executive under §203(b)(1)(C) of the Immigration and Nationality Act.

Mr. Larsen is the Founder and CEO of LSS Software Holdings, Inc., a U.S. company that provides workflow-based dispute management software for financial institutions, as further described below.

We respectfully submit that Mr. Larsen qualifies for Lawful Permanent Resident Status as a Multinational Executive under INA §203(b)(1)(C) because:

1. Mr. Larsen was employed abroad in an executive position by Lean Software Services, Inc., the parent company of the U.S. petitioner, immediately prior to entering the U.S. in L-1 status;
2. Mr. Larsen seeks to enter the U.S. as an immigrant to continue to render services to LSS Software Holdings, Inc. in an executive capacity; and
3. Mr. Larsen has the required job offer as a Multinational Executive, and no Labor Certification is required for the position.

We enclose copies of Mr. Larsen's passport biographic page, I-94 record, and Form I-797 Approval Notices (**Exhibit A**). These documents evidence the applicant's identity, citizenship and current nonimmigrant status in the U.S.

**PETITIONER BACKGROUND INFORMATION**

Lean Software Services, Inc. (Canadian parent company) and LSS Software Holdings, Inc. (U.S. petitioner) develop and deliver comprehensive enterprise software solutions designed to lower the costs and improve the quality of managing consumer and fraud disputes, exceptions, and adjustments for electronic payment transactions.



**LSS Software Holdings, Inc.**
7915 Washington Woods Drive, Dayton OH 45459 USA
www.leanindustries.com

Our solutions enable organizations of all types and sizes to become highly efficient and productive through extensive process automation, elimination of paper-based practices, and integration with critical enterprise payment applications. A highly-configurable workflow-based solution, our proprietary AdjustmentHub™ software is typically installed on premise at large financial institutions and merchant acquiring companies. Our employees across North America are experts in this field and provide customized computer hardware and software services, including implementation, training, and customization to match a client's needs.

For the year ended December 31, 2016, our companies had consolidated revenue in sales of more than $5.5 million, and consolidated assets of more than $5.3 million. We have 34 employees in the U.S., Canada, and Portugal. We have clients across the globe in more than 20 countries. In support of our company's global operations, we enclose:

- **Exhibit B** – Consolidated financial statements for the year ended December 31, 2016;
- **Exhibit C** – Organizational chart showing all of our global employees and prospective positions open for hire;
- **Exhibit D** – Background information on our company from our corporate website (www.leanindustries.com); and
- **Exhibit E** – Corporate Brochure on our AdjustmentHub™ software.

### Canadian Operations

Founded by the beneficiary, Bjorn Larsen, Lean Software Services, Inc. was incorporated in the Province of Ontario, Canada on January 23, 2002. For the year ended December 31, 2016, we had sales in Canada of more than $3.3 million. Our global headquarters office is located in Richmond Hill, Ontario, and we currently employ 15 full-time team members.

As evidence of our viable Canadian operations, we enclose:
- **Exhibit F** – Certificate of Incorporation;
- **Exhibit G** – Canadian Corporate Tax Return for the year ended December 31, 2016, reflecting the company's total sales revenues of more than $3.3 million and assets of more than $4.7 million;
- **Exhibit H** – Google Maps confirmation for our office located at 45B West Wilmot St, Suite 215, Richmond Hill, Ontario, Canada;
- **Exhibit I** – Organizational chart for our Canadian team.

### U.S. Petitioner's Operations

Due to the demand for our services in the U.S., LSS Software Holdings, Inc. was incorporated in the state of Delaware on January 8, 2010. For the year ended December 31, 2016, we had sales in the U.S. of more than $2.8 million. Our U.S. headquarters office is located in Dayton, OH. We currently employ 10 full-time employees in our Dayton office, and we're hiring for two additional positions.

LSS Software Holdings, Inc., Inc. (the U.S. petitioner) is a wholly-owned subsidiary of Lean Software Services, Inc. (the Canadian parent company).

As evidence of our viable operations in the U.S., we enclose:



**LSS Software Holdings, Inc.**
7915 Washington Woods Drive, Dayton OH 45459 USA
www.leanindustries.com

- **Exhibit J** – Stock certificate demonstrating Lean's 100% ownership of all 1,000 issued shares of LSS Software;
- **Exhibit K** – Certificate of Incorporation and Certificate of Revival/Renewal;
- **Exhibit L** – Form 1120, Corporate Income Tax Return for the year ended 12/31/2016 showing $2.8 million in income, $716,171 paid in wages, and $865,705 in assets;
- **Exhibit M** – Google Maps confirmation and lease for our U.S. office located at 7915 Washington Wood Drive, Dayton, OH;
- **Exhibit N** – Organizational chart for our U.S. team.

## BENEFICIARY'S QUALIFYING EMPLOYMENT ABROAD

Mr. Larsen has been continuously employed on a full-time basis by Lean Software Services, Inc. since he founded the entity in 2002. He has held L-1A status with Lean's wholly-owned subsidiary and the U.S. petitioner of this EB-1C petition, LSS Software Holdings, Inc. We enclose evidence of Mr. Larsen's ongoing employment with the company and continued L-1A status (**prior Exhibit A**).

## MULTI-NATIONAL EXECUTIVE: BJORN LARSEN, FOUNDER AND CEO

Mr. Larsen is the Founder and CEO of Lean Industries in Canada, and its wholly-owned subsidiary, LSS Software Holdings, Inc. in the United States. In this position, he has been responsible for managing and directing all business operations of the company from the ground up since its inception in Canada in 2006.

### *History of the Company and Mr. Larsen's Executive Leadership*

Prior to founding Lean Industries, Mr. Larsen was an owner and executive of Canadian-based Automated Integrated Solutions, Inc. (AIS), a provider of advanced technologies driving the monitoring and communication requirements of large ATM networks. In 2000, Mr. Larsen sold AIS to the Carreker Corporation of Dallas, TX for $2.3 million. At that time, he in initiated talks with former customers to research potential new software product opportunities in the financial industry. During these discussions, he was introduced to the "Adjustment Department" at Genpass Corporation in Dallas, TX (now U.S. Bank, following a 2005 acquisition). Genpass/U.S. Bank is a leading provider of electronic funds transfer (EFT), automated teller machine (ATM), and debit processing services to financial institutions and other clients. Mr. Larsen immediately recognized the amount of manual work efforts and mountains of paper records, and he saw the need for the financial institution to interface to a large number of network systems for data entries. Thus, the idea for AdjustmentHub™ was sparked.

In 2002, Mr. Larsen incorporated Lean Software Services, Inc. in Canada. Genpass/U.S. Bank agreed to "finance" the development of AdjustmentHub™ Release 1.0, and Lean retained all IP rights to the code. Mr. Larsen outlined the requirements for the system and with an early partner (now retired), they constructed the first imaging/workflow system interfacing to MasterCard (a worldwide first for debit transactions). U.S. Bank subsequently utilized his system in Dallas, TX and Pittsburgh, PA from 2004 until 2013. AdjustmentHub™ was also sold to several European customers (eService in Poland and Euronet in Hungary) along with Woodforest Bank in Houston, TX, as well as Keybank in



**LSS Software Holdings, Inc.**
7915 Washington Woods Drive, Dayton OH 45459 USA
www.leanindustries.com

Cleveland, OH. The growing demand for the software system culminated in the AdjustmentHub™ Release 3.0 in 2008. By this time, Mr. Larsen hired four (4) full-time employees with Lean's Canadian office.

In continual pursuit of even larger opportunities for his business, Mr. Larsen continued to expand and sell his financial workflow system. Customers included major financial intuitions, such as: Columbus Data, a leading ATM and issuer processor headquartered in Dallas, TX; Cardtronics, the world's largest non-bank ATM operator, headquartered in Houston, TX; SIBS in Portugal, which is the central utility for payments serving all banks and the government; and many more.

In 2012, after identifying the need for a physical U.S. presence, Mr. Larsen incorporated LSS Software Holdings, Inc. in the U.S. as a direct subsidiary of his company in Canada. He established offices in Houston, TX and in Dayton, OH, where the company continues to operate its U.S. headquarters office today. Shortly thereafter, he struck a major distribution deal with ACI Worldwide (NASDAQ: ACIW), a payment systems company in Omaha, NE. He immediately hired a Senior Sales and Marketing Executive, and Customer Support personnel as the customer base expanded over the years.

Today, Mr. Larsen continues to drive the company's corporate strategy and growth plan, R&D, sales and support efforts through the teams he manages in Toronto, Ontario; Dayton, Ohio; and Lisbon, Portugal. The company now employs 34 professionals across Canada, the U.S. and Europe (Portugal), and we have over 20 customers on three continents. The combined companies are expected to grow to 40 people by the end of 2017, reaching more than $6 million in combined revenues.

### Beneficiary's Executive Job Duties

As the CEO of Lean Industries and LSS Software, Mr. Larsen oversees all operation areas of the company's global operations through direct supervision of managers. He is responsible for developing and maintaining a positive corporate image and relationships between the company and key customers. He also develops and oversees the execution of plans for continued growth, expansion and improvement of the company's products and services. Mr. Larsen handles negotiations with stakeholders on the company's behalf, and he acts as the final authority for employee relations and personnel matters in both his U.S. and Canadian offices. A specific breakdown of Mr. Larsen's executive job duties follows:

- Develop high quality business strategies and plans; ensure their alignment with short-term and long-term objectives for the company and identify opportunities that achieve corporate goals; implement policies, approve procedures, delegate tasks, monitor and oversee all operations and business activities to ensure these actions produce desired business results and are consistent with the company's overall strategy and mission *(20% of time or 8 hours per 40/hour week)*;

- Oversee and collaborate with the management team to develop and implement plans for the operational infrastructure of systems, processes and personnel designed to accommodate the growth objectives of the company; develop a high performing management team and indirect reports by leading and motivating subordinates; act as final decision-maker and authority on hiring, firing, promotions, discipline and employee relations matters; *(20% of time or 8 hours per 40/hour week)*;



LSS Software Holdings, Inc.
7915 Washington Woods Drive, Dayton OH 45459 USA
www.leanindustries.com

- Act as face of the company through direct contact with high-level clients and business partners; drive the company to achieve and surpass sales, profitability, cash flow and business goals and objectives through relationships with partners and by establishing credibility within the industry *(20% of time or 8 hours per 40/hour week)*;

- Review financial and formal corporate reports to ensure business performance is aligned with corporate goals; identify solutions or improvements to achieve revenues and growth *(15% of time or 6 hours per 40/hour week)*;

- Analyze problematic situations and occurrences and provide solutions; delegate tasks to ensure company survival and growth *(10% of time or 4 hours per 40/hour week)*;

- Maintain a deep knowledge of the markets and industry of the company *(10% of time or 4 hours per 40/hour week)*; and

- Enforce adherence to legal guidelines and in-house policies to maintain the company's legality and business ethics; ensure that the company maintains compliance with applicable laws and regulations *(5% of time or 2 hours per 40/hour week)*.

Mr. Larsen has the ultimate authority to direct and control all aspects of our operations in Canada and the U.S. He establishes the policies of the company and its overall business direction, and he acts as the voice and face of our company to the public. Mr. Larsen also exercises day-to-day discretion and ultimate authority over organizational operations, including managerial and supervisory staff.

### *Beneficiary's Direct and Indirect Reports*

In carrying out these managerial duties, Mr. Larsen oversees his direct reports in the Canadian and U.S. offices, who in turn manage his indirect reports. These individuals include the following professionals, all of whom hold a Bachelor's degree or higher and perform high-level, managerial tasks:

- Jim Schlegel – **Vice President, Sales & Delivery** (Dayton, OH) – 4 direct report Managers, who in turn have a combined 14 indirect reports.
- Greg Cooper – **Vice President, Product Development** (Toronto) – 10 direct reports
- Brent Wathen – **Director, Network Technologies** (Toronto)
- Chris Sloan – **Manager, Financial & Operational Services** (Toronto) – 1 direct report

Please refer to the global, U.S., and Canadian organizational charts at **Exhibit C, Exhibit I,** and **Exhibit N.** These charts specifically notate the professional managerial positions whom directly report to Mr. Larsen. Neither Mr. Larsen nor his managerial reports are responsible for administrative activities; all are engaged in high-level tasks that directly impact the company's operations and growth plans.

Mr. Larsen also travels regularly to see customers in every region and is currently organizing new product development efforts (NetworkHub) as well as contemplating moving the product line to a cloud channel under the SaaS model. We enclose a selection of news articles citing partnerships



**LSS Software Holdings, Inc.**
7915 Washington Woods Drive, Dayton OH 45459 USA
www.leanindustries.com

between Lean Industries and customers of the company's software services, quoting Mr. Larsen as the CEO of the company (**Exhibit P**).

The position of CEO is a distinct executive role within our company. Since founding the company in Canada in 2002, he has determined and continues to lead the overall strategy and direction of our global operations, building it into a $5+ million enterprise with 34 employees in three countries. Mr. Larsen makes the ultimate determination on best methods to achieve company objectives. In addition to the executive discretion Mr. Larsen has over the organization's day-to-day operations, he also has supervisory authority over our high performance team. The above-summary clearly indicates that Mr. Larsen has executive authority to hire, fire, and direct the management team that reports to him, as well as his indirect reports.

## ABILITY TO PAY WAGE

8 C.F.R. §204.5(g)(2) requires proof that a petitioner is able to pay the beneficiary's wage with respect to an I-140 petition filing. As of December 31, 2016, our U.S. revenues were more than $2.8 million USD. Please refer to the enclosed U.S. tax return at the previous **Exhibit L**. Mr. Larsen will continue to receive his annual base salary of $240,000.00. Given our current financial stability, we are able and will continue to pay this proffered wage.

## LSS SOFTWARE HOLDINGS, INC. INTENDS TO CONTINUE TO EMPLOY MR. LARSEN

By virtue of submitting this Letter of Support, LSS Software Holdings, Inc. demonstrates its intent to continue to employ Mr. Larsen in an executive role with the U.S. company.

## MR. LARSEN MEETS THE REQUIREMENTS FOR AN EB-1C IMMIGRANT VISA

We would now like to secure immigrant status on behalf of Mr. Larsen that he may continue to execute his duties and responsibilities as the CEO of our company in the U.S. Mr. Larsen possesses executive skills and industry experience that are invaluable to our operations. Therefore, we respectfully request the approval of his application for immigrant status as a Multi-National Executive.

Should you require additional information or documentation, please contact us or our immigration counsel, Jennifer Behm, Esq., (716-634-1010) who filed a Notice of Appearance (Form G-28) in this case.

Very truly yours,
**LSS Software Holdings, Inc.**

Jim Schlegel
Vice President, Sales & Delivery

# TABLE OF CONTENTS

**EB-1C Immigrant Petition for Alien Worker (Form I-140)
Filed Concurrently with Application to Adjust Status (Form I-485)**

PETITIONER:     LSS Software Holdings, Inc.
BENEFICIARY:   Mr. Bjorn LARSEN

**Exhibit A:**    Beneficiary's Identity and Status Documents

### *Company Operations*

**Exhibit B:**    Consolidated Financial Statements for YE Dec 31, 2016

**Exhibit C:**    Global Organizational Chart

**Exhibit D:**    Website Background Information
(www.leanindustries.com)

**Exhibit E:**    Corporate Brochure - AdjustmentHub™ software

### *Canadian Office (Lean Software Services, Inc.)*

**Exhibit F:**    Canadian Certificate of Incorporation

**Exhibit G:**    Canadian Corporate Tax Return for YE Dec 31, 2016

**Exhibit H:**    Google Maps: Office at 45B West Wilmot St, Suite 215,
Richmond Hill, Ontario, Canada

**Exhibit I:**    Organizational Chart for Canadian team

### *Corporate Affiliation*

**Exhibit J:**   Stock certificate demonstrating Lean's 100% ownership of all 1,000 issued shares of LSS Software

### *U.S. Office (LSS Software Holdings, Inc.)*

**Exhibit K:**   Certificate of Incorporation and Certificate of Revival/Renewal

**Exhibit L:**   Form 1120, Corporate Income Tax Return for the year ended 12/31/2016

**Exhibit M:**   Google Maps confirmation and lease for our U.S. office located at 7915 Washington Wood Drive, Dayton, OH

**Exhibit N:**   Organizational chart for U.S. team.

### *Beneficiary's Executive Role*

***Refer to Organizational Charts Enclosed at **Exhibit C**, **Exhibit I**, and **Exhibit N**

**Exhibit O:**   Selection of News Articles

# Exhibit A



**U.S. Customs and Border Protection**
Securing America's Borders

## Most Recent I-94

**Admission (I-94) Record Number :** 22960500940

**Most Recent Date of Entry:** 2017 May 29

**Class of Admission :** L1

**Admit Until Date :** 07 / 20 / 2018

**Details provided on the I-94 Information form:**

| | |
|---|---|
| Last/Surname : | **LARSEN** |
| First (Given) Name : | **BJORN** |
| Birth Date : | **1950May03** |
| Passport Number : | **GK584922** |
| Country of Issuance : | **Canada** |

Get Travel History

▶ **Effective April 26, 2013, DHS began automating the admission process. An alien lawfully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP website constitutes a lawful record of admission. See 8 CFR § 1.4(d).**

▶ **If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along with any additional required documents requested by that employer or agency.**

▶ **Note: For security reasons, we recommend that you close your browser after you have finished retrieving your I-94 number.**

OMB No. 1651-0111
Expiration Date:05/31/2017

For inquiries or questions regarding your I-94, please click here

Accessibility | Privacy Policy

❶ The ability to create and pay for a Provisional I-94 will be disrupted during the times listed below. The options to view travel history or most recent I-94 will be available during this time.  ✕
❶ Saturday, May 6, 2017 6:00pm - 12:00am (18:00 - 24:00) EDT



## U.S. Customs and Border Protection
Securing America's Borders

**Most Recent I-94**

**Admission (I-94) Record Number : 35765657785**

**Most Recent Date of Entry: 2017 April 23**

**Class of Admission : L1**

**Admit Until Date : 07 / 20 / 2018**

**Details provided on the I-94 Information form:**

| | |
|---|---|
| **Last/Surname :** | **LARSEN** |
| **First (Given) Name :** | **BJORN** |
| **Birth Date :** | **1950May03** |
| **Passport Number :** | **GK584922** |
| **Country of Issuance :** | **Canada** |

[ Get Travel History ]

▶ Effective April 26, 2013, DHS began automating the admission process. An alien lawfully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP website constitutes a lawful record of admission. See 8 CFR § 1.4(d).

▶ If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along with any additional required documents requested by that employer or agency.

▶ Note: For security reasons, we recommend that you close your browser after you have finished retrieving your I-94 number.

OMB No. 1651-0111
Expiration Date:05/31/2017

For inquiries or questions regarding your I-94, please click here

Accessibility | Privacy Policy

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| RECEIPT NUMBER | | CASE TYPE I129 PETITION FOR A NONIMMIGRANT WORKER |
|---|---|---|
| EAC-15-217-50844 | | |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
|---|---|---|
| August 3, 2015 | | LLS SOFTWARE HOLDINGS INC |

| NOTICE DATE | PAGE | BENEFICIARY |
|---|---|---|
| August 7, 2015 | 1 of 1 | LARSEN, BJORN |

| | |
|---|---|
| JAMES G MEAGLEY<br>JAECKLE FLEISCHMANN & MUGEL LLP<br>AVANT BLDG STE 900<br>200 DELAWARE AVENUE<br>BUFFALO NY 14202-2107 | **Notice Type:** Approval Notice<br>**Class:** L1A<br>Valid from 07/21/2015 to 07/20/2018<br>Consulate:<br>POE: BUFFALO, NY |

This notice is to advise you of action taken on this case. The official notice has been mailed according to the mailing preferences noted on the Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. Any relevant documentation was mailed according to the specified mailing preferences.

This is to confirm the approval of the above petition. It was filed at the port of entry pursuant to the provisions of the North American Free Trade Agreement (NAFTA). The petition is valid for the period shown above.

This completes our action on this petition.

The lower portion of this notice should be shown at the port of entry whenever the named worker(s) wants to enter the U.S. in the classification above, during the period of validity of the petition.

Please read the back of this form carefully for more information. If you have any questions about tax withholding, please contact the Internal Revenue Service.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

This courtesy copy may not be used in lieu of official notification to demonstrate the filing or processing action taken on this case.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

Number of workers: 1
Name                        DOB        COB                Class Consulate / POE OCC
LARSEN, BJORN               05/03/1950 NORWAY            L1A   BUF              010

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

NOTICE: Although this application/petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in this application, petition and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine whether revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and representatives of record will be provided an opportunity to address derogatory information before any formal proceeding is initiated.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVCS
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS    VT    05479-0001



**Customer Service Telephone: (800) 375-5283**

Form I-797C 07/11/14 Y

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797B, Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-13-210-50717 | | CASE TYPE I129 PETITION FOR A NONIMMIGRANT WORKER |
|---|---|---|
| RECEIPT DATE<br>July 25, 2013 | PRIORITY DATE | PETITIONER<br>LSS SOFTWARE HOLDINGS INC |
| NOTICE DATE<br>August 6, 2013 | PAGE<br>1 of 2 | BENEFICIARY<br>LARSEN, BJORN |
| JAMES G MEAGLEY<br>JAECKLE FLEISCHMANN & MUGEL LLP<br>800 DELAWARE AVENUE AVANT BUILDING<br>SUITE 900<br>BUFFALO NY 14202-2107 | | Notice Type: Approval Notice<br>Class: L1A<br>Valid from 07/19/2013 to 07/18/2015 |

This is to confirm the approval of the above petition. It was filed at the port of entry pursuant to the provisions of the North American Free Trade Agreement (NAFTA). The petition is valid for the period shown above.

This completes our action on this petition.

The lower portion of this notice should be shown at the port of entry whenever the named worker(s) wants to enter the U.S. in the classification above, during the period shown for the petition.

Please read the back of this form carefully for more information. If you have any questions about tax withholding, please contact the Internal Revenue Service.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Number of Workers: 1
Name                    DOB         COB           Class Consulate / POE OCC
LARSEN, BJORN           05/03/1950 NORWAY         L1A   BUF         010

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVCS
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS    VT   05479-0001
Customer Service Telephone: (800) 375-5283
Form I-797B (Rev. 01/31/05) N

*Please tear off portion below and forward it to the alien worker.*

---

The alien may use this portion when applying for a visa at an American consulate abroad, or if no visa is required, when applying for admission to the U.S.
Receipt#: EAC-13-210-50717              Case Type: I129
Notice Date: August 6, 2013             Petitioner: LSS SOFTWARE HOLDINGS INC
Petitioner Validity Dates: Valid from 07/19/2013 to 07/18/2015 . Number of Workers: 1
Name                    DOB         COB           Class Consulate / POE OCC
LARSEN, BJORN           05/03/1950 NORWAY         L1A   BUF         010

Form I-797B (Rev. 10/31/05) N

Department of Homeland Security.
U.S. Citizenship and Immigration Services.

I-797B, Notice of Action

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-12-210-50055 | | CASE TYPE I129 PETITION FOR A NONIMMIGRANT WORKER |
|---|---|---|
| RECEIPT DATE July 27, 2012 | PRIORITY DATE | PETITIONER LSS SOFTWARE HOLDINGS INC |
| NOTICE DATE August 6, 2012 | PAGE 1 of 2 | BENEFICIARY LARSEN, BJORN |

| | |
|---|---|
| JAMES G MEAGLEY JAECKLE FLEISCHMANN & MUGEL LLP AVANT/BUILDING - SUITE 900 200 DELAWARE AVENUE BUFFALO NY 14202-2107 | Notice Type: Approval Notice Class: L1A Valid from 07/17/2012 to 07/16/2013 |

This is to confirm the approval of the above petition. It was filed at the port of entry pursuant to the provisions of the North American Free Trade Agreement (NAFTA). The petition is valid for the period shown above.

This completes our action on this petition.

The lower portion of this notice should be shown at the port of entry whenever the named worker(s) wants to enter the U.S. in the classification above, during the period of validity of the petition.

Please read the back of this form carefully for more information. If you have any questions about tax withholding, please contact the Internal Revenue Service.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Number of Workers: 1

| Name | DOB | COB | | Class Consulate / POE OCC |
|---|---|---|---|---|
| LARSEN, BJORN | 05/03/1950 NORWAY | | L1A PBB | 010 |

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

U.S. CITIZENSHIP & IMMIGRATION SVCS
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283
Form I797B (Rev. 10/31/05)N

Please tear off portion below and forward it to the alien worker.

The alien may use this portion when applying for a visa at an American consulate abroad, or if no visa is required, when applying for admission to the U.S.

Receipt#: EAC-12-210-50055
Notice Date: August 6, 2012
Petitioner Validity Dates: Valid from 07/17/2012 to 07/16/2013

Case Type: I129
Petitioner: LSS SOFTWARE HOLDINGS INC
Number of Workers: 1

| Name | DOB | COB | Class Consulate / POE OCC |
|---|---|---|---|
| LARSEN, BJORN | 05/03/1950 NORWAY | | L1A PBB 010 |

Form I-797B (Rev. 10/31/05) N



U.S. Customs and
Border Protection
Buffalo, NY
Port# 10901

** Contact Number **
** 716-843-8324 **
*********************

570- I-94 ArDep          $6.00
555- I-129 Workr       $325.00

TOTAL              $331.00
CASH                 $331.00

CLS CNT:  2

USER 321              operator
5548      10:51AM 07/19/13  0009-001



U.S. Customs and
Border Protection
Buffalo, NY
Port# 10901

** Contact Number **
** 716-843-8324 **
*********************

570- I-94 ArDep          $6.00
555- I-129 Workr       $325.00
566- Fraud/Det         $500.00

TOTAL              $831.00
CASH                 $831.00

CLS CNT:  3

USER 321              operator
5993      9:37AM 07/17/12   0009-001



# SILVERGATE TRANSLATIONS

WWW.SILVERGATETRANSLATIONS.COM

# CERTIFIED TRANSLATION



| Translation Date | Reference Number |
|---|---|
| May 24, 2017 | 35220067 |
| Source Language | Target Language |
| Norwegian | English |
| Description of Translated Document | |
| Birth Certificate of Bjørn Larsen | |

I, Sandra Bird, hereby certify that the following is complete and accurate to the best of my judgment and ability, and that I am competent in both the Norwegian and English languages to render such translation.

This translation certificate speaks only to the accuracy of the translation performed below, and does not speak to the original content of the source document(s).

Sandra Bird

ATA Member



*Certified Silvergate Translation File Number 3522067*
*Page 1 of 2*

Silvergate Translations • 2833 Smith Ave, Suite 222 • Baltimore, MD 21209

T:410.358.3588/F: 410.497.1121 • www.silvergatetranslations.com

American Translators
Association
Member #256240

ata

THE CHURCH OF NORWAY

## Birth Certificate

| For boy / ~~girl~~ | Last name<br>Larsen | |
|---|---|---|
| | First name<br>Bjørn | |
| Born | Date and year<br>May 3, 1950 [illegible] | |
| | in<br>Sandnes | |
| Christened | Date and year<br>June 16, 1950 | |
| | in<br>Høyland | |
| Parents (in case the child was adopted, please state the names of the adoptive parents): | [Illegible] Torstein Hasbro Larsen | |
| | and Kirsten Beate, née Øgland | |
| The certificate is issued based on the church records of | Parish<br>Høyland | |
| | City/~~Parish~~<br>Sandnes | |

Sacristan's office            May 6, 1966

Andreas Hindal

[Signature]

_____

Signature

[Initials]

~~Payment NOK 5.00~~

No payment

Form 4



*Certified Silvergate Translation File Number 3522067*
*Page 2 of 2*

Silvergate Translations • 2833 Smith Ave. Suite 222 • Baltimore, MD 21209

T:410.358.3588/F: 410.497.1121 • www.silvergatetranslations.com



American Translators
Association
Member #256240

DRSKE KIRKE

## Dåpsattest

| For gutt / pike | slektsnavn | *Larsen.* | |
| | fornavn | *Bjørn,* | |
| Født | dato og år | *3- medjemai- 1950 -m. h. og fem?* | |
| | i | *Sandnes* | |
| Døpt | dato og år | *16- Aektende juli s.å.* | |
| | i | *Høyland* | |
| Foreldre (dersom vedk. er adoptert, skal adoptiv-foreldrene føres opp som foreldre) | | *jern.b. Torstein Harta Larsen* | |
| | | *og h. Kirsten Beate f. Øgland* | |
| Attesten er utskrift av kirkeboka for | sokn | *Høyland.* | |
| | by/prestegjeld | *Sandnes* | |

_____ embete, den *6-5* 19 *66*

*Andreas Hindal*
underskrift *Q. j*

iten betaling
lankett 4

# Exhibit B

# LEAN SOFTWARE SERVICES INC. & LSS SOFTWARE HOLDINGS INC.

## CONSOLIDATED FINANCIAL STATEMENTS

### DECEMBER 31, 2016

**(Unaudited)**

**LEAN SOFTWARE SERVICES INC. & LSS SOFTWARE HOLDINGS INC.**

CONSOLIDATED FINANCIAL STATEMENTS

December 31, 2016

(Unaudited)

## CONTENTS

| | Page |
|---|---|
| Notice to Reader | 1 |
| Consolidated Balance Sheet | 2 - 3 |
| Consolidated Statement of Retained Earnings | 4 |
| Consolidated Statement of Income | 5 |

## NOTICE TO READER

On the basis of information provided by management, we have compiled the Consolidated Balance Sheet of **Lean Software Services Inc. & LSS Software Holdings Inc.** as at December 31, 2016 and the Consolidated Statements of Income and Retained Earnings for the year then ended.

We have not performed an audit or a review engagement in respect of these Consolidated financial statements and, accordingly, we express no assurance thereon.

Readers are cautioned that these statements may not be appropriate for their purposes.

Concord, Ontario                                     CHARTERED ACCOUNTANTS
April 10, 2017                                        LICENSED PUBLIC ACCOUNTANTS

1.

# LEAN SOFTWARE SERVICES INC. & LSS SOFTWARE HOLDINGS INC.

CONSOLIDATED BALANCE SHEET

DECEMBER 31, 2016

UNAUDITED - See Notice to Reader

|  | 2016 | 2015 |
|---|---|---|
|  | $ | $ |

## ASSETS

**CURRENT**

| | | |
|---|---|---|
| Cash | 3,121,300 | 941,926 |
| Short term investments | 300,000 | 700,000 |
| Accounts receivable | 674,402 | 554,247 |
| Loans receivable | 224,799 | 456,858 |
| | 4,320,501 | 2,653,031 |
| **EQUIPMENT,** net of accumulated amortization of $18,403 (2015 - $6,446) | 78,307 | 38,258 |
| **INCORPORATION COSTS** | 2,640 | 2,640 |
| **SOFTWARE DEVELOPMENT** | 974,978 | 1,722,978 |
| | 5,376,426 | 4,416,907 |

2.

# LEAN SOFTWARE SERVICES INC. & LSS SOFTWARE HOLDINGS INC.

CONSOLIDATED BALANCE SHEET

DECEMBER 31, 2016

UNAUDITED - See Notice to Reader

|  | 2016 | 2015 |
|---|---|---|
|  | $ | $ |
| **LIABILITIES** | | |
| **CURRENT** | | |
| Accounts payable | 138,717 | 56,302 |
| Income taxes payable | 73,143 | 51,433 |
| Loan payable | 46,916 | 46,918 |
| Deferred revenue | 708,358 | 657,510 |
|  | 967,134 | 812,163 |
| **SHAREHOLDERS' EQUITY** | | |
| **STATED CAPITAL** | 745,000 | 745,000 |
| **RETAINED EARNINGS** | 3,664,292 | 2,859,744 |
|  | 4,409,292 | 3,604,744 |
|  | 5,376,426 | 4,416,907 |

APPROVED ON BEHALF OF THE BOARD:

_____ Director

_____ Director

3.

# LEAN SOFTWARE SERVICES INC. & LSS SOFTWARE HOLDINGS INC.

CONSOLIDATED STATEMENT OF RETAINED EARNINGS

YEAR ENDED DECEMBER 31, 2016

UNAUDITED - See Notice to Reader

|  | 2016 | 2015 |
|---|---|---|
|  | $ | $ |
| Retained earnings, beginning of year | 2,859,744 | 2,429,587 |
| Net income | 804,548 | 430,157 |
| Retained earnings, end of year | 3,664,292 | 2,859,744 |

4.

# LEAN SOFTWARE SERVICES INC. & LSS SOFTWARE HOLDINGS INC.

CONSOLIDATED STATEMENT OF INCOME

YEAR ENDED DECEMBER 31, 2016

UNAUDITED - See Notice to Reader

|  | 2016 | 2015 |
|---|---|---|
|  | $ | $ |
| **REVENUE** | | |
| Sales | 5,533,903 | 3,003,646 |
| **EXPENSES** | | |
| Advertising and promotion | 52,116 | 12,659 |
| Amortization | 11,957 | 1,720 |
| Bad debts | 58,774 | 98,688 |
| Commissions | 39,744 | - |
| Consulting | 894,777 | 893,519 |
| Insurance | 62,166 | 26,707 |
| Office and general | 126,504 | 77,351 |
| Professional fees | 273,867 | 87,579 |
| Rent | 114,082 | 65,780 |
| Software expense | 748,000 | 230,000 |
| Telephone | 15,333 | 18,961 |
| Travel | 121,612 | 80,380 |
| Unrealized foreign exchange loss (gain) | 128,225 | (141,380) |
| Wages and benefits | 2,009,055 | 1,070,092 |
|  | 4,656,212 | 2,522,056 |
| **INCOME** before income taxes | 877,691 | 481,590 |
| Income taxes | 73,143 | 51,433 |
| **NET INCOME** | 804,548 | 430,157 |

5.

Exhibit C



BJORN LARSEN
CEO & PRESIDENT
blarsen@leanindustries.com
Toronto

CHRIS SLOAN ★
MANAGER, FINANCIAL & OPERATIONAL SERVICES
csloan@leanindustries.com
Toronto

GREG COOPER ★
VICE PRESIDENT, PRODUCT DEVELOPMENT
gcooper@leanindustries.com
Toronto

BRENT WATHEN ★
DIRECTOR, NETWORK TECHNOLOGIES
bwathen@leanindustries.com
Toronto

JIM SCHLEGEL ★
VICE PRESIDENT, SALES & DELIVERY
jschlegel@leanindustries.com
Dayton/Cleveland

ABHINAY KONDAMREDDY
PROJECT ADMINISTRATOR
akondamreddy@leanindustries.com
Toronto

CATHERINE TURNBULL
FINANCIAL & OPERATIONAL ANALYST
cturnbull@leanindustries.com
Toronto

JOHN LONG
SOFTWARE DEVELOPER
jlong@leanindustries.com
Toronto

ANGIE NOAH ★
DIRECTOR, CLIENT IMPLEMENTATIONS
anoah@leanindustries.com
Dayton

DIANE GRASSI ★
MANAGER, BUSINESS OPERATIONS
dgrassi@leanindustries.com
Dayton/Cleveland

CLAUDIO LOPES ★
DIRECTOR, EUROPEAN OPERATIONS
clopes@leanindustries.com
Portugal

CHRIS MAHY ★
DIRECTOR, CLIENT SERVICES & OPERATIONS
cmahy@leanindustries.com
Toronto

CARMEN RODRIGUEZ
SUPPORT ANALYST
crodriguez@leanindustries.com
Toronto

Colleen Ryan
MANAGER, BUSINESS ANALYSIS
cryan@leanindustries.com
Dayton

MIGUEL SILVA
MANAGER, CLIENT IMPLEMENTATIONS
msilva@leanindustries.com
Portugal

KALYANI LANKA
CLIENT SUPPORT SPECIALIST
klanka@leanindustries.com
Toronto

SUJIT PAUDYAL
CLIENT SUPPORT SPECIALIST
spaudyal@leanindustries.com
Toronto

JAMUNA ADHIKARI
QA ANALYST
jadhikari@leanindustries.com
Toronto

MICHAEL LEI JIANG
SOFTWARE DEVELOPER
mjiang@leanindustries.com
Toronto

BRENDA WHITING
SR. BUSINESS ANALYST
bwhiting@leanindustries.com
Dayton

SAMI EL-MASRI
CLIENT SUPPORT SPECIALIST
selmasri@leanindustries.com
Toronto

VAN TRINH
SR. SOFTWARE DEVELOPER
vtrinh@leanindustries.com
Toronto

DAVID SMITH
BUSINESS ANALYST
dsmith@leanindustries.com
Dayton

AMANDA COX
BUSINESS ANALYST
acox@leanindustries.com
Dayton

CORRINA PALAEZ
CLIENT SUPPORT SPECIALIST
cpalaez@leanindustries.com
Toronto

CHARLES DUFFY
SR. SOFTWARE DEVELOPER
cduffy@leanindustries.com
Toronto

GAIL MEADOWS
BUSINESS ANALYST
gmeadows@leanindustries.com
Dayton

SETH WEEKS
JR. BUSINESS ANALYST
sweeks@leanindustries.com
Dayton

TA'NISHA WATSON
BUSINESS ANALYST
twatson@leanindustries.com
Dayton

AJAY AUGUSTINE
JR. QA ANALYST
aaugustine@leanindustries.com
Toronto

RAVI HARIHARAN
SR. SOFTWARE DEVELOPER
rhariharan@leanindustries.com
Toronto

DAVE PATRICK
BUSINESS ANALYST
dpatrick@leanindustries.com
Dayton

PADMA DHARAN
QA Analyst
pdharan@leanindustries.com
Toronto

ELENA GRODZOVSKY
MANAGER, QA SERVICES
egrodzovsky@leanindustries.com
Toronto

★ indicates Manager

Exhibit D





## About

Find out more about Leon Industries

At Leon, we develop web-based software solutions that lower the cost per capture and raise the efficiency with which your staff can manage them. Whether you are a small institution or large, our solutions will scale efficiently to increase productivity while continuing to process automatic or manual information at scale. Leon's practices, and integration with critical enterprise payment applications.

Our team includes highly experienced software developers as well as those who have extensive experience in the payments industry in addition to software. Lean provides implementation, training, support and customization services through the entire life of your relationship with us.

You don't have to take our word for it — we have clients that would be happy to talk about us. Let us know and we'll put you in touch.

CONTACT



## Our Offices

## Contact

🏠 458 West Wilmot St, Suite 215, Richmond Hill, ON, CA

Your full name (required)

🏠 7915 Washington Wood Dr, Dayton, OH, USA

Your Email (required)                    Phone

📞 - 214-766-3215

Subject

✉ - jschlegel@leanindustries.com

Describe message

🖼 - schlegeljim

CONTACT



## AdjustmentHub®

Redefine the way you initiate, receive, and process a dispute to improve your KPIs

New industry regulations, innovative payment products, and platforms for dispute processing amplify the challenges you face as you reorganize your operations. Take for example, EMV liability shift, Apple Pay and Visa Claims Resolution (VCR) – each introduces complexities as you attempt to automate your dispute or claims management process.

AdjustmentHub can help you standardize the way you initiate, receive and process any disputed transaction. What this means for you is simplicity in overseeing your disputes operation in its entirety – we standardize processes, customer engagement, risk analysis, the management of regulation and compliance, and above all ease cost management. We offer our product to any financial institution in need of a solution to manage disputes for credit, debit, and prepaid cards, as well as ATM, POS, ACH, Bill Pay and Wire transactions.

### Issuer

Create a case, analyze it, take action, close case. Seems simple enough, but with numerous product types, various requirements concerning cardholder correspondence, networks (schemes); organizational processes, and regulation compliance – things get complicated, expensive, and hard to measure.

**LEARN MORE**

## Acquirer

Handling disputes for your merchants from a multitude of networks (schemes) that you acquire transactions through can be complicated. Not only that, but allowing your merchants to provide data in a timely manner can also be challenging. AdjustmentHub comes with a library of interfaces to allow communication with many of the major networks (schemes) and processors. AdjustmentHub also provides a single way for merchants to interact with disputes related to them.

LEARN MORE

## Processor

A significant challenge faced by processors is the complexity that arises from servicing a dual-facing multi-tenant work stream for both issuers and acquirers. Segmenting the two dispute infrastructures poses significant challenges for teams, especially when considering the numerous network interactions and possible merchant or terminal owner interactions. AdjustmentHub utilizes the same underlying architecture for both issuing and Acquiring operations, simplifying the process of handling disputes in a processor environment.

LEARN MORE

If you would like to learn more about us and our products, contact Jim on our relationship team.

CONTACT

ADJUSTMENTHUB®
ISSUER
ACQUIRER
PROCESSOR

ABOUT
JOBS
PARTNERS

NEWS

CONTACT



### Issuer

Create a case, analyze it, take action.

### Initiate cases from anywhere

Our case creation portal, supported by Service APIs and Webhooks, empowers them to serve your cardholders from any channel – mobile banking, online banking, call centers, and even chat. **Click here** to learn more our robust case intake process.

### Manage all types of disputes

Specialized workflows enable disputes on debit cards, credit cards, prepaid cards, ATM, ACH, check, wire, bill payments and any other payment products you may offer. **Click here** to learn more about how we manage all your unique dispute types through a single application.

### Integrate with payment networks

Our payment network interfaces allow you to exchange dispute data automatically rather than through manual user actions. Our library of interfaces support protocols for VISA, MasterCard, STAR, NYCE, PULSE, and others. **Click here** to learn about our expertise interfacing with various payment networks.

### Digitize customer engagement

Send or retrieve customer letters, emails and to case records automatically. Magic AB with embedded enables you to implement a completely paperless operation. **Click here** to learn more about how we make customer communication part of a seamless, automated process.

### Eliminate legacy systems

Any solution allows you to consolidate all dispute management activities into a single platform. This allows you to adopt a single platform to manage the whole lifecycle of a dispute, rather than various, legacy cobbled unconnected systems.

### Visualize your data and risk

What is my exposure at any given time? Am I adhering to regulatory compliance deadlines? What is the growth rate of CNP fraud disputes over the last quarter? Answer these questions and many others with our reporting platform.



**Aquirer**

Resolve dispute, analyze & take action

### Auto case creation

Chargebacks, retrieval requests, and dispute fee corrections from any network get neatly queued with the appropriate network data and documents into AdjustmentHub.

### Merchant / ISO Portal

Offer a portal for your merchants and ISOs to quickly and easily dispute chargeback documents such as receipts, ATM journals, and merchant proofs to contest chargebacks and fulfill retrieval requests. In addition, this portal allows merchants and ISOs to initiate adjustments.

### Take advantage of your data

AdjustmentHub will gather and display data necessary to make decisions surfaced daily or manually — data about the dispute, transaction, merchant, ISO and network-specific details.

### Integrate with payment networks

Our payment network interfaces allow you to exchange dispute data automatically rather than through manual user actions. Our library of interfaces support processors for Visa, MasterCard, Star, Nyce, Pulse, and others. Click here to learn about our expertise integrating with various payment networks.

### Painless Merchant / ISO correspondence

Stop scanning the same documents over and over. Retrieve queries and fulfill. Share letter templates with documents and attach to cases as needed.

### Visualize your data and risk

How many chargebacks did we receive this day, week, month? What's our average turnover time? AdjustmentHub's dashboards help surface insights and attacking the most produced? Answer these questions with ease using one of many our reporting features.



**Processor**

Provide better dispute resolution services to your clients

### Multi-tenant support

Whether you are an organization that processes transactions for issuers, acquirers, or merchants of different sizes and shapes, AdjustmentHub can accommodate you. Due to the flexible nature of our case management engine, AdjustmentHub can adapt to processing environments with a diverse set of requirements. Our most notable implementation with a processor is a payments company that supplies the dispute processing services for 32 banks in Portugal.

### Client Portals

Offer a portal for your card issuing and merchant acquiring clients that allows them to quickly and easily submit and respond to case data. Access to AdjustmentHub can be extended to your clients in a way that provides them with a consistent and effective way to manage their dispute cases – including sending and receiving chargebacks, processing adjustments to cardholders or merchants, and exchanging electronic documentation.

### Take advantage of all your data

AdjustmentHub will gather and display data to assist issuers and acquirers in making correct and timely decisions about a dispute. The platform will aggregate and combine data about the transaction the reason for the dispute, the cardholder and merchant in question, and the payment network that processed the transaction

### Integrate with payment networks

Our payment network interfaces allow you to exchange dispute data automatically rather than through manual user actions. Our array of interfaces support protocols for Visa, MasterCard, STAR, NYCE, PULSE, and others. Click here to learn about our expertise integrating with various payment networks.

### Painless communication with clients

Stop printing letters manually, scanning paper documents, or uploading them to different systems each time a document needs to be included with a case record. Store all of your clients' letter templates in AdjustmentHub and create and send correspondence to cardholders or merchants on the fly.

### Visualize your data and risk

How many chargebacks did we manage this day, week, month? What's our average case resolution time? Which transactions are being disputed the most? Which disputes are we winning or losing? Which merchants are attracting the most disputes? Answer these questions and many others with our reporting platform.



## Partners

Our relationships with partners allow us to leverage deep knowledge and advanced technology to improve your dispute operations

 

# News

What we're up to at Lean Industries

April 4, 2017

## Lean User Group 2017

0 Comments    2 Minutes

October 25, 2016

## Ethoca & Lean Industries form strategic partnership

☐ 0 Comments   ⏱ 6 Minutes

July 17, 2016

## An in-depth look at cardholder communication

☐ 0 Comments   ⏱ 2 Minutes

July 17, 2016

## Integrating with payment networks and processors to automate the chargeback lifecycle

☐ 0 Comments   ⏱ 1 Minutes

July 17, 2016

## An in-depth look at system integration for issuers

☐ 0 Comments   ⏱ 2 Minutes

July 17, 2016

## Utilize specialized workflows to manage all types of disputes.

☐ 0 Comments   ⏱ 1 Minutes

July 17, 2016

## Omni-channel Case Creation at a Top 10 issuing bank in the U.S.

☐ 0 Comments   ⏱ 1 Minutes

June 16, 2016

## White Paper: Are you a payments processor?

0 Comments   3 Minutes

December 1, 2015

## Verifi & Lean Industries launch first joint major issuing bank

0 Comments   6 Minutes

January 5, 2015

## EMV in the US: Are You Ready?

0 Comments   1 Minutes

November 22, 2014

## Lean Industries opens office in Dayton, Ohio

0 Comments   1 Minutes

October 23, 2014

## White Paper: Consumer "self-service" disputes management

0 Comments   2 Minutes

May 5, 2014

## Verifi & Lean Industries Announce Partnership

🗩 0 Comments   ⏱ 4 Minutes

July 3, 2013

## White Paper: Complex Banking Environments

🗩 0 Comments   ⏱ 4 Minutes

May 23, 2013

## Case Study: Operational Excellence at Woodforest National Bank

🗩 0 Comments   ⏱ 2 Minutes

LOADING...

| ADJUSTMENTHUB® | ABOUT | NEWS | CONTACT |
| --- | --- | --- | --- |
| ISSUER | JOBS | | |
| ACQUIRER | PARTNERS | | |
| PROCESSOR | | | |

Copyright © 2016 Lean Industries. All rights reserved.

Case: 3:19-cv-00084-WHR Doc #: 1-1 Filed: 03/21/19 Page: 58 of 223  PAGEID #: 87

# LEAN USER GROUP 2017

APRIL 4, 2017  |  IN BLOG  |  BY JIM SCHLEGEL

⌄

We are pleased to announce that our Lean User Group (LUG) meeting will be held on October 1-3 in Charleston, South Carolina at the Charleston Hyatt Place.

This open and collaborative forum is focused exclusively on *how companies can continuously adapt and improve the management of disputes and exceptions* – particularly in light of major changes in regulations and compliance – including Visa Claims Resolution (VCR), and the emergence of new payment technologies.

During this year's event, we will showcase new business features and technical characteristics of the latest releases of AdjustmentHub™. We will showcase key enhancements to the software and demonstrate how these can allow all users to become more compliant, productive and efficient. We will also solicit your input and guidance on our roadmap for the future of our product.

As a current user, prospective user of AdjustmentHub™ or Lean partner, you will have the opportunity to engage in discussions with your industry peers and current users about market trends in retail payments that are having significant effects on issuing banks, acquirers, processors and payment networks. Participation in this forum will be of great value to you in several ways:

Understand Lean Industries' product development roadmap for future releases of AdjustmentHub™
Discover and adopt best practices for dispute processing that you can deploy within your own organization
Build relationships and network with your peers and partners in the industry

We will be hosting a reception on the evening of Sunday, October 1, and conducting sessions all day on Monday, October 2 and on the morning of Tuesday, October 3. Please contact us at usergrp@leanindustries.com to register for the event. We kindly ask that you complete your registration, which is required to attend the conference, by July 31, 2017.

We look forward to your participation with us at the 2017 LUG conference.

Sincerely,

The Lean team.

HOME     ADJUSTMENTH

ADJUSTMENTHUB®
ISSUER
ACQUIRER
PROCESSOR

ABOUT
JOBS
PARTNERS

NEWS

CONTACT

Copyright © 2016 Lean Industries. All rights reserved.

# ETHOCA & LEAN INDUSTRIES FORM STRATEGIC PARTNERSHIP

OCTOBER 25, 2016 | IN BLOG, PARTNERS | BY SUPPORT@LEANINDUSTRIES.COM

⌄

**TORONTO, Ontario, Canada; Austin, TX; and London, UK – October 3, 2016** – Ethoca, the industry standard for collaboration-based technology solutions that enable card issuers and online merchants to increase card acceptance and stop ecommerce fraud and disputes, today announced a partnership with Lean Industries, a leading provider of dispute management software solutions. Now any card issuing bank using Lean's AdjustmentHub™ dispute processing platform will be able to automatically connect to Ethoca's Global Collaboration Network to easily resolve fraud and customer disputes – avoiding the costly and labor intensive chargeback process entirely.

With customer experience and maintaining top position in the cardholder's wallet as chief concerns, card issuers also struggle to cope with the increasing volume of costly fraud claims and dispute cases that put additional pressure on operating margins. Ethoca's flagship service – Ethoca Alerts – solves this problem by giving merchants an early warning on customer disputes and fraudulent transactions that have already been confirmed by the bank

with their cardholders. Merchants act on alerts immediately by stopping the fulfilment of fraudulent orders and issuing cardholders a refund to avoid the costly chargeback process. This in turn enables card issuers to eliminate operational costs associated with chargebacks and speeds the recovery of dispute and fraud losses, while ensuring a better experience for cardholders

To increase the level of automation and speed of resolution for disputed transactions, AdjustmentHub will send disputed transaction data to Ethoca in near real time. After Ethoca's merchant customers resolve the cardholder's reason for dispute by issuing a refund, Ethoca Alerts sends the response back to AdjustmentHub, where the open dispute case will be updated to reflect the successful outcome of the issuer-merchant collaboration. This seamless, end-to-end process ensures no chargeback will be processed. AdjustmentHub from Lean Industries is used to manage tens of thousands of disputes each month across irs issuing customer base and the integration with Ethoca Alerts is available for issuing customers worldwide.

"We make participation in the Ethoca Network virtually effortless for our card issuer customers – with no added IT burden or heavy integration required to start seeing value day one," said Trevor Clarke, Co-Founder and EVP, Issuer Relations at Ethoca. "Through our integration with AdjustmentHub, card issuers can make their entire fraud and dispute recovery process faster, easier, more accurate and more cost-effective, while creating a vastly improved experience for cardholders. Card issuers can also recover a wider range of disputed transactions, including low value and 3DS purchases that are typically non-recoverable."

"We share a common mission with Ethoca: our companies seek to provide faster, lower-cost dispute resolution and fraud mitigation services for the card issuing community," said Lean Industries Chief Executive Officer, Bjorn Larsen. "Together, Lean Industries and Ethoca will increase the level of interaction between card issuers and merchants, empowering both parties to reduce the impact of costly and lengthy fraud and dispute handling processes."

Ethoca's global network is growing quickly around the world and includes the largest merchant and card issuer footprint in the industry. Merchant coverage includes seven of the top ten ecommerce merchants, the world's largest digital goods brands, and more than 137,000 enrolled merchant descriptors. More merchant participation drives dramatically higher fraud and dispute related recoveries for Ethoca's card issuer customers, now numbering more than 555 worldwide. These include 14 of the top 20 North American card issuers (including three of the top four in the U.S.), 21 in EMEA (including nine in the UK), nine in Canada, two of the top four in Australia, and more. Ethoca's Global Network now spans more than 37 countries.

**About Ethoca**

Ethoca is the leading, global provider of collaboration-based technology that enables card issuers, ecommerce merchants and online businesses to increase card acceptance, stop more fraud, recover lost revenue and eliminate chargebacks from both fraud and customer service disputes. Through the Ethoca Network – the first and only of its kind in the industry – we are closing the information gap between card issuers and merchants. This unique capability makes fraud and customer dispute insight available and actionable in real time. Our suite of services delivers significant revenue growth and cost saving opportunities to our card issuer and merchant customers around the world. Seven of the top ten ecommerce brands, 14 of the top North American card issuers,

two of the top five UK card issuers and more than 4,700 ecommerce businesses around the world rely on Ethoca solutions and the network that powers them. To find out more, please visit us online at www.ethoca.com.

**HOME    ADJUSTMENTH**

**About Lean Industries**

Lean Industries develops and delivers software solutions designed to lower the costs and improve the quality of managing disputes, exceptions and adjustments for electronic payment transactions.  Our solutions enable organizations of all types and sizes to become highly efficient and productive through extensive process automation, elimination of paper-based practices, and integration with critical enterprise payment applications. Our people are experts in this field and provide implementation, training and customization services to match your company's needs.  For more information, visit: www.leanindustries.com.

ADJUSTMENTHUB®          ABOUT                 NEWS                    CONTACT
   ISSUER                JOBS
   ACQUIRER              PARTNERS
   PROCESSOR

Copyright © 2016 Lean Industries. All rights reserved.

Exhibit E



www.leanindustries.com

# Lean's AdjustmentHub™ exception handling capabilities save you time and money

AdjustmentHub™ CLAIMS/Manager and IMAGE/Manager solutions for Issuers, Acquirers and Processors automate exception handling workflows and manage claims from Entry, Review and Chargeback, to Representment and Arbitration.

AdjustmentHub™ operates in all environments: Debit and Credit, PIN and Signature, ATM, POS, ACH, BillPay and eCommerce online transactions and exception situations, managing both UsOnUs and network-switched claims.

This lets you:

- ✔ **Eliminate unnecessary write-offs**
- ✔ **Reduce dispute processing costs**
- ✔ **Increase processing volumes in a low-growth staffing structure**
- ✔ **Better manage fraud and other risks**
- ✔ **Cross-train staff and eliminate network-dependent expertise levels**
- ✔ **Extend dispute processing entry and review to outside customers and even cardholders with Internet access**

# LE∩N

# AdjustmentHub™ integrates all of your exception handling and dispute processing needs into one cohesive system, reducing cost of processing and improving customer service through a single system interface

The AdjustmentHub™ product family from Lean Industries is designed to solve the needs of financial institutions in dealing with cardholder and merchant disputes. Two separate yet integrated subsystems - CLAIMS/Manager and IMAGE/ Manager - deliver comprehensive functionality to financial institutions, merchants and third-party processors, for UsOnUs and network-related claims.

Typically, dispute processing handles transaction claims and reversals initiated by cardholder complaints. These claims must be handled with appropriate procedures and steps, to ensure that the cardholder is treated in accordance with regulatory laws and internal/external rules.

High fees, complex rules, costly personnel and extensive write-offs make this a resource-consuming process. With ever-growing claims volumes, dispute analysts can have a substantial impact on customer satisfaction levels and transaction write-offs.

In addition to high staffing levels and high operating costs, financial institutions continue to record millions of dollars in annual write-offs.

Analysts commonly handle hundreds of open claims, putting enormous pressure on timeliness and productivity.



AdjustmentHub™ handles all aspects of dispute processing, for all of your payment products, in every issuing card and merchant acquiring environment . Using automated workflow processes the system will:

✔ **Reduce costs and allow for significant claims volume increases**

✔ **Eliminate lost claims due to oversights and errors**

✔ **Minimize financial write-offs**

## Dispute Processing Workflows

Dispute processing is driven by rules - Reg E and Reg Z government rules, Visa and Mastercard network rules, and internal performance-level rules. CLAIMS/Manager operates on the basis of these rules. Externally defined, they govern chargeback and adjustment rights, document requirements, reason codes, processing fees and timers, and workflow steps. The rules reside in CLAIMS/ Manager's database and can be adjusted as requirements vary. Analysts need no longer remember the various nuances in each set of network operating regulations - rights are automatically determined and timers automatically escalate when necessary. Reason codes are

segmented by network and claim type, minimizing the risk of picking the wrong one and CLAIMS/ Manager's intelligent timers with early-warning alarms can be configured to ensure that deadlines are always met.



## Image and Forms Processing

IMAGE/Manager eliminates paper and manual fax handling, manipulating cardholder claims letters and chargeback documentation as digital images. Images are seamlessly integrated into the dispute workflow, stored in case item "folders". Analysts can receive, view, print and transmit images to networks and cardholders using standard browser

screens, in the context of specific disputes. Interfaces exist to fax servers and scanners as well as Mastercard's MCOM and VISA's VRO Bulk image exchange systems. IMAGE/Manager handles all document types, including draft fulfillments, chargeback and representments, and customer claims and response letters.

## Transaction Warehouses and Network Access

Dispute processing requires validation of the original cardholder transaction. AdjustmentHub™ references these transaction warehouses using standard database channels. If warehouses are unavailable then Lean Industries' experts can assist in getting them built, using interfaces to

transaction platforms such as Postilion Office and ACI Base24. AdjustmentHub™ processes network raw data files and constructs network transactions and adjustments using existing switch interfaces to Postilion and Base24.

## Financial Transactions

AdjustmentHub™ workflows and analyst decisioning tools create appropriate financial transactions to effect cardholder debits and credits. These transactions can be formatted as database records, XML data streams or formatted

files and transmitted to enterprise settlement systems. Alternatively, AdjustmentHub™ can post to existing G/L and DDA accounts using available posting applications.

# User Interfaces and Work Distribution

AdjustmentHub™ utilizes browser-based client interfaces, providing the claims analyst with comprehensive analytical and integrated tools. Information for managing disputes, such as transactions, adjustments, claims and images are presented on easily understood forms and panels. Dynamic analyst queues manage workloads from pre-defined business criteria such as issuer/acquirer, network, PIN or Signature, claim amount levels and dispute types. Facilities exist to manage queues, workloads and analyst groups. Analysts can own claims or work from pools of claims.

| Feature | Benefit |
| --- | --- |
| Dynamic workflows based on card products, network, issuer/acquirer and other factors | Reduces the dependency on case-specific knowledge resident with key personnel. Dispute processing tasks can be moved to any location with workstation access |
| Automated capture and manipulation of images from network imaging systems and digital fax servers and scanners | Significant people and time savings, timely response to document submission deadlines, with offline image storage replacing archived paper copies |
| Automated case open, tracking and matching | Reduces personnel workloads and allows for significant increase in case volumes with no increase in staffing levels |
| Automated processing of incoming and outgoing network adjustments | Eliminates paper report handling and ensures timely processing of adjustments |
| Extensive user analyst and call center facilities, including contextual questionnaires | Ensures that appropriate cardholder questions are asked and answered and that accurate reason codes are selected |
| Flexible analyst queuing system with multi-factored queues and pooling or personal ownership of cases | Enables flexible work rules based on management's varying needs |
| Full knowledge of internal and network processing rules, coupled with intelligent escalators and alarms | Reduces dependencies on analyst expertise and ensures that cases are actively tracked and deadlines are met, resulting in fewer write-offs and lost claims |
| Comprehensive reporting system with automatic scheduling, formatting and distribution of reports and data extracts | Easy access to information for all levels of executive and claims management personnel |



E-mail: marketing@leanindustries.com
www.leanindustries.com

© Copyright 2008. All rights reserved

Exhibit F

01/30/02   12:39 FAX 905 660 3064      ROSENBERG SMITH & FINES                    ☒002

For Ministry Use Only                                    Ontario Corporation Number
À l'usage exclusif du ministère                          Numéro de la société en Ontario

                                                         1512112

CERTIFICATE                  CERTIFICAT

JANUARY 2 3 JANVIER, 2002

## ARTICLES OF INCORPORATION
## STATUTS CONSTITUTIFS

1. The name of the corporation is:          Dénomination sociale de la société:

| L | E | A | R |   | S | O | F | T | W | A | R | E |   | S | E | R | V | I | C | E | S | . |   | I | N | C | . |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

2. The address of the registered office is:     Adresse du siège social:

200-2000 STEELES AVENUE WEST

(Street & Number or R.R. Number & if Multi-Office Building give Room No.)
(Rue et numéro ou numéro de la R.R et, s'il s'agit d'un édifice à bureaux, numéro du bureau)

CONCORD, ONTARIO                              | L | 4 | K | 3 | E | 9 |

(Name of Municipality or Post Office)          (Postal Code)
(Nom de la municipalité ou du bureau de poste)  (Code postal)

3. Number (or minimum and maximum          Nombre (ou nombres minimal
   number) of directors is:                 et maximal) d'administrateurs

A MINIMUM OF ONE AND A MAXIMUM OF ELEVEN.

4. The first director(s) is/are:            Premier(s) administrateur(s):

| First name, initials and surname Prénom, initiales et nom de famille | Residence address giving Street & No. or R.R. No., or Municipality and postal code. Adresse personnelle, y compris la rue et le numéro, le numéro de la R.R ou, le nom de la municipalité et le code postal | Resident Canadian State Yes or No Résidant Canadien Oui/Non |
|---|---|---|
| BJORN LARSEN | 27 JOSEPH AARON BLVD. THORNHILL, ONT. L4J 6J3 | YES |

Exhibit G

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:34 AM

**■+■** Canada Revenue Agency   Agence du revenu du Canada

**200**

**T2 Corporation Income Tax Return**

Code 1601
**Protected B**
when completed

This form serves as a federal, provincial, and territorial corporation income tax return, unless the corporation is located in Quebec or Alberta. If the corporation is located in one of these provinces, you have to file a separate provincial corporation return.

All legislative references on this return are to the federal *Income Tax Act* and *Income Tax Regulations*. This return may contain changes that had not yet become law at the time of publication.

Send one completed copy of this return, including schedules and the *General Index of Financial Information* (GIFI), to your tax centre or tax services office. You have to file the return within six months after the end of the corporation's tax year.

For more information see cra.gc.ca or Guide T4012, *T2 Corporation – Income Tax Guide*.

**055** | Do not use this area

## Identification

**001** Business number (BN) .......................... | 8 5 8 4 7 8 5 3 0 R C 0 0 0 1

**002** Corporation's name
LEAN SOFTWARE SERVICES, INC.

**Address of head office**
Has this address changed since the last time we were notified? ........ **010** 1 Yes ☐ 2 No ☒
(If yes, complete lines 011 to 018.)
**011** 11 Plaisance Road
**012** Unit 24
**015** City Richmond Hill | **016** Province, territory, or state ON
**017** Country (other than Canada) | **018** Postal code/Zip code L4C 5H1

**Mailing address (if different from head office address)**
Has this address changed since the last time we were notified? ........ **020** 1 Yes ☐ 2 No ☒
(If yes, complete lines 021 to 028.)
**021** c/o
**022** 11 Plaisance Road
**023** Unit 24
**025** City Richmond Hill | **026** Province, territory, or state ON
**027** Country (other than Canada) | **028** Postal code/Zip code L4C 5H1

**Location of books and records (if different from head office address)**
Has this address changed since the last time we were notified? ........ **030** 1 Yes ☐ 2 No ☒
(If yes, complete lines 031 to 038.)
**031** 11 Plaisance Road
**032** Unit 24
**035** City Richmond Hill | **036** Province, territory, or state ON
**037** Country (other than Canada) | **038** Postal code/Zip code L4C 5H1

**040** **Type of corporation at the end of the tax year**

1 ☒ Canadian-controlled private corporation (CCPC)
2 ☐ Other private corporation
3 ☐ Public corporation
4 ☐ Corporation controlled by a public corporation
5 ☐ Other corporation (specify, below)

If the type of corporation changed during the tax year, provide the effective date of the change ...... **043** | Year Month Day

### To which tax year does this return apply?

| | Tax year start | | Tax year end |
|---|---|---|---|
| | Year Month Day | | Year Month Day |
| **060** | 2016/01/01 | **061** | 2016/12/31 |

Has there been an acquisition of control resulting in the application of subsection 249(4) since the tax year start on line 060? ........ **063** 1 Yes ☐ 2 No ☒

If yes, provide the date control was acquired ..................... **065** | Year Month Day

Is the date on line 061 a deemed tax year-end according to subsection 249(3.1)? ............... **066** 1 Yes ☐ 2 No ☒

Is the corporation a professional corporation that is a member of a partnership? ..................... **067** 1 Yes ☐ 2 No ☒

Is this the first year of filing after:
Incorporation? .................... **070** 1 Yes ☐ 2 No ☒
Amalgamation? .................... **071** 1 Yes ☐ 2 No ☒
If yes, complete lines 030 to 038 and attach Schedule 24.

Has there been a wind-up of a subsidiary under section 88 during the current tax year? ............... **072** 1 Yes ☐ 2 No ☒
If yes, complete and attach Schedule 24.

Is this the final tax year before amalgamation? .................. **076** 1 Yes ☐ 2 No ☒

Is this the final return up to dissolution? ..................... **078** 1 Yes ☐ 2 No ☒

If an election was made under section 261, state the functional currency used ............. **079**

Is the corporation a resident of Canada? **080** 1 Yes ☒ 2 No ☐
If no, give the country of residence on line 081 and complete and attach Schedule 97.
**081**

Is the non-resident corporation claiming an exemption under an income tax treaty? ..................... **082** 1 Yes ☐ 2 No ☐
If yes, complete and attach Schedule 91.

If the corporation is exempt from tax under section 149, tick one of the following boxes:
**085** 1 ☐ Exempt under paragraph 149(1)(e) or (l)
2 ☐ Exempt under paragraph 149(1)(j)
3 ☐ Exempt under paragraph 149(1)(t)
4 ☐ Exempt under other paragraphs of section 149

**Do not use this area**

**095** | **096** | **898**

**Canada**

T2 E (16)   (Vous pouvez obtenir ce formulaire en français à arc.gc.ca/formulaires ou en composant le 1-800-959-7775.)

Version 2016.4.5 GP65 - RETAIN ON FILE. DO NOT SUBMIT TO THE CRA.

Page 1 of 9

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:34 AM

## Attachments

**Protected B** when completed

**Financial statement information:** Use GIFI schedules 100, 125, and 141.

**Schedules** – Answer the following questions. For each **yes** response, **attach** the schedule to the T2 return, unless otherwise instructed.

| Question | Code | Yes | Schedule |
|---|---|---|---|
| Is the corporation related to any other corporations? | 150 | | 9 |
| Is the corporation an associated CCPC? | 160 | | 23 |
| Is the corporation an associated CCPC that is claiming the expenditure limit? | 161 | | 49 |
| Does the corporation have any non-resident shareholders who own voting shares? | 151 | | 19 |
| Has the corporation had any transactions, including section 85 transfers, with its shareholders, officers, or employees, other than transactions in the ordinary course of business? Exclude non-arm's length transactions with non-residents | 162 | | 11 |
| If you answered **yes** to the above question, and the transaction was between corporations not dealing at arm's length, were all or substantially all of the assets of the transferor disposed of to the transferee? | 163 | | 44 |
| Has the corporation paid any royalties, management fees, or other similar payments to residents of Canada? | 164 | | 14 |
| Is the corporation claiming a deduction for payments to a type of employee benefit plan? | 165 | | 15 |
| Is the corporation claiming a loss or deduction from a tax shelter? | 166 | | T5004 |
| Is the corporation a member of a partnership for which a partnership account number has been assigned? | 167 | | T5013 |
| Did the corporation, a foreign affiliate controlled by the corporation, or any other corporation or trust that did not deal at arm's length with the corporation have a beneficial interest in a non-resident discretionary trust (without reference to section 94)? | 168 | | 22 |
| Did the corporation own any shares in one or more foreign affiliates in the tax year? | 169 | | 25 |
| Has the corporation made any payments to non-residents of Canada under subsections 202(1) and/or 105(1) of the *Income Tax Regulations*? | 170 | | 29 |
| Did the corporation have a total amount over $1 million of reportable transactions with non-arm's length non-residents? | 171 | | T106 |
| For private corporations: Does the corporation have any shareholders who own 10% or more of the corporation's common and/or preferred shares? | 173 | X | 50 |
| | 172 | | |
| Has the corporation made payments to, or received amounts from, a retirement compensation plan arrangement during the year? | 180 | | 88 |
| Does the corporation earn income from one or more Internet webpages or websites? | 201 | X | 1 |
| Is the net income/loss shown on the financial statements different from the net income/loss for income tax purposes? | 202 | | 2 |
| Has the corporation made any charitable donations; gifts of cultural or ecological property; or gifts of medicine? | 203 | | 3 |
| Has the corporation received any dividends or paid any taxable dividends for purposes of the dividend refund? | 204 | | 4 |
| Is the corporation claiming any type of losses? | | | |
| Is the corporation claiming a provincial or territorial tax credit or does it have a permanent establishment in more than one jurisdiction? | 205 | X | 5 |
| Has the corporation realized any capital gains or incurred any capital losses during the tax year? | 206 | | 6 |
| i) Is the corporation claiming the small business deduction and reporting income from: a) property (other than dividends deductible on line 320 of the T2 return), b) a partnership, c) a foreign business, or d) a personal services business; or ii) does the corporation have aggregate investment income at line 440? | 207 | X | 7 |
| Does the corporation have any property that is eligible for capital cost allowance? | 208 | X | 8 |
| Does the corporation have any property that is eligible capital property? | 210 | X | 10 |
| Does the corporation have any resource-related deductions? | 212 | | 12 |
| Is the corporation claiming deductible reserves (other than transitional reserves under section 34.2)? | 213 | | 13 |
| Is the corporation claiming a patronage dividend deduction? | 216 | | 16 |
| Is the corporation a credit union claiming a deduction for allocations in proportion to borrowing or an additional deduction? | 217 | | 17 |
| Is the corporation an investment corporation or a mutual fund corporation? | 218 | | 18 |
| Is the corporation carrying on business in Canada as a non-resident corporation? | 220 | | 20 |
| Is the corporation claiming any federal, provincial, or territorial foreign tax credits, or any federal logging tax credits? | 221 | | 21 |
| Does the corporation have any Canadian manufacturing and processing profits? | 227 | | 27 |
| Is the corporation claiming an investment tax credit? | 231 | | 31 |
| Is the corporation claiming any scientific research and experimental development (SR&ED) expenditures? | 232 | | T661 |
| Is the total taxable capital employed in Canada of the corporation and its related corporations over $10,000,000? | 233 | | 33/34/35 |
| Is the total taxable capital employed in Canada of the corporation and its associated corporations over $10,000,000? | 234 | | |
| Is the corporation claiming a surtax credit? | 237 | | 37 |
| Is the corporation subject to gross Part VI tax on capital of financial institutions? | 238 | | 38 |
| Is the corporation claiming a Part I tax credit? | 242 | | 42 |
| Is the corporation subject to Part IV.1 tax on dividends received on taxable preferred shares or Part VI.1 tax on dividends paid? | 243 | | 43 |
| Is the corporation agreeing to a transfer of the liability for Part VI.1 tax? | 244 | | 45 |
| Is the corporation subject to Part II – Tobacco Manufacturers' surtax? | 249 | | 46 |
| For financial institutions: Is the corporation a member of a related group of financial institutions with one or more members subject to gross Part VI tax? | 250 | | 39 |
| Is the corporation claiming a Canadian film or video production tax credit refund? | 253 | | T1131 |
| Is the corporation claiming a film or video production services tax credit refund? | 254 | | T1177 |
| Is the corporation subject to Part XIII.1 tax? (Show your calculations on a sheet that you identify as Schedule 92.) | 255 | | 92 |

Version 2016.4.5  GP65 - RETAIN ON FILE. DO NOT SUBMIT TO THE CRA.

Page 2 of 9

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:34 AM

**Protected B** when completed

### Attachments (continued)

| | | |
|---|---|---|
| Did the corporation have any foreign affiliates in the tax year? | 271 ☐ | T1134 |
| Did the corporation own or hold specified foreign property where the total cost amount of all such property, at any time in the year, was more than CAN$100,000? | 259 ☐ | T1135 |
| Did the corporation transfer out property or loan property to a non-resident trust? | 260 ☐ | T1141 |
| Did the corporation receive a distribution from or was it indebted to a non-resident trust in the year? | 261 ☐ | T1142 |
| Has the corporation entered into an agreement to allocate assistance for SR&ED carried out in Canada? | 262 ☐ | T1145 |
| Has the corporation entered into an agreement to transfer qualified expenditures incurred in respect of SR&ED contracts? | 263 ☐ | T1146 |
| Has the corporation entered into an agreement with other associated corporations for salary or wages of specified employees for SR&ED? | 264 ☐ | T1174 |
| Did the corporation pay taxable dividends (other than capital gains dividends) in the tax year? | 265 ☐ | 55 |
| Has the corporation made an election under subsection 89(11) not to be a CCPC? | 266 ☐ | T2002 |
| Has the corporation revoked any previous election made under subsection 89(11)? | 267 ☐ | T2002 |
| Did the corporation (CCPC or deposit insurance corporation (DIC)) pay eligible dividends, or did its general rate income pool (GRIP) change in the tax year? | 268 ☐ | 53 |
| Did the corporation (other than a CCPC or DIC) pay eligible dividends, or did its low rate income pool (LRIP) change in the tax year? | 269 ☐ | 54 |

### Additional information

| | | | |
|---|---|---|---|
| Did the corporation use the International Financial Reporting Standards (IFRS) when it prepared its financial statements? | 270 | 1 Yes ☐ | 2 No ☒ |
| Is the corporation inactive? | 280 | 1 Yes ☐ | 2 No ☒ |

Specify the principal products mined, manufactured, sold, constructed, or services provided, giving the approximate percentage of the total revenue that each product or service represents.

| | | | |
|---|---|---|---|
| 284 | SOFTWARE DEVELOPMENT | 285 | 100.000 % |
| 286 | | 287 | % |
| 288 | | 289 | % |

| | | | |
|---|---|---|---|
| Did the corporation immigrate to Canada during the tax year? | 291 | 1 Yes ☐ | 2 No ☒ |
| Did the corporation emigrate from Canada during the tax year? | 292 | 1 Yes ☐ | 2 No ☒ |
| Do you want to be considered as a quarterly instalment remitter if you are eligible? | 293 | 1 Yes ☐ | 2 No ☐ |

If the corporation was eligible to remit instalments on a quarterly basis for part of the tax year, provide the date the corporation ceased to be eligible  **294** | Year Month Day |

| | | | |
|---|---|---|---|
| If the corporation's major business activity is construction, did you have any subcontractors during the tax year? | 295 | 1 Yes ☐ | 2 No ☐ |

### Taxable income

| | | | |
|---|---|---|---|
| Net income or (loss) for income tax purposes from Schedule 1, financial statements, or GIFI | 300 | 498,655 | A |

**Deduct:**

| | | |
|---|---|---|
| Charitable donations from Schedule 2 | 311 | |
| Cultural gifts from Schedule 2 | 313 | |
| Ecological gifts from Schedule 2 | 314 | |
| Gifts of medicine from Schedule 2 | 315 | |
| Taxable dividends deductible under section 112 or 113, or subsection 138(6) from Schedule 3 | 320 | |
| Part VI.1 tax deduction* | 325 | |
| Non-capital losses of previous tax years from Schedule 4 | 331 | |
| Net capital losses of previous tax years from Schedule 4 | 332 | |
| Restricted farm losses of previous tax years from Schedule 4 | 333 | |
| Farm losses of previous tax years from Schedule 4 | 334 | |
| Limited partnership losses of previous tax years from Schedule 4 | 335 | |
| Taxable capital gains or taxable dividends allocated from a central credit union | 340 | |
| Prospector's and grubstaker's shares | 350 | |

| | | |
|---|---|---|
| Subtotal ▶ | | B |
| Subtotal (amount A minus amount B) (if negative, enter "0") | 498,655 | C |

| | | | |
|---|---|---|---|
| Section 110.5 additions or subparagraph 115(1)(a)(vii) additions | 355 | | D |
| **Taxable income** (amount C plus amount D) | 360 | 498,655 | |
| Income exempt under paragraph 149(1)(t) | 370 | | |
| **Taxable income** for a corporation with exempt income under paragraph 149(1)(t) (line 360 minus line 370) | | | Z |

\* This amount is equal to 3.5 times the Part VI.1 tax payable at line 724 on page 9.

LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:34 AM

## Small business deduction

**Protected B** when completed

**Canadian-controlled private corporations (CCPCs) throughout the tax year**

| | | |
|---|---|---|
| Income from active business carried on in Canada from Schedule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . | 400 | 489,917 A |
| Taxable income from line 360 on page 3, minus 100/28 of the amount on line 632* on page 8, minus 4 times the amount on line 636** on page 8, and minus any amount that, because of federal law, is exempt from Part I tax . . . . . . . . . . . . . . . . . . | 405 | 498,655 B |
| Business limit (see notes 1 and 2 below) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 410 | 500,000 C |

Notes:

1. For CCPCs that are not associated, enter $500,000 on line 410. However, if the corporation's tax year is less than 51 weeks, prorate this amount by the number of days in the tax year divided by 365, and enter the result on line 410.

2. For associated CCPCs, use Schedule 23 to calculate the amount to be entered on line 410.

**Business limit reduction:**

Amount C $\underline{\hspace{0.5cm}500,000\hspace{0.5cm}}$ × 415 *** $\dfrac{D}{11,250}$ = . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . E

| | | |
|---|---|---|
| Reduced business limit (amount C **minus** amount E) (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . | 425 | 500,000 F |
| Business limit the CCPC assigns under subsection 125(3.2) (from total of amounts M below) . . . . . . . . . . . . . . . . . . . . | | G |
| Amount F **minus** amount G . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 500,000 H |

**Small business deduction**

| | | | | | | |
|---|---|---|---|---|---|---|
| Amount A, B, C, or H, whichever is the least | 489,917 | × | Number of days in the tax year before January 1, 2016 | | × 17% = | 1 |
| | | | Number of days in the tax year | 366 | | |
| Amount A, B, C, or H, whichever is the least | 489,917 | × | Number of days in the tax year after December 31, 2015 | 366 | × 17.5% = | 85,735 2 |
| | | | Number of days in the tax year | 366 | | |
| | | | Total of amounts 1 and 2 (enter amount I on line J on page 8) | 430 | | 85,735 I |

\* Calculate the amount of foreign non-business income tax credit deductible on line 632 without reference to the refundable tax on the CCPC's investment income (line 604) and without reference to the corporate tax reductions under section 123.4.

\*\* Calculate the amount of foreign business income tax credit deductible on line 636 without reference to the corporation tax reductions under section 123.4.

\*\*\* **Large corporations**
   • If the corporation is not associated with any corporations in both the current and previous tax years, the amount to be entered on line 415 is: (total taxable capital employed in Canada for the prior year minus $10,000,000) x 0.225%.
   • If the corporation is not associated with any corporations in the current tax year, but was associated in the previous tax year, the amount to be entered on line 415 is: (total taxable capital employed in Canada for the current year minus $10,000,000) x 0.225%.
   • For corporations associated in the current tax year, see Schedule 23 for the special rules that apply.

**Specified corporate income and assignment under subsection 125(3.2)**

| | J | K | L | M |
|---|---|---|---|---|
| | Name of corporation receiving the income and assigned amount | Business number of the corporation | Income for the small business deduction given to the corporation identified in column J [under clause 125(1)(a)(i)(B)] [3] | Business limit assigned to corporation identified in column J [4] |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| | | | Total | Total |

Notes:

3. This amount is [as defined in subsection 125(7) **specified corporate income** (a)(i)] the total of all amounts each of which is income from an active business of the corporation for the year from the provision of services or property to a private corporation (directly or indirectly, in any manner whatever) if

   (A) at any time in the year, the corporation (or one of its shareholders) or a person who does not deal at arm's length with the corporation (or one of its shareholders) holds a direct or indirect interest in the private corporation, and

   (B) it is not the case that all or substantially all of the corporation's income for the year from an active business is from the provision of services or property to

      (i) persons (other than the private corporation) with which the corporation deals at arm's length, or
      (ii) partnerships with which the corporation deals at arm's length, other than a partnership in which a person that does not deal at arm's length with the corporation holds a direct or indirect interest.

4. The amount of the business limit you assign cannot be greater than the amount in column L.

LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:34 AM

Protected B when completed

## General tax reduction for Canadian-controlled private corporations

**Canadian-controlled private corporations throughout the tax year**

| | | |
|---|---|---|
| Taxable income from page 3 (line 360 or amount Z, whichever applies) ............................................ | | 498,655 A |
| Lesser of amounts B9 and H9 from Part 9 of Schedule 27 .............................. | | B |
| Amount K13 from Part 13 of Schedule 27 .......................................... | | C |
| Personal services business income ............................................... 432 | | D |
| Amount used to calculate the credit union deduction (amount F from Schedule 17) ............. | | E |
| Amount from line 400, 405, 410, or Amount H on page 4, whichever is the least ............... | 489,917 F | |
| Aggregate investment income from line 440 on page 6* ................................... | 8,738 G | |
| Subtotal (add amounts B to G) | 498,655 ➤ | 498,655 H |
| Amount A minus amount H (if negative, enter "0") ........................................................... | | I |
| General tax reduction for Canadian-controlled private corporations – Amount I multiplied by 13% ...................... Enter amount J on line 638 on page 8. | | J |

* Except for a corporation that is, throughout the year, a cooperative corporation (within the meaning assigned by subsection 136(2)) or a credit union.

## General tax reduction

**Do not complete this area if you are a Canadian-controlled private corporation, an investment corporation, a mortgage investment corporation, a mutual fund corporation, or any corporation with taxable income that is not subject to the corporation tax rate of 38%.**

| | | |
|---|---|---|
| Taxable income from page 3 (line 360 or amount Z, whichever applies) ........................................... | | K |
| Lesser of amounts B9 and H9 from Part 9 of Schedule 27 .............................. | | L |
| Amount K13 from Part 13 of Schedule 27 .......................................... | | M |
| Personal services business income ............................................... 434 | | N |
| Amount used to calculate the credit union deduction (amount F from Schedule 17) ............ | | O |
| Subtotal (add amounts L to O) | ➤ | P |
| Amount K minus amount P (if negative, enter "0") ........................................................... | | Q |
| General tax reduction – Amount Q multiplied by 13% .......................................................... Enter amount R on line 639 on page 8. | | R |

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:34 AM

**Protected B** when completed

## Refundable portion of Part I tax

**Canadian-controlled private corporations throughout the tax year**

Aggregate investment income from Schedule 7 .................................... | 440 | 8,738 A

| Amount A | 8,738 × | Number of days in the tax year before January 1, 2016 | | × 26.67 % = | 1 |
| | | Number of days in the tax year | 366 | | |

| Amount A | 8,738 × | Number of days in the tax year after December 31, 2015 | 366 | × 30.67 % = | 2,680 2 |
| | | Number of days in the tax year | 366 | | |

Subtotal (amount 1 plus amount 2)   2,680 ▶         2,680 B

Foreign investment income from Schedule 7 ...................................... | 445 | C

| Amount C | × | Number of days in the tax year before January 1, 2016 | | × 9.33 % = | 3 |
| | | Number of days in the tax year | 366 | | |

| Amount C | × | Number of days in the tax year after December 31, 2015 | 366 | × 8.00 % = | 4 |
| | | Number of days in the tax year | 366 | | |

Subtotal (amount 3 plus amount 4)   D

Foreign non-business income tax credit from line 632 on page 8 minus amount D (if negative, enter "0")..................... E
Amount B minus amount E (if negative, enter "0") ................................................ 2,680 F

Foreign non-business income tax credit from line 632 on page 8 ............................... G

| Number of days in the tax year before January 1, 2016 | | × 35.00 = | ...................... | 5 |
| Number of days in the tax year | 366 | | | |

| Number of days in the tax year after December 31, 2015 | 366 | × 38.67 = | ...................... | 38.6667 6 |
| Number of days in the tax year | 366 | | | |

Subtotal (amount 5 plus amount 6)   38.6667 H

| Amount G | × | 100 | = | 100 | ............... | I |
| | | H | | 38.6667 | | |

Taxable income from line 360 on page 3 ................................................ 498,655 J

**Deduct:**

Amount from line 400, 405, 410, or Amount H on page 4, whichever is the least   489,917 K
Amount I ............................................................... L
Foreign business income tax credit from line 636 on page 8   × 4 = ...... M
Subtotal (total of amounts K to M)   489,917 ▶   489,917 N
Subtotal (amount J minus amount N)   8,738 O

| Amount O | 8,738 × | Number of days in the tax year before January 1, 2016 | | × 26.67 % = | 7 |
| | | Number of days in the tax year | 366 | | |

| Amount O | 8,738 × | Number of days in the tax year after December 31, 2015 | 366 | × 30.67 % = | 2,680 8 |
| | | Number of days in the tax year | 366 | | |

Subtotal (amount 7 plus amount 8)   2,680 ▶   2,680 P

Part I tax payable **minus** investment tax credit refund (line 700 minus line 780 from page 9) ............................... 54,820 Q

**Refundable portion of Part I tax** – Amount F, P, or Q, whichever is the least ...................................... | 450 | 2,680 R

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:34 AM

**Protected B** when completed

— **Refundable dividend tax on hand** —

| | | | | |
|---|---|---|---:|---:|
| Refundable dividend tax on hand at the end of the previous tax year ................. | **460** | | 48 | |
| Deduct: | | | | |
| Dividend refund for the previous tax year ....................................... | **465** | | | |
| | | | 48 ▶ | 48 A |
| Add the total of: | | | | |
| Refundable portion of Part I tax from line 450 on page 6 ........................... | | | 2,680 | B |
| Total Part IV tax payable from Schedule 3 ....................................... | | | | C |
| Net refundable dividend tax on hand transferred from a predecessor corporation on amalgamation, or from a wound-up subsidiary corporation ...................... | **480** | | | |
| | | | 2,680 ▶ | 2,680 D |
| Refundable dividend tax on hand at the end of the tax year – Amount A plus amount D ......................... | | **485** | | 2,728 |

— **Dividend refund** —

**Private and subject corporations at the time taxable dividends were paid in the tax year**

Taxable dividends paid in the tax year from line 460 on page 3 of Schedule 3 .............. _____ E

| | | | | | | |
|---|---|---|---|---|---|---|
| Amount E _____ | × | Number of days in the tax year before January 1, 2016 | | × 33.33 % = | _____ | 1 |
| | | Number of days in the tax year | 366 | | | |
| Amount E _____ | × | Number of days in the tax year after December 31, 2015 | 366 | × 38.33 % = | _____ | 2 |
| | | Number of days in the tax year | 366 | | | |

Subtotal (amount 1 plus amount 2) _____ ▶ _____ F

Refundable dividend tax on hand at the end of the tax year from line 485 above ......................................... 2,728 G

**Dividend refund** – Amount F or G, whichever is less ................................................................. H
Enter amount H on line 784 on page 9.

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:34 AM

**Protected B** when completed

---

## Part I tax

Base amount Part I tax – Taxable income from page 3 (line 360 or amount Z, whichever applies) **multiplied by 38%** . . . . . . | 550 | | 189,489 A

**Personal services business income tax (section 123.5)**

| | | | Number of days in the tax year | | | 560 | | |
|---|---|---|---|---|---|---|---|---|
| Taxable income from a personal services business | 555 | | × after December 31, 2015 | 366 | × 5.00 %= | | · | B |
| | | | Number of days in the tax year | 366 | | | | |

Recapture of investment tax credit from Schedule 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 602 | | C

**Calculation for the refundable tax on the Canadian-controlled private corporation's (CCPC) investment income**
(if it was a CCPC throughout the tax year)

Aggregate investment income from line 440 on page 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,738 D

Taxable income from line 360 on page 3 . . . . . . . . . . . . . . . . . . . . 498,655 E
Deduct:
Amount from line 400, 405, 410, or Amount H on page 4, whichever
is the least . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 489,917 F

Net amount (amount E minus amount F) 8,738 ▶ 8,738 G

| Amount D or G, whichever is less | 8,738 × | Number of days in the tax year before January 1, 2016 | | × 6.67 %= | 1 |
|---|---|---|---|---|---|
| | | Number of days in the tax year | 366 | | |

| Amount D or G, whichever is less | 8,738 × | Number of days in the tax year after December 31, 2015 | 366 | ×10.67 % = | 932 2 |
|---|---|---|---|---|---|
| | | Number of days in the tax year | 366 | | |

Refundable tax on CCPC's investment income (amount **1 plus** amount 2) . . . . . . . . . . . . . . | 604 | 932 ▶ | 932 H

Subtotal (add amounts A, B, C, and H) 190,421 I

Deduct:

| | | | |
|---|---|---|---|
| Small business deduction from line 430 on page 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 85,735 J | |
| Federal tax abatement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 608 | 49,866 | |
| Manufacturing and processing profits deduction from Schedule 27 . . . . . . . . . . . . . . . . . . . . . | 616 | — | |
| Investment corporation deduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 620 | | |
| Taxed capital gains | 624 | | | |
| Additional deduction – credit unions from Schedule 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 628 | | |
| Federal foreign non-business income tax credit from Schedule 21 . . . . . . . . . . . . . . . . . . . . . . | 632 | | |
| Federal foreign business income tax credit from Schedule 21 . . . . . . . . . . . . . . . . . . . . . . . | 636 | | |
| General tax reduction for CCPCs from amount J on page 5 . . . . . . . . . . . . . . . . . . . . . . . . . | 638 | | |
| General tax reduction from amount R on page 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 639 | | |
| Federal logging tax credit from Schedule 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 640 | | |
| Eligible Canadian bank deduction under section 125.21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 641 | — | |
| Federal qualifying environmental trust tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 648 | | |
| Investment tax credit from Schedule 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 652 | | |
| | Subtotal | 135,601 ▶ | 135,601 K |

Part I tax payable – Amount I minus amount K . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54,820 L
Enter amount L on line 700 on page 9.

---

## Privacy statement

Personal information is collected under the *Income Tax Act* to administer tax, benefits, and related programs. It may also be used for any purpose related to the administration or enforcement of the Act such as audit, compliance and the payment of debts owed to the Crown. It may be shared or verified with other federal, provincial/territorial government institutions to the extent authorized by law. Failure to provide this information may result in interest payable, penalties or other actions. Under the *Privacy Act*, individuals have the right to access their personal information and request correction if there are errors or omissions. Refer to Info Source cra.gc.ca/gncy/tp/nfsrc/nfsrc-eng.html, personal information bank CRA PPU 047.

LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:34 AM

**Protected B** when completed

## Summary of tax and credits

**Federal tax**

| | | | |
|---|---|---|---|
| Part I tax payable from amount L on page 8 | 700 | 54,820 |
| Part II surtax payable from Schedule 46 | 708 | |
| Part III.1 tax payable from Schedule 55 | 710 | |
| Part IV tax payable from Schedule 3 | 712 | . |
| Part IV.1 tax payable from Schedule 43 | 716 | |
| Part VI tax payable from Schedule 38 | 720 | |
| Part VI.1 tax payable from Schedule 43 | 724 | |
| Part XIII.1 tax payable from Schedule 92 | 727 | |
| Part XIV tax payable from Schedule 20 | 728 | |
| Total federal tax | | 54,820 |

**Add provincial or territorial tax:**

Provincial or territorial jurisdiction . . . . . . . . . . . . . . . . . 750 ON
(If more than one jurisdiction, enter "multiple" and complete Schedule 5)

| | | |
|---|---|---|
| Net provincial or territorial tax payable (except Quebec and Alberta) | 760 | 18,323 |
| Total tax payable | 770 | 73,143 A |

**Deduct other credits:**

| | | |
|---|---|---|
| Investment tax credit refund from Schedule 31 | 780 | |
| Dividend refund from amount H on page 7 | 784 | |
| Federal capital gains refund from Schedule 18 | 788 | |
| Federal qualifying environmental trust tax credit refund | 792 | |
| Canadian film or video production tax credit refund (Form T1131) | 796 | |
| Film or video production services tax credit refund (Form T1177) | 797 | |
| Tax withheld at source | 800 | |
| Total payments on which tax has been withheld | 801 | |
| Provincial and territorial capital gains refund from Schedule 18 | 808 | |
| Provincial and territorial refundable tax credits from Schedule 5 | 812 | |
| Tax instalments paid | 840 | |
| Total credits | 890 | B |

Balance (amount A minus amount B) _____ 73,143

Refund code 894 ☐    Overpayment _____

### Direct deposit request

To have the corporation's refund deposited directly into the corporation's bank account at a financial institution in Canada, or to change banking information you already gave us, complete the information below:

☐ Start    ☐ Change information    910 _____
                                          Branch number
914 _____    918 _____
Institution number    Account number

If the result is positive, you have a **balance unpaid**.
If the result is negative, you have an **overpayment**. Enter the amount on whichever line applies.
Generally, we do not charge or refund a difference of $2 or less.

Balance unpaid . . . . . . . . . _____ 73,143 ◄

For information on how to make your payment, go to cra.gc.ca/payments.

| | | | |
|---|---|---|---|
| If the corporation is a Canadian-controlled private corporation throughout the tax year, does it qualify for the one-month extension of the date the balance of tax is due? | 896 | 1 Yes [X]    2 No ☐ |
| If this return was prepared by a tax preparer for a fee, provide their EFILE number | 920 | A6656 |

## Certification

I, 950 LARSEN    951 BJORN    954 DIRECTOR
  Last name        First name     Position, office, or rank

am an authorized signing officer of the corporation. I certify that I have examined this return, including accompanying schedules and statements, and that the information given on this return is, to the best of my knowledge, correct and complete. I also certify that the method of calculating income for this tax year is consistent with that of the previous tax year except as specifically disclosed in a statement attached to this return.

955 2017/05/15 _____    956 (416) 798-4997
Date (yyyy/mm/dd)    Signature of the authorized signing officer of the corporation    Telephone number

Is the contact person the same as the authorized signing officer? If no, complete the information below . . . . . . . . . . 957 1 Yes ☐    2 No [X]

958 STEPHEN ROSENBERG    959 (416) 798 - 4997
Name of other authorized person    Telephone number

## Language of correspondence – Langue de correspondance

Indicate your language of correspondence by entering 1 for English or 2 for French.
Indiquez votre langue de correspondance en inscrivant 1 pour anglais ou 2 pour français.    990 [1]

LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:34 AM

 Canada Revenue Agency / Agence du revenu du Canada

**Schedule 1**
Code 1601
**Protected B**
when completed

## Net Income (Loss) for Income Tax Purposes

| Corporation's name | Business number | Tax year-end | | |
|---|---|---|---|---|
| | | Year | Month | Day |
| LEAN SOFTWARE SERVICES, INC. | 85847 8530 RC 0001 | 2 0 1 6 | 1 2 | 3 1 |

• The purpose of this schedule is to provide a reconciliation between the corporation's net income (loss) as reported on the financial statements and its net income (loss) for tax purposes. For more information, see the *T2 Corporation Income Tax Guide*.

• All legislative references are to the *Income Tax Act*.

| | | | | |
|---|---|---:|---|---:|
| Amount calculated on line 9999 from Schedule 125 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | 413,172 **A** |
| **Add:** | | | | |
| Provision for income taxes -- current . . . . . . . . . . . . . . . . . . . . . | **101** | 73,143 | | |
| Provision for income taxes -- deferred . . . . . . . . . . . . . . . . . . . . . | **102** | | | |
| Interest and penalties on taxes. . . . . . . . . . . . . . . . . . . . . . . . . . . | **103** | 2,107 | | |
| Amortization of tangible assets. . . . . . . . . . . . . . . . . . . . . . . . . . . | **104** | 11,957 | | |
| Amortization of natural resource assets . . . . . . . . . . . . . . . . . . . . . | **105** | | | |
| Amortization of intangible assets . . . . . . . . . . . . . . . . . . . . . . . . . | **106** | | | |
| Recapture of capital cost allowance from Schedule 8 . . . . . . . . . . . | **107** | | | |
| Gain on sale of eligible capital property from Schedule 10 . . . . . . . . . . . . . . . . . . . . | **108** | | | |
| Loss in equity of subsidiaries and affiliates. . . . . . . . . . . . . . . . . . . . . . . . . . . . | **110** | | | |
| Loss on disposal of assets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **111** | | | |
| Charitable donations and gifts from Schedule 2 . . . . . . . . . . . . . . . . . . . . . . . | **112** | | | |
| Taxable capital gains from Schedule 6 . . . . . . . . . . . . . . . . . . . . . . | **113** | | | |
| Political donations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **114** | | | |
| Holdbacks. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **115** | | | |
| Deferred and prepaid expenses . . . . . . . . . . . . . . . . . . . . . . . . . . | **116** | | | |
| Depreciation in inventory -- end of year . . . . . . . . . . . . . . . . . . . . | **117** | | | |
| Scientific research expenditures deducted per financial statements. . . . . . . . . . . . . . . | **118** | | | |
| Capitalized interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **119** | | | |
| Non-deductible club dues and fees. . . . . . . . . . . . . . . . . . . . . . . . | **120** | | | |
| Non-deductible meals and entertainment expenses . . . . . . . . . . . . . . . . . . . . . | **121** | 7,722 | | |
| Non-deductible automobile expenses. . . . . . . . . . . . . . . . . . . . . . | **122** | | | |
| Non-deductible life insurance premiums. . . . . . . . . . . . . . . . . . . . | **123** | | | |
| Non-deductible company pension plans. . . . . . . . . . . . . . . . . . . . | **124** | | | |
| Other reserves on lines 270 and 275 from Schedule 13. . . . . . . . . . . . . . . . | **125** | | | |
| Reserves from financial statements -- balance at the end of the year. . . . . . . . . . . . . . | **126** | | | |
| Soft costs on construction and renovation of buildings. . . . . . . . . . . . . . . . . . . | **127** | | | |
| Non-deductible fines and penalties under section 67.6. . . . . . . . . . . . . . . . . | **128** | | | |
| Income or loss for tax purposes -- partnerships . . . . . . . . . . . . . . . . . . . . . . . | **129** | | | |
| Amounts calculated under section 34.2 from Schedule 73 . . . . . . . . . . . . . . . | **130** | | | |
| Income shortfall adjustment and additional amount from Schedule 73 . . . . . . . . . . . . | **131** | | | |
| Income or loss for tax purposes -- joint ventures. . . . . . . . . . . . . . . . . . . . . . | **132** | | | |
| Total of additions from line F on Page 3 . . . . . . . . . . . . . . . . . . . . . | **199** | 2,565 | | |
| **Total (lines 101 to 199)** | **500** | 97,494 | ▶ | 97,494 **B** |

T2 SCH 1 E (16)     (Vous pouvez obtenir ce formulaire en français à arc.gc.ca/formulaires ou en composant le 1-800-959-7775)
Version 2016.4.5 GP65 - RETAIN ON FILE. DO NOT SUBMIT TO THE CRA.



Page 1 of 3

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:34 AM

**Protected B**
when completed

| | | | |
|---|---|---|---|
| Amount A plus amount B . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 510,666 **C** |
| **Deduct:** | | | |
| Gain on disposal of assets per financial statements . . . . . . . . . . . . . . . . . . . . . . . . . . | 401 | | |
| Non-taxable dividends under section 83 from Schedule 3 . . . . . . . . . . . . . . . . . . . . . . | 402 | | |
| Capital cost allowance from Schedule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 403 | 11,957 | |
| Terminal loss from Schedule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 404 | | |
| Cumulative eligible capital deduction from Schedule 10 . . . . . . . . . . . . . . . . . . . . . . . . | 405 | 54 | |
| Allowable business investment loss from Schedule 6 . . . . . . . . . . . . : . . . . . . . . . . . . | 406 | | |
| Foreign non-business tax deduction under subsection 20(12) . . . . . . . . . . . . . . . . . . | 407 | | |
| Holdbacks . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 408 | | |
| Deferred and prepaid expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 409 | | |
| Depreciation in inventory -- end of prior year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 410 | | |
| SR&ED expenditures claimed in the year on line 460 from Form T661 . . . . . . . . . . . . | 411 | | |
| Other reserves on line 280 from Schedule 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 413 | | |
| Reserves from financial statements---balance at the beginning of the year . . . . . . . . . | 414 | | |
| Patronage dividend deduction on line 116 from Schedule 16 . . . . . . . . . . . . . . . . . . . . | 416 | | |
| Contributions to deferred income plans from Schedule 15 . . . . . . . . . . . . . . . . . . . . . . | 417 | | |
| Total of deductions from line G on Page 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 499 | | |
| **Total (lines 401 to 499)** 510 | | 12,011 ▶ | 12,011 **D** |
| Net income (loss) for income tax purposes (amount C minus amount D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 498,655 **E** |
| Enter amount E on line 300 on page 3 of the T2 return. | | | |

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:34 AM

**Protected B**
when completed

**Add:**

| | | |
|---|---|---:|
| Accounts payable and accruals for cash basis – closing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 201 | |
| Accounts receivable and prepaid for cash basis – opening . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 202 | |
| Accrual inventory – opening . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 203 | |
| Accrued dividends – prior year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 204 | |
| Capital items expensed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 206 | |
| Debt issue expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 208 | |
| Deemed dividend income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 209 | |
| Deemed interest on loans to non-residents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 210 | |
| Deemed interest received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 211 | |
| Development expenses claimed in current year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 212 | |
| Dividend stop-loss adjustment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 213 | |
| Dividends credited to the investment account . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 214 | |
| Exploration expenses claimed in current year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 215 | |
| Financing fees deducted in books . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 216 | |
| Foreign accrual property income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 217 | |
| Foreign affiliate property income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 218 | |
| Foreign exchange included in retained earnings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 219 | 2,565 |
| Gain on settlement of debt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 220 | |
| Interest paid on income debentures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 221 | |
| Limited partnership losses from Schedule 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 222 | |
| Mandatory inventory adjustment – included in current year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 224 | |
| Non-deductible advertising . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 226 | |
| Non-deductible interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 227 | |
| Non-deductible legal and accounting fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 228 | |
| Optional value of inventory – included in current year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 229 | |
| Other expenses from financial statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 230 | |
| Recapture of SR&ED expenditures from Form T661 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 231 | |
| Resource amounts deducted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 232 | |
| Restricted farm losses – current year from Schedule 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 233 | |
| Sales tax assessments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 234 | |
| Share issue expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 235 | |
| Write-down of capital property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 236 | |
| Amounts received in respect of qualifying environmental trust per paragraphs 12(1)(z.1) and 12(1)(z.2) . . . . . . . . . . . | 237 | |
| Contractors' completion method adjustment: revenue net of costs on contracts under 2 years – previous year . . . . . . . | 238 | |
| Taxable/non-deductible other comprehensive income items . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 239 | |
| Book loss on joint ventures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 248 | |
| Book loss on partnerships . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 249 | |

**Other additions:**

| | 1<br>Description<br>605 | 2<br>Amount<br>295 |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

If you need more space, attach additional schedules.     Total of column 2     ▶ 296

| | | |
|---|---|---:|
| Total of lines 201 to 249 and line 296 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 2,565  F |
| Enter amount F on line 199 on page 1 | | |

    

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:33 AM

 **Canada Revenue** **Agence du revenu**
**Agency** **du Canada**

**Tax Calculation Supplementary – Corporations**

**Schedule 5**
Code 1501

**Protected B**
when completed

- Use this schedule if, during the tax year, the corporation:
  - had a permanent establishment in more than one jurisdiction
    (corporations that have no taxable income should only complete columns A, B, and D in Part 1);
  - is claiming provincial or territorial tax credits or rebates (see Part 2); or
  - has to pay taxes, other than income tax, for Newfoundland and Labrador, or Ontario (see Part 2).
- All legislative references mentioned in this schedule are from the *Income Tax Regulations*.
- For more information, see the *T2 Corporation – Income Tax Guide*.
- For the regulation number to be entered in field 100 of Part 1 on page 2, see the chart below.

| Regulation | Type of corporation | Type of entry in column B | Type of entry in column D |
|---|---|---|---|
| 402 | Corporations not specified below | Salaries and wages | Gross revenue |
| 403 | Insurance corporations | No entry required | Net premiums |
| 404 | Banks | Salaries and wages | Amount of loans and deposits |
| 405 | Trust and loan corporations | No entry required | Gross revenue |
| 406(1) (Note 1) | Railway corporations | Equated track miles/kilometres | Gross ton miles/kilometres |
| 406(2) (Note 1) | Railway corporations (Note 2) | The allocation depends on the line of business; see the appropriate regulation for the type of allocation required. | |
| 407 | Airline corporations | Capital cost of fixed assets (Note 3) | Revenue plane miles/kilometres (Note 4) |
| 408 | Grain elevator operators | Salaries and wages | Bushels of grain received |
| 409 | Bus and truck operators | Salaries and wages | Miles/kilometres driven |
| 410 (Note 5) | Ship operators | Salaries and wages (Note 6) | Port-call-tonnage |
| 411 | Pipeline operators | Salaries and wages | Miles/kilometres of pipeline |
| 412 | Divided businesses | The allocation depends on the line of business; see the appropriate regulation for the type of allocation required. | |
| 413 | Non-resident corporations | The allocation depends on the line of business; see the appropriate regulation for the type of allocation required. | |

Note 1: Enter brackets when completing field 100 in Part 1 for this regulation.
Note 2: Operating an airline service, ships, hotels, or receiving substantial revenues from petroleum or natural gas royalties.
Note 3: Exclude aircraft.
Note 4: Exclude miles/kilometres flown over the territorial waters of Canada.
Note 5: In Part 1, instead of taxable income, use the excess of taxable income over allocable income for the calculation in
column C and allocable income for the calculation in column E.
Note 6: Only where taxable income exceeds allocable income.

T2 SCH 5 E (15)     (Vous pouvez obtenir ce formulaire en français à **www.arc.gc.ca/formulaires** ou en composant le **1-800-959-7775**.)
Version 2016.4.5 GP65 - RETAIN ON FILE. DO NOT SUBMIT TO THE CRA.



Page 1 of 8

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:33 AM

## Tax Calculation Supplementary – Corporations

Schedule 5
Code 1501

**Protected B**
when completed

| Corporation's name | Business number | Tax year-end | | |
|---|---|---|---|---|
| | | Year | Month | Day |
| LEAN SOFTWARE SERVICES, INC. | 85847 8530 RC 0001 | 2 0 1 6 | 1 2 | 3 1 |

### Part 1 – Allocation of taxable income

**100** [ ]   Enter the regulation that applies (402 to 413) from page 1.

| A — Jurisdiction — Tick yes if the corporation had a permanent establishment in the jurisdiction during the tax year.* | B — Total salaries and wages paid in jurisdiction | C — (B × taxable income) ÷ G | D — Gross revenue attributable to jurisdiction | E — (D × taxable income) ÷ H | F — Allocation of taxable income (C + E) × 1/2** (where either G or H is nil, do not multiply by 1/2) |
|---|---|---|---|---|---|
| Newfoundland and Labrador **003** 1 Yes [ ] | 103 | | 143 | . | |
| Newfoundland and Labrador Offshore **004** 1 Yes [ ] | 104 | | 144 | | |
| Prince Edward Island **005** 1 Yes [ ] | 105 | | 145 | | |
| Nova Scotia **007** 1 Yes [ ] | 107 | | 147 | | |
| Nova Scotia Offshore **008** 1 Yes [ ] | 108 | | 148 | | |
| New Brunswick **009** 1 Yes [ ] | 109 | | 149 | | |
| Quebec **011** 1 Yes [ ] | 111 | | 151 | | |
| Ontario **013** 1 Yes [ ] | 113 | | 153 | | 498,655 |
| Manitoba **015** 1 Yes [ ] | 115 | | 155 | | |
| Saskatchewan **017** 1 Yes [ ] | 117 | | 157 | | |
| Alberta **019** 1 Yes [ ] | 119 | | 159 | | |
| British Columbia **021** 1 Yes [ ] | 121 | | 161 | | |
| Yukon **023** 1 Yes [ ] | 123 | | 163 | | |
| Northwest Territories **025** 1 Yes [ ] | 125 | | 165 | | |
| Nunavut **026** 1 Yes [ ] | 126 | | 166 | | |
| Outside Canada **027** 1 Yes [ ] | 127 | | 167 | | |
| Total | 129 G | | 169 H | | 498,655 |

\* "Permanent establishment" is defined in subsection 400(2).

\*\* For corporations other than those described under section 402, use the appropriate calculation described in the Regulations to allocate taxable income.

**Notes:**

1. After determining the allocation of taxable income, you have to calculate the corporation's provincial or territorial tax payable. For more information on how to calculate the tax for each province or territory, see the instructions for Schedule 5 in the T2 *Corporation – Income Tax Guide.*

2. If the corporation has provincial or territorial tax payable, complete Part 2 on the following pages.

3. If the corporation is a member of a partnership and the partnership had a permanent establishment in a jurisdiction, select the jurisdiction in Column A and include your proportionate share of the partnership's salaries and wages and gross revenue in columns B and D, respectively.

LEAN SOFTWARE SERVICES, INC.    CRA Business # 858478530    Year-end: 2016/12/31    Printed: 5/15/2017 11:11:33 AM

Schedule 5, Code 1501
**Protected B** when completed

---

**Part 2 – Provincial and territorial tax payable, tax credits, and rebates**

### Newfoundland and Labrador

Newfoundland and Labrador tax before credits (from Schedule 307) . . . . . . . . . . . . . . . `200` _____

**Add:** Newfoundland and Labrador offshore tax (from Schedule 307) . . . . . . . . . . . . . . . `205` _____

Gross Newfoundland and Labrador tax . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ ▶ _____ **A1**

**Deduct:**
Newfoundland and Labrador political contribution tax credit . . . . . . . . . . . . . . . . . . `500` _____
    Contribution . . . . . . . . . . . . . . . . . . . . . . . . . . `891` _____
Newfoundland and Labrador foreign tax credit (from Schedule 21) . . . . . . . . . . . . . . . `501` _____
Newfoundland and Labrador manufacturing and processing profits
tax credit (from Schedule 300) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . `503` _____
Newfoundland and Labrador venture capital tax credit (from Schedule 308) . . . . . . . . . . `504` _____
Newfoundland and Labrador direct equity tax credit (from Schedule 303) . . . . . . . . . . . `505` _____
Newfoundland and Labrador resort property investment tax credit (from Schedule 304) . . . . `507` _____
                                             Subtotal _____ ▶ _____ **B1**
       Subtotal (amount A1 minus amount B1) (if negative, enter "0") _____ **C1**

**Add:** Newfoundland and Labrador capital tax on financial institutions (from Schedule 305) . . . . . . . . . . . . . . . . . . . . . `518` _____

Total Newfoundland and Labrador tax payable before refundable credits (amount C1 plus amount on line 518) . . . . . . . . . . . . . _____ **D1**
(if negative, enter "0")

**Deduct:**
Newfoundland and Labrador research and development tax credit (from Schedule 301) . . . . `520` _____
Newfoundland and Labrador film and video industry tax credit * . . . . . . . . . . . . . . . . . `521` _____
    Certificate number . . . . . . . . . . . . . . . . . . . . . . . . `821` _____
Newfoundland and Labrador interactive digital media tax credit * . . . . . . . . . . . . . . . . `522` _____
    Certificate number . . . . . . . . . . . . . . . . . . . . . . . . `840` _____
                                        Subtotal _____ ▶ _____ **E1**

**Net Newfoundland and Labrador tax payable or refundable credit** (amount D1 minus amount E1) . . . . . . . . . . . . . . . `209` _____ **F1**
(if a credit, enter amount in brackets) Include this amount on line 255 on page 8.

* To claim the credit, file the original or a copy of the certificate with your T2 return. If you are filing your T2 return electronically, send the original or a copy of
the certificate to your tax centre.

---

### Prince Edward Island

Prince Edward Island tax before credits (from Schedule 322) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . `210` _____ **A2**

**Deduct:**
Prince Edward Island political contribution tax credit . . . . . . . . . . . . . . . . . . . . . . . `525` _____
    Contribution . . . . . . . . . . . . . . . . . . . . . . . . . . . `892` _____
Prince Edward Island foreign tax credit (from Schedule 21) . . . . . . . . . . . . . . . . . . . `528` _____
Prince Edward Island corporate investment tax credit (from Schedule 321) . . . . . . . . . . . `530` _____
                                        Subtotal _____ ▶ _____ **B2**

**Net Prince Edward Island tax payable** (amount A2 minus amount B2) (if negative, enter "0") . . . . . . . . . . . . . . . . . . `214` _____ **C2**
Include this amount on line 255 on page 8.

---

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:33 AM

Schedule 5, Code 1501
**Protected B** when completed

**Part 2 – Provincial and territorial tax payable, tax credits, and rebates (continued)**

**Nova Scotia**

Nova Scotia tax before credits (from Schedule 346) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . `215`

**Add:**
Nova Scotia offshore tax (from Schedule 346) . . . . . . . . . . . . . . . . . . . . . . . . . . . `220`
Recapture of Nova Scotia research and development tax credit (from Schedule 340) . . . . . . `221`
Gross Nova Scotia tax . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ **A3**

**Deduct:**
Nova Scotia political contribution tax credit . . . . . . . . . . . . . . . . . . . . . `550`
    Contribution . . . . . . . . . . . . . . . . . . . . . `893`
Nova Scotia foreign tax credit (from Schedule 21) . . . . . . . . . . . . . . . . . . . . . . . . . `554`
Nova Scotia corporate tax reduction for new small businesses * (from Schedule 341) . . . . . . `556`
    Certificate number . . . . . . . . . . . . . . . . . . . . . `834`
                    Subtotal ▶ **B3**

Total Nova Scotia tax payable before refundable credits (amount A3 minus amount B3) (if negative, enter "0") . . . . . . . . . . . . . . . **C3**

**Deduct:**
Nova Scotia film industry tax credit ** . . . . . . . . . . . . . . . . . . . . . `565`
    Certificate number . . . . . . . . . . . . . . . . . . . . . `836`
Nova Scotia research and development tax credit (from Schedule 340) . . . . . . . . . . . . . `566`
Nova Scotia digital media tax credit ** . . . . . . . . . . . . . . . . . . . . . . . . . . . `567`
    Certificate number . . . . . . . . . . . . . . . . . . . . . `838`
Nova Scotia capital investment tax credit *** . . . . . . . . . . . . . . . . . . . . . `568`
    Certificate number . . . . . . . . . . . . . . . . . . . . . `841`
Nova Scotia digital animation tax credit *** . . . . . . . . . . . . . . . . . . . . . `569`
    Certificate number . . . . . . . . . . . . . . . . . . . . . `839`
                    Subtotal ▶ **D3**

Net Nova Scotia tax payable or **refundable** credit (amount C3 minus amount D3) (if a credit, enter amount in brackets) . . `224` **E3**
Include this amount on line 255 on page 8.

\* The amount of Nova Scotia corporate tax reduction for new small businesses cannot be more than the gross Nova Scotia tax **minus** all other
  Nova Scotia tax credits (including the refundable credits).

\*\* To claim the credit, file the original or a copy of the certificate with your T2 return. If you are filing your T2 return electronically, send the
  original or a copy of the certificate to your tax centre.

\*\*\* To claim the credit, file the original or a copy of the certificate with your T2 return. If you are filing your T2 return electronically, keep the
  certificate in case we ask for it later.

**New Brunswick**

New Brunswick tax before credits (from Schedule 366) . . . . . . . . . . . . . . . . . . . . . . `225`

**Add:**
Recapture of New Brunswick research and development tax
credit (from Schedule 360) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . `573`
Gross New Brunswick tax . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ **A4**

**Deduct:**
New Brunswick political contribution tax credit . . . . . . . . . . . . . . . . . . . . . . . `575`
    Contribution . . . . . . . . . . . . . . . . . . . . . `894`
New Brunswick foreign tax credit (from Schedule 21) . . . . . . . . . . . . . . . . . . . . . . . `576`
New Brunswick small business investor tax credit (from Schedule 367) . . . . . . . . . . . . . `578`
                    Subtotal ▶ **B4**

Total New Brunswick tax payable before refundable credits (amount A4 minus amount B4) (if negative, enter "0") . . . . . . . . . . . . **C4**

**Deduct:**
New Brunswick film tax credit * . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . `595`
    Certificate number . . . . . . . . . . . . . . . . . . . . . `850`
New Brunswick research and development tax credit (from Schedule 360) . . . . . . . . . . . . `597`
                    Subtotal ▶ **D4**

Net New Brunswick tax payable or refundable credit (amount C4 minus amount D4) . . . . . . . . . . . . . . . . . . . . . . . . `229` **E4**
(if a credit, enter amount in brackets) Include this amount on line 255 on page 8.

\* To claim the credit, file the original certificate with your T2 return. If you are filing your T2 return electronically, send the original certificate to your tax centre.

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:33 AM

Schedule 5, Code 1501
**Protected B** when completed

---

**Part 2 – Provincial and territorial tax payable, tax credits, and rebates (continued)**

### Ontario

| | | |
|---|---|---|
| Ontario basic income tax (from Schedule 500). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 270 | 57,345 |
| | | |
| Deduct:  Ontario small business deduction (from Schedule 500) . . . . . . . . . . . . . . . . . . | 402 | 34,294 |
| | Subtotal | 23,051 ▶ | 23,051 A6 |

**Add:**

| | | | |
|---|---|---|---|
| Ontario additional tax re Crown royalties (from Schedule 504). . . . . . . . . . . . . . . . . . . . | 274 | | |
| Ontario transitional tax debits (from Schedule 506) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 276 | | |
| Recapture of Ontario research and development tax credit (from Schedule 508) . . . . . . . . | 277 | | |
| | Subtotal | ▶ | B6 |
| | Subtotal (amount A6 plus amount B6) | | 23,051 C6 |

**Deduct:**

| | | |
|---|---|---|
| Ontario resource tax credit (from Schedule 504) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 404 | |
| Ontario tax credit for manufacturing and processing (from Schedule 502). . . . . . . . . . . . | 406 | |
| Ontario foreign tax credit (from Schedule 21). . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 408 | |
| Ontario credit union tax reduction (from Schedule 500). . . . . . . . . . . . . . . . . . . . . . . | 410 | |
| Ontario transitional tax credits (from Schedule 506) . . . . . . . . . . . . . . . . . . . . . . . . | 414 | |
| Ontario political contributions tax credit (from Schedule 525). . . . . . . . . . . . . . . . . . . | 415 | |
| | Subtotal ▶ | D6 |
| | Subtotal (amount C6 minus amount D6) (if negative, enter "0") | 23,051 E6 |

| | | |
|---|---|---|
| Deduct:  Ontario research and development tax credit (from Schedule 508) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 416 | |

Ontario corporate income tax payable before Ontario corporate minimum tax credit and Ontario community food program
donation tax credit for farmers (amount E6 minus amount on line 416) (if negative, enter "0") . . . . . . . . . . . . . . . . . . . .     23,051 F6

**Deduct:**

| | | |
|---|---|---|
| Ontario corporate minimum tax credit (from Schedule 510) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 418 | |
| Ontario community food program donation tax credit for farmers (from Schedule 2) . . . . . . . . . . . . . . . . . . . . . . . . | 420 | |

Ontario corporate income tax payable (amount F6 minus amounts on line 418 and line 420) (if negative, enter "0") . . . . . . . . . . .     23,051 G6

**Add:**

| | | | |
|---|---|---|---|
| Ontario corporate minimum tax (from Schedule 510) . . . . . . . . . . . . . . . . . . . . . . . . . | 278 | | |
| Ontario special additional tax on life insurance corporations (from Schedule 512) . . . . . . . | 280 | | |
| | Subtotal | ▶ | H6 |

Total Ontario tax payable before refundable credits (amount G6 plus amount H6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     23,051 I6

**Deduct:**

| | | |
|---|---|---|
| Ontario qualifying environmental trust tax credit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 450 | |
| Ontario co-operative education tax credit (from Schedule 550) . . . . . . . . . . . . . . . . . . . | 452 | 4,728 |
| Ontario apprenticeship training tax credit (from Schedule 552) . . . . . . . . . . . . . . . . . . . | 454 | |
| Ontario computer animation and special effects tax credit (from Schedule 554). . . . . . . . . | 456 | |
| Ontario film and television tax credit (from Schedule 556) . . . . . . . . . . . . . . . . . . . . . . | 458 | |
| Ontario production services tax credit (from Schedule 558). . . . . . . . . . . . . . . . . . . . . . | 460 | |
| Ontario interactive digital media tax credit (from Schedule 560) . . . . . . . . . . . . . . . . . . | 462 | |
| Ontario sound recording tax credit (from Schedule 562) . . . . . . . . . . . . . . . . . . . . . . . | 464 | |
| Ontario book publishing tax credit (from Schedule 564) . . . . . . . . . . . . . . . . . . . . . . . | 466 | |
| Ontario innovation tax credit (from Schedule 566) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 468 | |
| Ontario business-research institute tax credit (from Schedule 568). . . . . . . . . . . . . . . . . | 470 | |
| | Subtotal | 4,728 ▶ | 4,728 J6 |

| | | |
|---|---|---|
| Net Ontario tax payable or refundable credit (amount I6 minus amount J6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 290 | 18,323 K6 |

(if a credit, enter amount in brackets) Include this amount on line 255 on page 8.

---

Version 2016.4.5  GP65 - RETAIN ON FILE. DO NOT SUBMIT TO THE CRA.

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:33 AM

Schedule 5, Code 1501
**Protected B** when completed

**Part 2 – Provincial and territorial tax payable, tax credits, and rebates (continued)**

### Manitoba

Manitoba tax before credits (from Schedule 383) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **230** _____ A7

Deduct:
Manitoba foreign tax credit (from Schedule 21) . . . . . . . . . . . . . . . . . . . . . . . . . . . **601** _____
Manitoba rental housing construction tax credit (from Schedule 394) . . . . . . . . . . . . . . . . . **602** _____
Manitoba manufacturing investment tax credit (from Schedule 381) . . . . . . . . . . . . . . . . . **605** _____
Manitoba research and development tax credit (from Schedule 380) . . . . . . . . . . . . . . . . . **606** _____
Manitoba co-op education and apprenticeship tax credit (from Schedule 384) . . . . . . . . . . **603** _____
Manitoba odour-control tax credit (from Schedule 385) . . . . . . . . . . . . . . . . . . . . . . . . **607** _____
Manitoba small business venture capital tax credit (from Schedule 387) . . . . . . . . . . . . . . **608** _____
Manitoba cooperative development tax credit (from Schedule 390) . . . . . . . . . . . . . . . . . **609** _____
Manitoba Neighbourhoods Alive! tax credit (from Schedule 391) . . . . . . . . . . . . . . . . . . . **610** _____

Subtotal _____ ▶ _____ B7

Total Manitoba tax payable before refundable credits (amount A7 **minus** amount B7) (if negative, enter "0") . . . . . . . . . . . . . . . _____ C7

Deduct:
Manitoba cultural industries printing tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **611** _____
Manitoba refundable cooperative development tax credit (from Schedule 390) . . . . . . . . . . **612** _____
Manitoba refundable research and development tax credit (from Schedule 380) . . . . . . . . . **613** _____
Manitoba interactive digital media tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **614** _____
Manitoba book publishing tax credit (from Schedule 389) . . . . . . . . . . . . . . . . . . . . . . . . **615** _____
Manitoba green energy equipment tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **619** _____
Manitoba film and video production tax credit (from Schedule 388) . . . . . . . . . . . . . . . . . **620** _____
Manitoba refundable manufacturing investment tax credit (from Schedule 381) . . . . . . . . . **621** _____
Manitoba paid work experience tax credit * (from Schedule 384) . . . . . . . . . . . . . . . . . . . **622** _____
Manitoba refundable odour-control tax credit for agricultural
corporations (from Schedule 385) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **623** _____
Manitoba data processing investment tax credits (from Schedule 392) . . . . . . . . . . . . . . . **324** _____
Manitoba nutrient management tax credit (from Schedule 393) . . . . . . . . . . . . . . . . . . . . **325** _____
Manitoba refundable rental housing construction tax credit (from Schedule 394) . . . . . . . . . **326** _____
Manitoba community enterprise development tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . **327** _____

Subtotal _____ ▶ _____ D7

**Net Manitoba tax payable or refundable credit** (amount C7 minus amount D7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . **234** _____ E7
(if a credit, enter amount in brackets) Include this amount on line 255 on page 8.

\* The name of the credit changed from Manitoba co-op education and apprenticeship tax credit to Manitoba paid work experience tax credit
as of September 1, 2015.

### Saskatchewan

Saskatchewan tax before credits (from Schedule 411) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **235** _____ A8

Deduct:
Saskatchewan political contribution tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . **624** _____
Contribution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **890** _____
Saskatchewan foreign tax credit (from Schedule 21) . . . . . . . . . . . . . . . . . . . . . . . . . . . **625** _____
Saskatchewan manufacturing and processing profits tax reduction (from Schedule 404) . . . . **626** _____
Saskatchewan manufacturing and processing investment tax credit (from Schedule 402) . . . **630** _____
Saskatchewan research and development tax credit (from Schedule 403) . . . . . . . . . . . . . **631** _____

Subtotal _____ ▶ _____ B8

Total Saskatchewan tax payable before refundable credits (amount A8 **minus** amount B8) (if negative, enter "0") . . . . . . . . . . . . . _____ C8
Deduct:
Saskatchewan qualifying environmental trust tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . **641** _____
Saskatchewan film employment tax credit* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **643** _____
Certificate number . . . . . . . . . . . . . . . . . . . . . . . . . . **860** _____
Saskatchewan refundable manufacturing and processing investment tax credit
(from Schedule 402) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **644** _____
Saskatchewan refundable research and development tax credit (from Schedule 403) . . . . . **645** _____

Subtotal _____ ▶ _____ D8

**Net Saskatchewan tax payable or refundable credit** (amount C8 minus amount D8) . . . . . . . . . . . . . . . . . . . . . . . . . . **239** _____ E8
(if a credit, enter amount in brackets) Include this amount on line 255 on page 8.
\* To claim the credit, the original or a copy of the certificate must be filed with the T2 return. If the T2 return is filed electronically, the original or a copy of the certificate must be sent to the tax centre.

LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:33 AM

Schedule 5, Code 1501
**Protected B** when completed

**Part 2 – Provincial and territorial tax payable, tax credits, and rebates (continued)**

## British Columbia

British Columbia tax before credits (from Schedule 427) . . . . . . . . . . . . . . . . . . . . **240** _____ .

**Add:**

Recapture of British Columbia scientific research and experimental
development (SR&ED) tax credit (from Form T666). . . . . . . . . . . . . . . . . . . . . . . . . **241** _____

Gross British Columbia tax. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ _____ **A10**

**Deduct:**

British Columbia foreign tax credit (from Schedule 21). . . . . . . . . . . . . . . . . . . . . . . . . **650** _____
British Columbia logging tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **651** _____
British Columbia political contribution tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **653** _____

    Contribution . . . . . . . . . . . . . . . . . . . . . . . . . . . . **896** _____

British Columbia small business venture capital tax credit . . . . . . . . . . . . . . . . . . . . . **656** _____

    Credit at the end of previous tax year . . . . . . . . . . . . . . **880** _____
    Current-year credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . **881** _____
    Certificate number (from SBVC 10). . . . . . . . . . . . . . . . **882** _____

British Columbia manufacturing and processing tax credit (from Schedule 426) . . . . . . . . **660** _____

British Columbia SR&ED non-refundable tax credit (from Form T666). . . . . . . . . . . . . . . **659** _____

                               Subtotal _____ ▶ _____ **B10**

Total British Columbia tax payable before refundable credits (amount A10 minus amount B10) (if negative, enter "0") . . . . . . . . . _____ **C10**

**Deduct:**

British Columbia qualifying environmental trust tax credit . . . . . . . . . . . . . . . . . . . . . . **670** _____
British Columbia film and television tax credit (from Form T1196) . . . . . . . . . . . . . . . . . **671** _____
British Columbia production services tax credit (from Form T1197). . . . . . . . . . . . . . . . . **672** _____
British Columbia mining exploration tax credit (from Schedule 421). . . . . . . . . . . . . . . . . **673** _____
British Columbia SR&ED refundable tax credit (from Form T666) . . . . . . . . . . . . . . . . . . **674** _____
British Columbia book publishing tax credit (amount on line 886 multiplied by 90%) . . . . . . . **665** _____

  Base amount of Publishing support
  contributions received in the tax year. . . . . . . . . . . . . . **886** _____

British Columbia training tax credit (from Schedule 428) . . . . . . . . . . . . . . . . . . . . . . . . **679** _____
British Columbia interactive digital media tax credit (from Schedule 429). . . . . . . . . . . . . **680** _____
British Columbia shipbuilding and ship repair industry tax credit (from Schedule 430) . . . . . **681** _____

                                Subtotal _____ ▶ _____ **D10**

Net British Columbia tax payable or refundable credit (amount C10 minus amount D10) . . . . . . . . . . . . . . . . . . . . . **244** _____ **E10**
(if a credit, enter amount in brackets) Include this amount on line 255 on page 8.

## Yukon

Yukon tax before credits (from Schedule 443) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **245** _____ **A11**

**Deduct:**

Yukon political contribution tax credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **675** _____

    Contribution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **897** _____

Yukon foreign tax credit (from Schedule 21). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **676** _____
Yukon manufacturing and processing profits tax credit (from Schedule 440) . . . . . . . . . . . **677** _____

                                Subtotal _____ ▶ _____ **B11**

Total Yukon tax payable before refundable credit (amount A11 **minus** amount B11) (if negative, enter "0") . . . . . . . . . . . . . . . _____ **C11**

**Deduct:** Yukon research and development tax credit (from Schedule 442) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **698** _____ **D11**

Net Yukon tax payable or **refundable credit** (amount C11 **minus** amount D11) (If a credit, enter amount in brackets). . . . . **249** _____ **E11**
Include this amount on line 255 on page 8.

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:33 AM

Schedule 5, Code 1501
**Protected B** when completed

┌─ **Part 2 – Provincial and territorial tax payable, tax credits, and rebates (continued)** ─────────────────

### Northwest Territories

Northwest Territories tax before credits (from Schedule 461)........................................ `250` _____ A12

**Deduct:**
Northwest Territories political contribution tax credit.................. `700` _____
  Contribution.............................. `898` _____
Northwest Territories foreign tax credit (from Schedule 21)........................ `701` _____
Northwest Territories investment tax credit (from Schedule 460) .................. `705` _____
                      Subtotal _____ ▶ _____ B12

**Net Northwest Territories tax payable** (amount A12 minus amount B12) (if negative, enter "0") .................. `254` _____ C12
Include this amount on line 255 below.

### Nunavut

Nunavut tax before credits (from Schedule 481) ...................................... `260` _____ A13

**Deduct:**
Nunavut political contribution tax credit............................. `725` _____
  Contribution............................. `899` _____
Nunavut foreign tax credit (from Schedule 21)................................. `730` _____
                      Subtotal _____ ▶ _____ B13

Total Nunavut tax payable before refundable credit (amount A13 minus amount B13) (if negative, enter "0") ............... _____ C13

**Deduct:** Nunavut business training tax credit (from Schedule 490) ...................................... `740` _____ D13
**Net Nunavut tax payable or refundable credit** (amount C13 minus amount D13) (if a credit, enter amount in brackets)... `264` _____ E13
Include this amount on line 255 below.

### Summary

Enter the total net tax payable or refundable credits for all provinces and territories on line 255.

Net provincial and territorial tax payable or refundable credits....................................... `255` ____18,323____

If the amount on line 255 is positive, enter the net provincial and territorial tax payable on line 760 on page 9 of the T2 return.
If the amount on line 255 is negative, enter the net provincial and territorial refundable tax credits on line 812 on page 9 of the T2 return.

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:32 AM

Canada Revenue    Agence du revenu
Agency            du Canada

**Schedule 7**
Code 1103
**Protected B**
when completed

## Aggregate Investment Income and Active Business Income

| Corporation's name | Business number | Tax year-end |
|---|---|---|
| LEAN SOFTWARE SERVICES, INC. | 85847 8530 RC 0001 | Year 2 0 1 6  Month 1 2  Day 3 1 |

- This version of Schedule 7 is for tax years ending after March 22, 2011. For tax years ending on or before March 22, 2011, see the previous-year versions available at www.cra.gc.ca/forms.
- This schedule is for the use of Canadian-controlled private corporations (CCPCs) to calculate:

  – for the purpose of determining the refundable portion of Part I tax, aggregate investment income and foreign investment income, as defined in subsection 129(4) of the *Income Tax Act;*

  – specified partnership income, when the CCPC is a member of one or more partnership(s); and

  – income from an active business carried on in Canada for the small business deduction.

- For more information, see the sections called "Small Business Deduction" and "Refundable Portion of Part I Tax" in Guide T4012, *T2 Corporation – Income Tax Guide.*

### Part 1 – Aggregate investment income

The aggregate investment income is the aggregate **world** source income.

Eligible portion of taxable capital gains for the year . . . . . . . . . . . . . . . . . . . . . . . . . . . **002** _____ **A**

**Deduct:**

Eligible portion of allowable capital losses for the year (including allowable business investment losses) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **012** _____ **a**

Net capital losses of previous years claimed on line 332 on the T2 return . . . . . . . . . . . . **022** _____ **b**

Subtotal (amount a plus amount b) ▶ _____ **B**

Amount A minus amount B (if negative, enter "0") _____ **C**

Total income from property (include income from a specified investment business carried on in Canada other than income from a source outside Canada) . . . . . . . . . . . . . . **032** ___8,738___ **c**

**Deduct:**

Exempt income . . . . . . . . . . . . . . . . . . . . . . . . **042** _____ 1

Amounts received from AgriInvest Fund No. 2 that were included in computing the corporation's income for the year . . . . . . . . . . . . . . . . . . . . . . . . . . **052** _____ 2

Taxable dividends deductible (total of column F on Schedule 3 minus related expenses) . . . . . . . . . . . **062** _____ 3

Business income from an interest in a trust that is considered property income under paragraph 108(5)(a) **072** _____ 4

Subtotal (add amounts 1 to 4) ▶ _____ d

Subtotal (amount c minus amount d) ___8,738___ ▶ ___8,738___ **D**

Amount C plus amount D ___8,738___ **E**

Total losses from property (include losses from a specified investment business carried on in Canada other than a loss from a source outside Canada) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **082** _____ **F**

Amount E minus amount F (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **092** ___8,738___ **G**
Enter amount G on line 440 of the T2 return.



LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:32 AM

**Protected B** when completed

┌─ **Part 2 – Foreign investment income** ─────────────────────────────

The foreign investment income is all income from sources **outside Canada**.

Eligible portion of taxable capital gains for the year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 001 _____ H

Eligible portion of allowable capital losses for the year (including allowable business investment losses) . . . . . . . . . . . . . 009 _____ I

Subtotal (amount H **minus** amount I) (if negative, enter "0") _____ J

Total income from property from a source **outside Canada** (net of related expenses) . . . . . 019 _____ e

**Deduct:**

Exempt income . . . . . . . . . . . . . . . . . . . . . . . . . 029 _____ 5

Taxable dividends deductible (total of column F on
Schedule 3 **minus** related expenses) . . . . . . . . . . . . 049 _____ 6

Business income from an interest in a trust that is
considered property income under paragraph 108(5)(a) 059 _____ 7

Subtotal (**add** amounts 5 to 7) _____ ▶ _____ f

Subtotal (amount e **minus** amount f) _____ ▶ _____ K

Amount J **plus** amount K _____ L

Total losses from property from a source **outside Canada** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 069 _____ M

Amount L **minus** amount M (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 079 _____ N
(enter amount N on line 445 of the T2 return)

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:32 AM

**Protected B** when completed

**Part 3 – Specified partnership income**

| A | | B | C |
|---|---|---|---|
| Partnership name [200] | | Total income (loss) of partnership from an active business [300] | Corporation's share of amount in column B [310] |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| D | E | F | G | H | I |
|---|---|---|---|---|---|
| Adjustments (add or deduct the prorated amounts calculated under section 34.2* and deduct expenses incurred by the corporation to earn partnership income) [315] | Corporation's income (loss) of the partnership (column C plus column D) [320] | Number of days in the partnership's fiscal period [325] | Prorated business limit (column C + column B) × [$500,000 × (column F ÷ 365)] (if column C is negative, enter "0")** [330] | Column E minus column G (if negative, enter "0") | Lesser of columns E and G (if column E is negative, enter "0") [340] |
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| Total [350] | | | Total [385] | | [360] |

Corporation's losses for the year from an active business carried on in Canada
(other than as a member of a partnership) – enter as a positive amount . . . . . . . . . . . . . . [370] _____ g

Specified partnership loss of the corporation for the year – enter as a positive amount
(total of all negative amounts in column E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [380] _____ h

Subtotal (amount g plus amount h) _____ i

Amount at line 385 or amount i, whichever is less . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [390] _____ O

**Specified partnership income** (line 360 plus amount O) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [400] _____ P
Enter amount P at line T in Part 4.

* In general, amounts included under subsections 34.2(2), (3), and (12) or claimed under subsections 34.2(4) and (11) are deemed to have the **same character** and be in the **same proportions** as the partnership income they relate to. For example, if a corporation receives $100,000 of partnership income for the partnership's fiscal period ending in its tax year, and that income is made up of $40,000 of active business income, $30,000 of income from property, and $30,000 as a taxable capital gain, the corporation's adjusted stub period accrual (ASPA) in respect of the partnership would be 40% active business income, 30% property income, and 30% taxable capital gains. Add or deduct **only the portion** of the following amounts that is deemed under subsection 34.2(5) to be **active business income**:

Add:

– the ASPA under subsection 34.2(2) (column 4 of Schedule 73)

– the income inclusion for a new corporate member of a partnership under subsection 34.2(3) (column 6 of Schedule 73)

– the previous-year transitional reserve under subsection 34.2(12) (column 12 of Schedule 73)

Deduct:

– the previous-year ASPA under subsection 34.2(4) (column 5 of Schedule 73)

– the previous-year income inclusion for a new corporate member of a partnership under subsection 34.2(4) (column 7 of Schedule 73)

– the current-year transitional reserve under subsection 34.2(11) (column 11 of Schedule 73)

** When a partnership carries on more than one business, one of which generates income and another of which realizes a loss, the loss is not netted against the partnership's income for the purpose of calculating the prorated business limit in column G. Enter on line h the total of all loss from column E.

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:32 AM

**Protected B** when completed

---

**Part 4 – Partnership income not eligible for the small business deduction**

Corporation's share of partnership income from active businesses carried on in Canada after deducting related
expenses – from line 350 in Part 3 (if the net amount is negative, enter "0" on line U) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     _____     Q

Specified partnership loss (from amount h in Part 3)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     _____     R

Subtotal (amount Q plus amount R)     _____     S

Deduct:

Specified partnership income (from amount P in Part 3)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     _____     T

**Partnership income not eligible for the small business deduction** (amount S minus amount T) . . . . . . . . . . . . . . . . .   `450`  _____     U
(enter on line p in Part 5)

---

**Part 5 – Income from active business carried on in Canada**

Net income for income tax purposes from line 300 of the T2 return  . . . . . . . . . . . . . . . . . . . . . . .     498,655   j

**Plus:**

Allowable business investment loss from line 406 of Schedule 1 . . . . . . . . . . . . . . . . . . . . . . . . . . .     _____   k

Subtotal (amount j **plus** amount k)     498,655   ▶     498,655   V

**Deduct:**

Foreign business income after deducting related expenses*  . . . . . . . . . . . . . . . . . . . . . . .   `500`  _____   l

Taxable capital gains from line 113 of Schedule 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     _____   m

Net property income (amount c** minus amounts 1, 2, and F* in Part 1)  . . . . . . . . . . . . . . . . . .     8,738   n

Personal services business income and other income after deducting related expenses*. . .   `520`  _____   o

Subtotal (**add** amounts l to o)     8,738   ▶     8,738   W

Net amount (amount V **minus** amount W) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     489,917   X

**Deduct:**

Partnership income not eligible for the small business deduction (amount U in Part 4) . . . . . . . . .     _____   p

Income allocated to the corporation under subsection 96(1.1) . . . . . . . . . . . . . . . . . . . .   `530`  _____   q

Income referred to in clause 125(1)(a)(i)(B) (total of column BB in Part 6) . . . . . . . . . . . . . . . .     _____   r

Subtotal (amount p, line 530 and amount r)     ▶     _____   Y

Specified corporate income (total of column CC in Part 6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     _____   Y1

**Income from active business carried on in Canada** (amount X minus amount Y plus amount Y1) . . . . . . . . . . . . . . . . . . . .     489,917   Z
(enter amount Z on line 400 of the T2 return – if negative, enter "0")

* If negative, enter amount in brackets, and **add** instead of **subtracting**.
** Net of related expenses.

---

Canada Revenue Agency / Agence du revenu du Canada

# Capital Cost Allowance (CCA)

**Schedule 8**
Code 0603
**Protected B** when completed

| Corporation's name | Business Number | Tax year-end Year Month Day |
|---|---|---|
| LEAN SOFTWARE SERVICES, INC. | 85847 8530 RC 0001 | 2 0 1 6  1 2  3 1 |

For more information, see the section called "Capital Cost Allowance" in the *T2 Corporation Income Tax Guide.*

Is the corporation electing under *Regulation* 1101(5q)? **101** 1 Yes ☐  2 No ☒

| 1 Class number (200) | 2 Undepreciated capital cost at the beginning of the year (amount from column 13 of last year's schedule 8) (201) | 3 Cost of acquisitions during the year (new property must be available for use) (see note 1 below) (203) | 4 Adjustments and transfers (show amounts that will reduce the undepreciated capital cost in brackets) (see note 2 below) (205) | 5 Proceeds of dispositions during the year (amount not to exceed the capital cost) (207) | 6 Undepreciated capital cost (column 2 plus column 3 plus or minus column 4 minus column 5) (211) | 7 50% rule (1/2 of the amount, if any, by which the net cost of acquisitions exceeds column 5) (see note 3 below) | 8 Reduced undepreciated capital cost (column 6 minus column 7) | 9 CCA rate % (see note 4 below) (212) | 10 Recapture of capital cost allowance (see note 5 below) (213) | 11 Terminal loss (215) | 12 Capital cost allowance (for declining balance method, column 8 multiplied by column 9, or a lower amount (see note 6 below) (217) | 13 Undepreciated capital cost at the end of the year (column 6 minus column 12) (220) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. 20 | 14,380 | 9,556 | | | 23,936 | 4,778 | 19,158 | 20 | | | 3,832 | 20,104 |
| 2. 50 | | 29,546 | | | 29,546 | 14,773 | 14,773 | 55 | | | 8,125 | 21,421 |
| 3. | | | | | | | | | | | | |
| 4. | | | | | | | | | | | | |
| 5. | | | | | | | | | | | | |
| 6. | | | | | | | | | | | | |
| 7. | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | |

**Note 1.** Include any property acquired in previous years that has now become available for use. This property would have been previously excluded from column 3. List separately any acquisitions that are not subject to the 50% rule, see *Regulation* 1100(2) and (2.2).

**Note 2.** Enter in column 4, "Adjustments and transfers", amounts that increase or reduce the undepreciated capital cost (column 6). Items that increase the undepreciated capital cost include amounts transferred under section 85, on amalgamation or winding-up of a subsidiary. Items that reduce the undepreciated capital cost (show amounts that reduce the undepreciated capital cost in brackets) include government assistance received or entitled to be received in the year, or a reduction of capital cost after the application of section 80. See the *T2 Corporation Income Tax Guide* for other examples of adjustments and transfers to include in column 4.

**Note 3.** The net cost of acquisitions is the cost of acquisitions (column 3) plus or minus certain adjustments and transfers from column 4. For exceptions to the 50% rule, see Interpretation Bulletin IT-285, *Capital Cost Allowance – General Comments.*

**Note 4.** Enter a rate only if you are using the declining balance method. For any other method (for example the straight-line method, where calculations are always based on the cost of acquisitions), enter N/A. Then enter the amount you are claiming in column 12.

**Note 5.** For every entry in column 10, the "Recapture of capital cost allowance" there must be a corresponding entry in column 5, "Proceeds of dispositions during the year". The recapture and terminal loss rules do not apply to passenger vehicles in Class 10.1.

**Note 6.** If the tax year is shorter than 365 days, prorate the CCA claim. Some classes of property do not have to be prorated. See the *T2 Corporation Income Tax Guide* for more information.

| **Totals** | | |
|---|---|---|
| | | 11,957 |

Enter the total of column 10 on line 107 of Schedule 1.
Enter the total of column 11 on line 404 of Schedule 1.
Enter the total of column 12 on line 403 of Schedule 1.

T2 SCH 8 (14)    (Vous pouvez obtenir ce formulaire en français à **www.arc.gc.ca/formulaires** ou en composant le **1-800-959-7775**.)    Canada

Version 2016.4.5  GFKS - RETAIN ON FILE, DO NOT SUBMIT TO THE CRA.

LEAN SOFTWARE SERVICES, INC.  CRA Business # 85847853O  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:52 AM

LEAN SOFTWARE SERVICES, INC.    CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:35 AM

S8Supp                                                    # Reconciliation of NBV and UCC

| | | | |
|---|---|---|---|
| NBV of capital assets, beginning of year | | 14,381 | |
| Less: Land | – | | |
| NBV of depreciable capital assets, beginning of year | | 14,381 | 14,381 |
| UCC beginning of year | | 14,380 | |
| Less: Opening Class 14 balance | – | | |
| Adjusted UCC | | 14,380 | – 14,380 |
| **Timing difference, beginning of year** | | | 1  A |

**CCA and amortization**

| | | | |
|---|---|---|---|
| CCA claimed (except class 14) | + | 11,957 | |
| Terminal loss | + | | |
| Recapture | – | | |
| Amortization per financial statements | – | 11,957 | |

**Class 10.1**

| | | |
|---|---|---|
| Difference on purchase (cost                    less ceiling                    ) | + | |
| Beginning UCC less CCA in year of disposal | + | |
| Proceeds from disposal of class 10.1 asset | – | |

**Gains and losses**

| | | |
|---|---|---|
| Gain on disposal of capital assets per financial statements | + | |
| Capital loss portion of total loss | + | |
| Loss on disposal of capital assets per financial statements | – | |
| Capital gain portion of total gain | – | |

**Other**

| | | |
|---|---|---|
| Operating leases capitalized for financial statement purposes | + | |
| Deductible items capitalized for financial statement purposes | + | |
| Section 85 difference | + | |
| Pre-valuation day depreciation | + | |
| | + | |

| | | | |
|---|---|---|---|
| **Timing difference, current year** | | + | B |
| **Timing difference, end of year (A + B)** | | | 1  C |

**Proof**

| | | | |
|---|---|---|---|
| NBV of capital assets, end of year | | 41,526 | |
| Less: Land | – | | |
| NBV of depreciable capital assets, end of year | | 41,526 | 41,526 |
| UCC end of year | | 41,525 | |
| Less: Ending Class 14 balance | – | | |
| Adjusted UCC | | 41,525 | – 41,525 |
| **Timing difference as at    2016/12/31    (amount D should equal amount C)** | | | 1  D |

**Notes**

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:32 AM

| **Canada Revenue Agency**  **Agence du revenu du Canada** | **CUMULATIVE ELIGIBLE CAPITAL DEDUCTION** | **SCHEDULE 10**  Code 0201 |
|---|---|---|

| Name of corporation | Business Number | Taxation year-end |
|---|---|---|
| LEAN SOFTWARE SERVICES, INC. | 85847 8530 RC 0001 | Year 2 0 1 6  Month 1 2  Day 3 1 |

* For use by a corporation that has eligible capital property. For more information, see the *T2 Corporation Income Tax Guide.*
* A separate cumulative eligible capital account must be kept for each business.

**Part 1 – Calculation of current year deduction and carry-forward**

Cumulative eligible capital - Balance at the end of the preceding taxation year (if negative, enter "0") . . . . . . . . . . . . . . . . . . |200|  771 A

**Add:** Cost of eligible capital property acquired during the taxation year |222|
Other adjustments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |226|
Subtotal (line 222 plus line 226) _____ x 3/4 = _____ B

Non-taxable portion of a non-arm's length transferor's gain
realized on the transfer of an eligible capital property to the
corporation after December 20, 2002 . . . . . . . . . . . . . . . . |228| _____ x 1/2 = _____ C
amount B minus amount C (if negative, enter "0") . . . . . . . . . . . . . . ▶ _____ D
Amount transferred on amalgamation or wind-up of subsidiary . . . . . . . . . . . . . . . . . . . . . . |224| _____ E
Subtotal (add amounts A, D, and E) |230|  771 F

**Deduct:** Proceeds of sale (less outlays and expenses not otherwise deductible) from
the disposition of all eligible capital property during the taxation year . . . . . . . . |242| _____ G
The gross amount of a reduction in respect of a forgiven debt
obligation as provided for in subsection 80(7) . . . . . . . . . . . . . . . . . . . . . . |244| _____ H
Other adjustments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |246| _____ I
(add amounts G, H, and I) _____ x 3/4 = |248| _____ J

Cumulative eligible capital balance (amount F minus amount J) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ 771 K
(if amount K is negative, enter "0" at line M and proceed to Part 2)

Cumulative eligible capital for a property no longer owned after ceasing to carry on that business . . . . . |249|
amount K  771
less amount from line 249 _____

**Current year deduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 771 x 7% = |250| 54 *
(line 249 plus line 250) (enter this amount at line 405 of Schedule 1) 54 ▶ 54 L

Cumulative eligible capital – Closing balance (amount K minus amount L) (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . . |300| 717 M
* You can claim any amount up to the maximum deduction of 7%. The deduction may not exceed the maximum
amount prorated by the number of days in the taxation year divided by 365.

**Part 2 – Amount to be included in income arising from disposition**
(complete this part only if the amount at line K is negative)

Amount from line K (show as positive amount) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ N
Total of cumulative eligible capital (CEC) deductions from income for taxation years beginning
after June 30, 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |400| _____ 1
Total of all amounts which reduced CEC in the current or prior years under subsection 80 (7) . . . . . . |401| _____ 2
Total of CEC deductions claimed for taxation years beginning
before July 1, 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |402| _____ 3
Negative balances in the CEC account that were included in
income for taxation years beginning before July 1, 1988 . . . . . . . . . . . |408| _____ 4
Line 3 minus line 4 (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ _____ 5
Total of lines 1, 2, and 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ 6

Amounts included in income under paragraph 14(1)(b), as that paragraph
applied to taxation years ending after June 30, 1988 and before February
28, 2000, to the extent that it is for an amount described at line 400 . . . . . . _____ 7
Amounts at line T from Schedule 10 of previous taxation years ending
after February 27, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ 8
Subtotal (line 7 plus line 8) |409| _____ ▶ _____ 9
Line 6 minus line 9 (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ O
Line N minus line O (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ P
Line 5 _____ x 1/2 = _____ Q
Line P minus line Q (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ R
Amount R _____ x 2/3 = _____ S
Amount N or amount O, whichever is less . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ T
**Amount to be included in income** (amount S plus amount T) (enter this amount on line 108 of Schedule 1) . . . . . . . . . . . . . |410| _____

T2 SCH 10 (04)
(Vous pouvez obtenir ce formulaire en français à www.arc.gc.ca ou au 1-800-959-3376.)
Version 2016.4.5  GP65 - RETAIN ON FILE. DO NOT SUBMIT TO THE CRA.

Canada
Page 1 of 1

**Canada Revenue Agency** **Agence du revenu du Canada**

**SHAREHOLDER INFORMATION**

**SCHEDULE 50**
Code 0601

| Name of corporation | Business Number | Tax year-end |
|---|---|---|
| LEAN SOFTWARE SERVICES, INC. | 85847 8530 RC 0001 | Year 2 0 1 6 Month 1 2 Day 3 1 |

All private corporations must complete this schedule for any shareholder who holds 10% or more of the corporation's common and/or preferred shares.

|  | Name of shareholder (after name, indicate in brackets if the shareholder is a corporation, partnership, individual, or trust) **100** | Provide only one number per shareholder | | | Percentage common shares **400** | Percentage preferred shares **500** |
|---|---|---|---|---|---|---|
|  |  | Business Number (If a corporation is not registered, enter "NR") **200** | Social insurance number **300** | Trust number **350** |  |  |
| 1. | BJORN LARSON - IN TRUST |  | 464 375 294 |  | 73.000 |  |
| 2. | EZRIEL REICHMAN |  | NA |  | 20.000 |  |
| 3. |  |  |  |  |  |  |
| 4. |  |  |  |  |  |  |
| 5. |  |  |  |  |  |  |
| 6. |  |  |  |  |  |  |
| 7. |  |  |  |  |  |  |
| 8. |  |  |  |  |  |  |
| 9. |  |  |  |  |  |  |
| 10. |  |  |  |  |  |  |

T2 SCH 50 (06)

Canada

Version 2016.4.5 GP45 - RETAIN ON FILE. DO NOT SUBMIT TO THE CRA.

Page 1 of 1

LEAN SOFTWARE SERVICES, INC. CRA Business # 85847/8530 Year-end 2016/12/31 Printed: 5/15/2017 11:11:31 AM

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:33 AM

| Canada Revenue Agency / Agence du revenu du Canada | BALANCE SHEET INFORMATION | | Schedule 100 |
|---|---|---|---|

| Assets | Code | Current year | Prior year |
|---|---|---|---|
| Cash and deposits | 1000 | | |
| Cash | 1001 | 2,473,323 | 842,661 |
| Accounts Receivable | 1060 | 361,300 | 513,315 |
| Loans and notes receivable | 1240 | 8,500 | 191,482 |
| Machinery, equipment, furniture and fixtures | 1740 | 30,383 | 20,827 |
| Accumulated amortization of machinery, equipment, furniture and fixtures | 1741 | (10,278) | (6,446) |
| Incorporation costs | 2018 | 2,640 | 2,640 |
| Research and development | 2026 | 974,978 | 1,722,978 |
| Due from / investment in related parties - long-term assets | 2240 | 598,832 | 422,987 |
| Short term investments | 1180 | 300,000 | 700,000 |
| Prepaid expenses | 1484 | 5,331 | |
| Computer equipment / software | 1774 | 29,546 | |
| Accumulated amortization of computer equipment / software | 1775 | (8,125) | |
| Total assets | 2599 | 4,766,430 | 4,410,444 |

LEAN SOFTWARE SERVICES, INC, CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:33 AM

| Liabilities | Code | Current year | Prior year |
|---|---|---|---|
| Bank overdraft | 2600 | | |
| Amounts payable and accrued liabilities | 2620 | 29,430 | 79,694 |
| Taxes payable | 2680 | 73,143 | 51,433 |
| Deferred income - shown current | 2770 | 344,005 | 372,637 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total liabilities | 3499 | 446,578 | 503,764 |

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:33 AM

| Equity | Code | Current year | Prior year |
|---|---|---|---|
| Common shares | 3500 | 745,000 | 745,000 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Retained earnings / deficit | 3600 | 3,574,852 | 3,161,680 |
| Total equity | 3620 | 4,319,852 | 3,906,680 |
| Total liabilities and equity | 3640 | 4,766,430 | 4,410,444 |

| Retained earnings | Code | Current year | Prior year |
|---|---|---|---|
| Retained earnings/deficit-start | 3660 | 3,161,680 | 2,850,673 |
| Net income / loss * | 3680 | 413,172 | 311,007 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Total retained earnings | 3849 | 3,574,852 | 3,161,680 |

* The amount on line 3680 must equal the amount on line 9999 of S125 or S140 without considering line 9998.

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:35 AM

 Canada Revenue Agency   Agence du revenu du Canada         **INCOME STATEMENT INFORMATION**         **Schedule 125**

Operating name, if different from the corporations' legal name
**0001**
Description of operation, if filing multiple Schedules 125
**0002**
Sequence number
**0003**

| Income Statement Information | Code | Current year | Prior year |
|---|---|---|---|
| Total sales of goods and services | 8089 | | |
| Total revenue | 8299 | 3,373,784 | 2,171,178 |
| | | | |
| Cost of sales | 8518 | | |
| Gross profit / loss (item 8089 – item 8518) | 8519 | | |
| | | | |
| Total operating expenses | 9367 | 2,887,469 | 1,808,738 |
| Total expenses | 9368 | 2,887,469 | 1,808,738 |
| Net non-farming income | 9369 | 486,315 | 362,440 |
| | | | |
| Total farm revenue | 9659 | | |
| Total farm expenses | 9898 | | |
| Net farm income | 9899 | | |
| | | | |
| Net income / loss before taxes and extraordinary items | 9970 | 486,315 | 362,440 |

## Other comprehensive income

| | | | |
|---|---|---|---|
| Revaluation surplus | 7000 | | |
| Defined benefit gains/losses | 7002+ | | |
| Foreign operation translation gains/losses | 7004+ | | |
| Equity instruments gains/losses | 7006+ | | |
| Cash flow hedge effective portion gains/losses | 7008+ | | |
| Income tax relating to components of other comprehensive income | 7010+ | | |
| Miscellaneous other comprehensive income | 7020+ | | |
| Total - Other comprehensive income | = | | |

## Summary

Complete this section if only one Schedule 125 is filed, Schedule 140 is used to summarize the information from multiple Schedules 125.

| | | | |
|---|---|---|---|
| Extraordinary items | 9975- | | |
| Legal settlements | 9976- | | |
| Unrealized gains / losses | 9980+ | | |
| Unusual items | 9985- | | |
| Current income taxes | 9990- | 73,143 | 51,433 |
| Future income tax provision | 9995- | | |
| Total - Other comprehensive income | 9998+ | | |
| Net income / loss after taxes and extraordinary items | 9999= | 413,172 | 311,007 |

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:35 AM

| Revenue | Code | Current year | Prior year |
|---|---|---|---|
| Trade sales of goods and services | 8000 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total sales of goods and services | 8089 | | |
| Foreign exchange gains / losses | 8231 | (25,677) | 89,975 |
| Consulting fees | 8241 | 3,390,723 | 2,080,924 |
| Investment revenue | 8090 | 8,738 | 279 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total revenue** | 8299 | 3,373,784 | 2,171,178 |

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:35 AM

| Operating expenses | Code | Current year | Prior year |
|---|---|---|---|
| Amortization of tangible assets | 8670 | 11,957 | 1,720 |
| Insurance | 8690 | 39,695 | 18,640 |
| Interest and bank charges | 8710 | 3,772 | 3,392 |
| Office expenses | 8810 | 754,081 | 299,238 |
| Accounting fees | 8862 | 53,331 | 43,405 |
| Consulting fees | 8863 | 1,765,400 | 1,260,188 |
| Rental | 8910 | 71,821 | 27,416 |
| Travel expenses | 9200 | 63,396 | 24,431 |
| Telephone and telecommunications | 9225 | 15,333 | 18,961 |
| Meals and entertainment | 8523 | 15,444 | 11,502 |
| Bad debt expense | 8590 | 58,774 | 98,688 |
| Advertising | 8521 | 34,465 | 1,157 |
| Total operating expenses | 9367 | 2,887,469 | 1,808,738 |

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:30 AM

Canada Revenue Agency   Agence du revenu du Canada

**Notes Checklist**

**Schedule 141**
Code 1002
**Protected B** when completed

| Corporation's name | Business number | Tax year-end |
|---|---|---|
| LEAN SOFTWARE SERVICES, INC. | 85847 8530 RC 0001 | Year 2 0 1 6  Month 1 2  Day 3 1 |

- Parts 1, 2, and 3 of this schedule must be completed from the perspective of the person (referred to in these parts as the **accountant**) who prepared or reported on the financial statements. If the person preparing the tax return is not the accountant referred to above, they must still complete Parts 1, 2, 3, and 4, as applicable.

- For more information, see Guide RC4088, *General Index of Financial Information (GIFI)* and T4012, *T2 Corporation – Income Tax Guide*.

- Complete this schedule and include it with your T2 return along with the other GIFI schedules.

### Part 1 – Information on the accountant who prepared or reported on the financial statements

Does the accountant have a professional designation? ........................................... **095** 1 Yes [X]   2 No [ ]

Is the accountant connected* with the corporation? ........................................... **097** 1 Yes [ ]   2 No [X]

**Note**
If the accountant does not have a professional designation **or** is connected to the corporation, you do not have to complete Parts 2 and 3 of this schedule. However, you do have to complete Part 4, as applicable.

* A person connected with a corporation can be: (i) a shareholder of the corporation who owns more than 10% of the common shares; (ii) a director, an officer, or an employee of the corporation; or (iii) a person not dealing at arm's length with the corporation.

### Part 2 – Type of involvement with the financial statements

Choose the option that represents the highest level of involvement of the accountant:   **198**

Completed an auditor's report ........................................... 1 [ ]

Completed a review engagement report ........................................... 2 [ ]

Conducted a compilation engagement ........................................... 3 [X]

### Part 3 – Reservations

If you selected option 1 or 2 under **Type of involvement with the financial statements** above, answer the following question:

Has the accountant expressed a reservation? ........................................... **099** 1 Yes [ ]   2 No [ ]

### Part 4 – Other information

If you have a professional designation and are not the accountant associated with the financial statements in Part 1 above, choose one of the following options:   **110**

Prepared the tax return (financial statements prepared by client) ........................................... 1 [ ]

Prepared the tax return and the financial information contained therein (financial statements have not been prepared) ........ 2 [ ]

Were notes to the financial statements prepared? ........................................... **101** 1 Yes [ ]   2 No [X]

If yes, complete lines 104 to 107 below:

Are subsequent events mentioned in the notes? ........................................... **104** 1 Yes [ ]   2 No [ ]

Is re-evaluation of asset information mentioned in the notes? ........................................... **105** 1 Yes [ ]   2 No [ ]

Is contingent liability information mentioned in the notes? ........................................... **106** 1 Yes [ ]   2 No [ ]

Is information regarding commitments mentioned in the notes? ........................................... **107** 1 Yes [ ]   2 No [ ]

Does the corporation have investments in joint venture(s) or partnership(s)? ........................................... **108** 1 Yes [ ]   2 No [X]

T2 SCH 141 E (14)   (Vous pouvez obtenir ce formulaire en français à www.arc.gc.ca/formulaires ou en composant le 1-800-959-7775.)

Version 2016.4.5  GP65 - RETAIN ON FILE, DO NOT SUBMIT TO THE CRA.



Page 1 of 2

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:30 AM

**Protected B** when completed

─ **Part 4 – Other Information (continued)** ─

**Impairment and fair value changes**

In any of the following assets, was an amount recognized in net income or other comprehensive income (OCI) as a result of an impairment loss recognized in the tax year, a reversal of an impairment loss recognized in a previous tax year, or a change in fair value during the tax year? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **200** 1 Yes ☐  2 No ☐

If yes, enter the amount recognized:

| | In net Income Increase (decrease) | In OCI Increase (decrease) |
|---|---|---|
| Property, plant, and equipment . . . . . . . . . . . . . . . . . . . | **210** _____ | **211** _____ |
| Intangible assets . . . . . . . . . . . . . . . . . . . . . . . . . . . | **215** _____ | **216** _____ |
| Investment property . . . . . . . . . . . . . . . . . . . . . . . . . | **220** _____ | |
| Biological assets . . . . . . . . . . . . . . . . . . . . . . . . . . . | **225** _____ | |
| Financial Instruments . . . . . . . . . . . . . . . . . . . . . . . . | **230** _____ | **231** _____ |
| Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **235** _____ | **236** _____ |

**Financial Instruments**

Did the corporation derecognize any financial instrument(s) during the tax year (other than trade receivables)? . . . . . . . . .  **250** 1 Yes ☐  2 No ☐

Did the corporation apply hedge accounting during the tax year? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **255** 1 Yes ☐  2 No ☐

Did the corporation discontinue hedge accounting during the tax year? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **260** 1 Yes ☐  2 No ☐

**Adjustments to opening equity**

Was an amount included in the opening balance of retained earnings or equity, in order to correct an error, to recognize a change in accounting policy, or to adopt a new accounting standard in the current tax year? . . . . . . . . . . . . . . . . . . . . . . .  **265** 1 Yes ☐  2 No ☐

If yes, you have to maintain a separate reconciliation.

LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:33 AM

 Canada Revenue Agency    Agence du revenu du Canada

**Schedule 500**
Protected B
when completed

## Ontario Corporation Tax Calculation

| Corporation's name | Business number | Tax year-end Year | Month | Day |
|---|---|---|---|---|
| LEAN SOFTWARE SERVICES, INC. | 85847 8530 RC 0001 | 2 0 1 6 | 1 2 | 3 1 |

- Use this schedule if the corporation had a permanent establishment (as defined in section 400 of the federal *Income Tax Regulations*) in Ontario at any time in the tax year and had Ontario taxable income in the year.

- All legislative references are to the federal *Income Tax Act* and *Income Tax Regulations*.

- This schedule is a worksheet only. You do not have to file it with your *T2 Corporation Income Tax Return*.

---

**Part 1 – Ontario basic rate of tax for the year**

Ontario basic rate of tax for the year ...............................................................    **11.5 %** A

---

**Part 2 – Calculation of Ontario basic income tax**

Ontario taxable income * ...............................................................    **498,655** B

Ontario basic income tax: amount B **multiplied** by Ontario basic rate of tax for the year (rate A from Part 1) ...............    **57,345** C

If the corporation has a permanent establishment in more than one jurisdiction, or is claiming an Ontario tax credit in addition to Ontario basic income tax, or has Ontario corporate minimum tax or Ontario special additional tax on life insurance corporations payable, enter amount C on line 270 of Schedule 5, *Tax Calculation Supplementary – Corporations*. Otherwise, enter it on line 760 on page 8 of the T2 return.

* If the corporation has a permanent establishment only in Ontario, enter the amount from line 360 or line Z, whichever applies, from page 3 of the T2 return. Otherwise, enter the taxable income allocated to Ontario from column F in Part 1 of Schedule 5.

---



LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:33 AM

**Protected B**
when completed

---

**Part 3 – Ontario small business deduction (OSBD)**

Complete this part if the corporation claimed the federal small business deduction under subsection 125(1) or would have claimed it if subsection 125(5.1) had not been applicable in the tax year.

Income from active business carried on in Canada (amount from line 400 of the T2 return) . . . . . . . . . . . . . . . . . . . . . . . . . . . __489,917__ 1

Federal taxable income, less adjustment for foreign tax credit (amount from line 405 of the T2 return) . . . . . . . . . . . . . . . . . . . __498,655__ 2

Federal business limit before the application of subsection 125(5.1) (amount from line 410 of the T2 return) . . . . . . . . . . . . . . . __500,000__ 3

**Ontario business limit reduction:**

Amount from line 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __500,000__ a

Deduct:

Amount from line E on page 4 of the T2 return _____ × (Number of days in the tax year after May 1, 2014 / Number of days in the tax year) $\frac{366}{366}$ = _____ b

Business limit the CCPC assigns under subsection 125(3.2) _____ c

Reduced Ontario business limit (amount a **minus** amount b **minus** amount c) (if negative, enter "0") __500,000__ ▶ __500,000__ 4

Enter the least of amounts 1, 2, 3, and 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __489,917__ D

Ontario domestic factor (ODF): (Ontario taxable income * / Taxable income earned in all provinces and territories **) $\frac{498,655}{498,655}$ = . . . . . . . . . __1.00000__ E

Amount D × ODF (line E) __489,917__ c

Ontario taxable income (amount B from Part 2) __498,655__ d

Ontario small business income (lesser of amount c and amount d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __489,917__ F

OSBD rate for the year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __7.0__ % G

**Ontario small business deduction:** amount F multiplied by rate G . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __34,294__ H
Enter amount H on line 402 of Schedule 5.

\* Enter amount B from Part 2.
\*\* Includes the offshore jurisdictions for Nova Scotia and Newfoundland and Labrador.

---

**Part 4 – Ontario adjusted small business income**

Complete this part if the corporation was a Canadian-controlled private corporation throughout the tax year and is claiming the Ontario tax credit for manufacturing and processing or the Ontario credit union tax reduction.

**Ontario adjusted small business income** (lesser of amount D and amount d from Part 3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __489,917__ I

Enter amount I on line K in Part 5 of this schedule or on line B in Part 2 of Schedule 502, *Ontario Tax Credit for Manufacturing and Processing*, whichever applies.

---

Version 2016.4.5  GP65 - RETAIN ON FILE. DO NOT SUBMIT TO THE CRA.

Page 2 of 3

LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:33 AM

**Protected B**
when completed

---

┌─ **Part 5 – Calculation of credit union tax reduction** ─────────────────────────

Complete this part and Schedule 17, *Credit Union Deductions*, if the corporation was a credit union throughout the tax year.

Amount D from Part 3 of Schedule 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ J

**Deduct:**

Ontario adjusted small business income (amount I from Part 4) . . . . . . . . . . . . . . . . . . . . . . . . . . _____ K

Subtotal (amount J minus amount K) (if negative, enter "0") . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ L

Amount L multiplied by rate G from Part 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ M

Ontario domestic factor (line E from Part 3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.00000 N

**Ontario credit union tax reduction** (amount M multiplied by ODF from line N) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ O

Enter amount O on line 410 of Schedule 5.

---

LEAN SOFTWARE SERVICES, INC. CRA Business # 858478530 Year-end: 2016/12/31 Printed: 5/15/2017 11:11:35 AM



Canada Revenue
Agency

Agence du revenu
du Canada

**SCHEDULE 550**
Code 0902

## ONTARIO CO-OPERATIVE EDUCATION TAX CREDIT

- Use this schedule to claim an Ontario co-operative education tax credit (CETC) under section 88 of the *Taxation Act, 2007* (Ontario).
- The CETC is a refundable tax credit that is equal to an eligible percentage (10% to 30%) of the eligible expenditures incurred by a corporation for a qualifying work placement. The maximum credit amount is $1,000 for each qualifying work placement ending before March 27, 2009, and $3,000 for each qualifying work placement beginning after March 26, 2009. For a qualifying work placement that straddles March 26, 2009, the maximum credit amount is prorated.
- Eligible expenditures are salaries and wages (including taxable benefits) paid or payable to a student in a qualifying work placement, or fees paid or payable to an employment agency for services performed by the student in a qualifying work placement. These expenditures must be paid on account of employment or services, as applicable, at a permanent establishment of the corporation in Ontario. Expenditures for a work placement (WP) are not eligible expenditures if they are greater than the amounts that would be paid to an arm's length employee.
- A WP must meet all of the following conditions to be a qualifying work placement:
  – the student performs employment duties for a corporation under a qualifying co-operative education program (QCEP);
  – the WP has been developed or approved by an eligible educational institution as a suitable learning situation;
  – the terms of the WP require the student to engage in productive work;
  – the WP is for a period of at least 10 consecutive weeks or, in the case of an internship program, not less than 8 consecutive months and not more than 16 consecutive months;
  – the student is paid for the work performed in the WP;
  – the corporation is required to supervise and evaluate the job performance of the student in the WP;
  – the institution monitors the student's performance in the WP; and
  – the institution has certified the WP as a qualifying work placement.
- Make sure you keep a copy of the letter of certification from the Ontario eligible educational institution containing the name of the student, the employer, the institution, the term of the WP, and the name/discipline of the QCEP to support the claim. Do not submit the letter of certification with the *T2 Corporation Income Tax Return.*
- File this schedule with the *T2 Corporation Income Tax Return.*

### Part 1 - Corporate information

| 110 Name of person to contact for more information | 120 Telephone number including area code |
|---|---|
| STEPHEN ROSENBERG | (416) 798-4997 |

| Is the claim filed for a CETC earned through a partnership?* | 150 1 Yes ☐ 2 No ☒ |
|---|---|

| If you answered **yes** to the question at line 150, what is the name of the partnership? | 160 |
|---|---|

| Enter the percentage of the partnership's CETC allocated to the corporation | 170 | % |
|---|---|---|

\* When a corporate member of a partnership is claiming an amount for eligible expenditures incurred by a partnership, complete a Schedule 550 for the partnership as if the partnership were a corporation. Each corporate partner, other than a limited partner, should file a separate Schedule 550 to claim the partner's share of the partnership's CETC. The allocated amounts can not exceed the amount of the partnership's CETC.

### Part 2 – Eligibility

| 1. Did the corporation have a permanent establishment in Ontario in the tax year? | 200 1 Yes ☒ 2 No ☐ |
|---|---|
| 2. Was the corporation exempt from tax under Part III of the *Taxation Act, 2007* (Ontario)? | 210 1 Yes ☐ 2 No ☒ |

If you answered **no** to question 1 or **yes** to question 2, then the corporation is **not eligible** for the CETC.



Canadä

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:36 AM

**Part 3 – Eligible percentage for determining the eligible amount**

| Corporation's salaries and wages paid in the previous tax year* | **300** | 366,670 |
|---|---|---|

For eligible expenditures incurred before March 27, 2009:
- If line 300 is $400,000 or less, enter 15% on line 310
- If line 300 is $600,000 or more, enter 10% on line 310
- If line 300 is more than $400,000 and less than $600,000, enter the percentage on line 310 using the following formula:

$$\text{Eligible percentage} = 15\ \% - \left[ 5\ \% \times \frac{(\text{amount on line 300} \quad \text{minus} \quad 400,000\ )}{200,000} \right.$$

| **Eligible percentage for determining the eligible amount** | **310** | 15.000 % |
|---|---|---|

For eligible expenditures incurred after March 26, 2009:
- If line 300 is $400,000 or less, enter 30% on line 312
- If line 300 is $600,000 or more, enter 25% on line 312
- If line 300 is more than $400,000 and less than $600,000, enter the percentage on line 312 using the following formula:

$$\text{Eligible percentage} = 30\ \% - \left[ 5\ \% \times \frac{(\text{amount on line 300} \quad \text{minus} \quad 400,000\ )}{200,000} \right.$$

| **Eligible percentage for determining the eligible amount** | **312** | 30.000 % |
|---|---|---|

\* If this is the first tax year of an amalgamated corporation and subsection 88(9) of the *Taxation Act, 2007* (Ontario) applies, enter the salaries and wages paid in the previous tax year by the predecessor corporations.

LEAN SOFTWARE SERVICES, INC.   CRA Business # 858478530   Year-end: 2016/12/31   Printed: 5/15/2017 11:11:36 AM

**Part 4 – Calculation of the Ontario co-operative education tax credit**

Complete a separate entry for each student for each qualifying work placement that ended in the corporation's tax year. If a qualifying work placement would otherwise exceed four consecutive months, divide the WP into periods of four consecutive months and enter each full period of four consecutive months as a separate WP. If the WP does not divide equally into four-month periods and if the period that is less than 4 months is 10 or more consecutive weeks, then enter that period as a separate WP. If that period is less than 10 consecutive weeks, then include it with the WP for the last period of 4 consecutive months. Consecutive work placements with two or more associated corporations are deemed to be with only one corporation, as designated by the corporations.

| | A Name of university, college, or other eligible educational institution 400 | | B Name of qualifying co-operative education program 405 |
|---|---|---|---|
| 1 | UNIVERSITY OF WATERLOO | | ELECTRICAL ENGINEERING |
| 2 | SHARIDAN COLLEGE | | |

| | C Name of student 410 | D Start date of WP (see note 1 below) 430 | E End date of WP (see note 2 below) 435 |
|---|---|---|---|
| 1 | BARAL DIBAS | 2016/01/25 | 2016/05/06 |
| 2 | SHASHAANK SRINIVASAN | 2016/05/05 | 2016/09/09 |

Note 1: When the WP has been divided into separate periods because it exceeds four consecutive months, enter the start date for the separate WP.
Note 2: When the WP has been divided into separate periods because it exceeds four consecutive months, enter the end date for the separate WP.

| | F1 Eligible expenditures before March 27, 2009 (see note 1 below) 450 | F2 Eligible expenditures after March 26, 2009 (see note 1 below) 452 | G Eligible amount (eligible expenditures **multiplied** by eligible percentage) (see note 2 below) 460 | H Maximum CETC per WP (see note 3 below) 462 |
|---|---|---|---|---|
| 1 | | 8,654 | 2,596 | 3,000 |
| 2 | | 7,108 | 2,132 | 3,000 |

| | | I CETC on eligible expenditures (column G or H, whichever is less) 470 | J CETC on repayment of government assistance (see note 4 below) 480 | K CETC for each WP (column I or column J) 490 |
|---|---|---|---|---|
| 1 | | 2,596 | | 2,596 |
| 2 | | 2,132 | | 2,132 |

| Ontario co-operative education tax credit (total of amounts in column K) 500 | 4,728 L |
|---|---|

Canada

LEAN SOFTWARE SERVICES, INC.  CRA Business # 858478530  Year-end: 2016/12/31  Printed: 5/15/2017 11:11:36 AM

or, if the corporation answered **yes** at line 150 in Part 1, determine the partner's share of amount L:

Amount L _____ 4,728 _ x percentage at line 170 in Part 1 _____ % = _____ M

Enter amount L or M, whichever applies, on line 452 of Schedule 5, *Tax Calculation Supplementary – Corporations*. If you are filing more than one Schedule 550, add the amounts from line L or M, whichever applies, on all the schedules and enter the total amount on line 452 of Schedule 5.

Note 1:  Reduce eligible expenditures by all government assistance, as defined under subsection 88(21) of the Taxation Act, 2007 (Ontario), that the corporation has received, is entitled to receive, or may reasonably expect to receive, for the eligible expenditures, on or before the filing due date of the *T2 Corporation Income Tax Return* for the tax year.

Note 2:  Calculate the eligible amount (Column G) using the following formula:

Column G = (column F1 x percentage on line 310) + (column F2 x percentage on line 312)

Note 3:  If the WP ends before March 27, 2009, the maximum credit amount for the WP is $1,000.
If the WP begins after March 26, 2009, the maximum credit amount for the WP is $3,000.
If the WP begins before March 27, 2009 and ends after March 26, 2009, calculate the maximum credit amount using the following formula:

($1,000 x X/Y) + [$3,000 x (Y - X)/Y]

where "X" is the number of consecutive weeks of the WP completed by the student before March 27, 2009, and "Y" is the total number of consecutive weeks of the student's WP.

Note 4:  When claiming a CETC for repayment of government assistance, complete a **separate entry** for each repayment and complete columns A to E and J and K with the details for the previous year WP in which the government assistance was received. Include the amount of government assistance repaid in the tax year multiplied by the eligible percentage for the tax year in which the government assistance was received, to the extent that the government assistance reduced the CETC in that tax year.

# Exhibit H



Lean Industries 458 West Wilmc
Sign in
Lean Industries
Corporate Office
Directions
SAVE
NEARBY
SEND TO YOUR PHONE
SHARE
leanindustries.com
(214) 766-3215
Claim this business
Suggest an edit
Add hours
Add a photo
WRITE A REVIEW
Accolade Group Inc
Audio Heaven
Social Coffee & Tea Company
Mason's Masonry Supply Ltd
Books For Christ
Tuxedo Royale
Haru
Kim Tao Hot Pot
Tian Bao Travel (Compass Holidays)
GraceKennedy (Ontario) Inc
World Bowl
Lean Industries
Flowers By Sylvia
Canada Computers & Electronics
MASS Electronics Ltd
Joint Apprenticeship Council
Chef Works Canada
Caduceon Environmental Laboratories
Scuba 2000
GarDel Metal Products
Holiday Inn Express & Suites
Everlasting Moments
Rogers Dealer - Uptown Communications
Google

# Exhibit I

**Canada Division**



**BJORN LARSEN**

CEO & PRESIDENT
blarsen@leanindustries.com
Toronto

**CHRIS SLOAN** ★

MANAGER, FINANCIAL &
OPERATIONAL SERVICES
csloan@leanindustries.com
Toronto

**GREG COOPER** ★

VICE PRESIDENT,
PRODUCT DEVELOPMENT
gcooper@leanindustries.com
Toronto

**BRENT WATHEN** ★

DIRECTOR, NETWORK
TECHNOLOGIES
bwathen@leanindustries.com
Toronto

**CATHERINE TURNBULL**

FINANCIAL & OPERATIONAL
ANALYST
cturnbull@leanindustries.com
Toronto

**JOHN LONG**

SOFTWARE DEVELOPER
jlong@leanindustries.com
Toronto

**CARMEN RODRIGUEZ**

SUPPORT ANALYST
crodriguez@leanindustries.com
Toronto

**JAMUNA ADHIKARI**

QA ANALYST
jadhikari@leanindustries.com
Toronto

**MICHAEL LEI JIANG**

SOFTWARE DEVELOPER
mjiang@leanindustries.com
Toronto

**VAN TRINH**

SR. SOFTWARE DEVELOPER
vtrinh@leanindustries.com
Toronto

**CHARLES DUFFY**

SR. SOFTWARE DEVELOPER
cduffy@leanindustries.com
Toronto

**AJAY AUGUSTINE**

JR. QA ANALYST
aaugustine@leanindustries.com
Toronto

**RAVI HARIHARAN**

SR. SOFTWARE DEVELOPER
rhariharan@leanindustries.com
Toronto

**PADMA DHARAN**

QA Analyst
pdharan@leanindustries.com
Toronto

**ELENA GRODZOVSKY**

MANAGER, QA SERVICES
egrodzovsky@leanindustries.com
Toronto

★ indicates Manager

# Exhibit J

CERTIFICATE No. 2     For     Shares

Issued to   Lean Software Services, Inc.

Date   July 13, 2012

Received Certificate No. 2

For   1,000   Shares

on   July 13    , 2012

From whom transferred
original issue

Date   July 13, 2012

| No. Original Certificate | No. of Original Shares | No. of Shares Transferred |
|---|---|---|
| 2 | 1,000 | |

NUMBER
2

SHARES
1,000

LSS Software Holdings Inc.

A Delaware Corporation

1000 Shares of Common Stock Authorized - Par Value $.001 per Share

This Certifies that   Lean Software Services, Inc.

is the owner of   One thousand (1,000)

fully paid and non-assessable Shares of the Common Stock of the above named Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officer(s) this   13th   day of   July   2012

President

CERTIFICATE No. 1    For _____ Shares

Issued to   Lean Industries, Inc.

Date   February 17, 2010

Received Certificate No. 1

For   1,000   Shares

on   February 17  , 2010

From whom transferred
original issue

Date February 17, 2010

| No. Original Certificate | No. of Original Shares | No. of Shares Transferred |
|---|---|---|
| 1 | 1,000 | 1,000 |



**LSS Software Holdings, Inc.**

A Delaware Corporation

Lean Industries, Inc.

This Certifies that

One Thousand (1,000)

CANCELLED

# Exhibit K

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:42 PM 01/08/2010
FILED 04:38 PM 01/08/2010
SRV 100023419 - 4775151 FILE

## STATE of DELAWARE
## CERTIFICATE of INCORPORATION
### A STOCK CORPORATION

- **First**: The name of this Corporation is **LSS Software Holdings, Inc.**

- **Second**: Its registered office in the State of Delaware is to be located at **3411 Silverside Road Rodney Building #104** Street, in the City of **Wilmington** County of **New Castle** Zip Code **19810**. The registered agent in charge thereof is **Corporate Creations Network Inc.**

- **Third**: The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

- **Fourth**: The amount of the total stock of this corporation is authorized to have is **2,000** shares (number of authorized shares) with a par value of **$.01** per share.

- **Fifth**: The name and mailing address of the incorporator are as follows:
  Name **Corporate Creations International, Inc.**
  Mailing Address **11380 Prosperity Farms Rd. #221E**
  **Palm Beach Gardens Florida** Zip Code **33410**

- **I, The Undersigned**, for the purpose of forming a corporation under the laws of the State of Delaware, do make, file and record this Certificate, and do certify that the facts herein stated are true, and I have accordingly hereunto set my hand this **8th** day of **January**, A.D. 20**10**

BY: _Valerie Hawk_
(Incorporator)

NAME: Corporate Creations International Inc.
Valerie Hawk, Special Secretary
(type or print)

State of Delaware
Secretary of State
Division of Corporations
Delivered 01:39 PM 06/04/2012
FILED 01:36 PM 06/04/2012
SRV 120699309 - 4775151 FILE

## STATE OF DELAWARE
### CERTIFICATE FOR RENEWAL AND REVIVAL
### OF
### LSS SOFTWARE HOLDINGS, INC.

LSS SOFTWARE HOLDINGS, INC., a corporation organized under the laws of Delaware, the Certificate of Incorporation of which was filed in the office of the Secretary of State on the 6th day of January, 2010, the charter of which was voided for failure to pay its Franchise Tax now desires to produce a restoration, renewal and revival of its charter, and hereby certifies as follows:

1.  The name of the corporation is LSS SOFTWARE HOLDINGS, INC.

2.  Its registered office in the State of Delaware is located at 1201 Orange Street, Suite 600, City of Wilmington, New Castle County, Delaware 19801 the name and address of its registered agent is Agents and Corporations, Inc., 1201 Orange Street, Suite 600, City of Wilmington, New Castle County, Delaware 19801.

3.  The date when restoration, renewal, and revival of the charter of this company is to commence is the 20th day of February, 2012, same being prior to the date of the expiration of the charter. This renewal and revival of the charter of this corporation is to be perpetual.

4.  This corporation was duly organized and carried on the business authorized by its charter until the 1st day of March, 2012, at which time its charter became inoperative and void for failure to pay its Franchise Tax and this certificate of renewal and revival is filed by authority of the duly elected directors of the corporation in accordance with the laws of the State of Delaware.

IN TESTIMONY WHEREOF, and in compliance with the provisions of Section 312 of the General Corporation Law of the State of Delaware, as amended, providing for the renewal, extension and restoration of charters, the last and acting authorized officer hereunto set his/her hand to this certificate the 10th day of May, 2012

LSS SOFTWARE HOLDINGS, INC.

By:
Name: Bjorn Larsen
Title: President

# Exhibit L

LSSSOFTSUBS

| Form **1120** | | U.S. Corporation Income Tax Return | | | OMB No. 1545-0123 |
|---|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service | | For calendar year 2016 or tax year beginning , ending ▶ Information about Form 1120 and its separate instructions is at *www.irs.gov/form1120.* | | | **2016** |

| A Check if: | | TYPE OR PRINT | Name LSS Software Holdings, Inc and Sub | | B Employer identification number 45-4456934 |
|---|---|---|---|---|---|
| 1a Consolidated return (attach Form 851) | ☒ | | | | |
| b Life/nonlife consolidated return | | | Number, street, and room or suite no. If a P.O. box, see instructions. 159 Linwood Avenue | | C Date Incorporated 01/08/2010 |
| 2 Personal holding co. (attach Sch. PH) | | | | | |
| 3 Personal service corp. (see instructions) | | | City or town, state, or province, country, and ZIP or foreign postal code Buffalo NY 14209 | | D Total assets (see instructions) |
| 4 Schedule M-3 attached | | | | | $ 865,705 |

| E Check if: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Name change (4) ☐ Address change |
|---|

| | | | | | |
|---|---|---|---|---|---|
| Income | 1a | Gross receipts or sales | 1a | 2,835,938 | |
| | b | Returns and allowances | 1b | 5,448 | |
| | c | Balance. Subtract line 1b from line 1a | | 1c | 2,830,490 |
| | 2 | Cost of goods sold (attach Form 1125-A) | | 2 | |
| | 3 | Gross profit. Subtract line 2 from line 1c | | 3 | 2,830,490 |
| | 4 | Dividends (Schedule C, line 19) | | 4 | |
| | 5 | Interest | | 5 | 3,000 |
| | 6 | Gross rents | | 6 | |
| | 7 | Gross royalties | | 7 | |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) | | 8 | |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | 9 | |
| | 10 | Other income (see instructions—attach statement) See Stmt 1 | | 10 | 1,144 |
| | 11 | **Total income.** Add lines 3 through 10 ▶ | | 11 | 2,834,634 |
| Deductions (See instructions for limitations on deductions.) | 12 | Compensation of officers (see instructions—attach Form 1125-E) ▶ | | 12 | |
| | 13 | Salaries and wages (less employment credits) | | 13 | 716,171 |
| | 14 | Repairs and maintenance | | 14 | 2,692 |
| | 15 | Bad debts | | 15 | |
| | 16 | Rents | | 16 | 31,900 |
| | 17 | Taxes and licenses | | 17 | 59,041 |
| | 18 | Interest | | 18 | |
| | 19 | Charitable contributions | | 19 | |
| | 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | | 20 | 13,936 |
| | 21 | Depletion | | 21 | |
| | 22 | Advertising | | 22 | 1,666 |
| | 23 | Pension, profit-sharing, etc., plans | | 23 | |
| | 24 | Employee benefit programs | | 24 | 91,225 |
| | 25 | Domestic production activities deduction (attach Form 8903) | | 25 | |
| | 26 | Other deductions (attach statement) See Stmt 2 | | 26 | 1,584,812 |
| | 27 | **Total deductions.** Add lines 12 through 26 ▶ | | 27 | 2,501,443 |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | 28 | 333,191 |
| | 29a | Net operating loss deduction (see instructions) | 29a | 333,191 | |
| | b | Special deductions (Schedule C, line 20) | 29b | | |
| | c | Add lines 29a and 29b | | 29c | 333,191 |
| Tax, Refundable Credits, and Payments | 30 | Taxable income. Subtract line 29c from line 28. See instructions | | 30 | 0 |
| | 31 | Total tax (Schedule J, Part I, line 11) | | 31 | 0 |
| | 32 | Total payments and refundable credits (Schedule J, Part II, line 21) | | 32 | |
| | 33 | Estimated tax penalty. See instructions. Check if Form 2220 is attached ▶ ☐ | | 33 | |
| | 34 | Amount owed. If line 32 is smaller than the total of lines 31 and 33, enter amount owed | | 34 | |
| | 35 | Overpayment. If line 32 is larger than the total of lines 31 and 33, enter amount overpaid | | 35 | |
| | 36 | Enter amount from line 35 you want: Credited to 2017 estimated tax ▶ Refunded ▶ | | 36 | |

**Sign Here**
Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

May the IRS discuss this return with the preparer shown below? See instructions. ☒ Yes ☐ No

| Signature of officer Bjorn Larsen | Date | Title President |
|---|---|---|

| Paid Preparer Use Only | Print/Type preparer's name Michael J. Dansa, CPA | Preparer's signature Michael J. Dansa, CPA | Date 04/14/17 | Check ☒ if self-employed | PTIN P00797026 |
|---|---|---|---|---|---|
| | Firm's name ▶ Dansa & D'Arata LLP | | | Firm's EIN ▶ 16-1382528 | |
| | Firm's address ▶ 361 Delaware Ave Buffalo, NY 14202 | | | Phone no. 716-842-3900 | |

For Paperwork Reduction Act Notice, see separate instructions.
DAA
Form **1120** (2016)

LSSSOFTSUBS

Form 1120 (2016) **LSS Software Holdings, Inc and Sub** 45-4456934 Page **2**

| | Schedule C | Dividends and Special Deductions (see instructions) | (a) Dividends received | (b) % | (c) Special deductions (a) x (b) |
|---|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) | | | 70 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) | | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations | | | see instructions | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs | | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs | | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries | | | 100 | |
| 9 | **Total.** Add lines 1 through 8. See instructions for limitation | | | | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | | 100 | |
| 11 | Dividends from affiliated group members | | | 100 | |
| 12 | Dividends from certain FSCs | | | 100 | |
| 13 | Dividends from foreign corporations not included on line 3, 6, 7, 8, 11, or 12 | | | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | | |
| 15 | Foreign dividend gross-up | | | | |
| 16 | IC-DISC and former DISC dividends not included on line 1, 2, or 3 | | | | |
| 17 | Other dividends | | | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | | | | |
| 19 | **Total dividends.** Add lines 1 through 17. Enter here and on page 1, line 4 ▶ | | | | |
| 20 | **Total special deductions.** Add lines 9, 10, 11, 12, and 18. Enter here and on page 1, line 29b ▶ | | | | |

Form **1120** (2016)

DAA

LSSSOFTSUBS

Form 1120 (2016)  **LSS Software Holdings, Inc and Sub**  45-4456934  Page **3**

| Schedule J | Tax Computation and Payment (see instructions) | | | | | |
|---|---|---|---|---|---|---|

**Part I—Tax Computation**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (attach Schedule O (Form 1120)). See instructions ▶ | | | | | |
| 2 | Income tax. Check if a qualified personal service corporation. See instructions ▶ | | | **2** | | 0 |
| 3 | Alternative minimum tax (attach Form 4626) | | | **3** | | |
| 4 | Add lines 2 and 3 | | | **4** | | 0 |
| 5a | Foreign tax credit (attach Form 1118) | 5a | | | | |
| b | Credit from Form 8834 (see instructions) | 5b | | | | |
| c | General business credit (attach Form 3800) | 5c | | | | |
| d | Credit for prior year minimum tax (attach Form 8827) | 5d | | | | |
| e | Bond credits from Form 8912 | 5e | | | | |
| 6 | Total credits. Add lines 5a through 5e | | | **6** | | |
| 7 | Subtract line 6 from line 4 | | | **7** | | |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)) | | | **8** | | |
| 9a | Recapture of investment credit (attach Form 4255) | 9a | | | | |
| b | Recapture of low-income housing credit (attach Form 8611) | 9b | | | | |
| c | Interest due under the look-back method—completed long-term contracts (attach Form 8697) | 9c | | | | |
| d | Interest due under the look-back method—income forecast method (attach Form 8866) | 9d | | | | |
| e | Alternative tax on qualifying shipping activities (attach Form 8902) | 9e | | | | |
| f | Other (see instructions—attach statement) | 9f | | | | |
| 10 | Total. Add lines 9a through 9f | | | **10** | | |
| 11 | Total tax. Add lines 7, 8, and 10. Enter here and on page 1, line 31 | | | **11** | | 0 |

**Part II—Payments and Refundable Credits**

| | | | | | | |
|---|---|---|---|---|---|---|
| 12 | 2015 overpayment credited to 2016 | | | **12** | | |
| 13 | 2016 estimated tax payments | | | **13** | | |
| 14 | 2016 refund applied for on Form 4466 | | | **14** | ( | ) |
| 15 | Combine lines 12, 13, and 14 | | | **15** | | |
| 16 | Tax deposited with Form 7004 | | | **16** | | |
| 17 | Withholding (see instructions) | | | **17** | | |
| 18 | Total payments. Add lines 15, 16, and 17 | | | **18** | | |
| 19 | Refundable credits from: | | | | | |
| a | Form 2439 | 19a | | | | |
| b | Form 4136 | 19b | | | | |
| c | Form 8827, line 8c | 19c | | | | |
| d | Other (attach statement—see instructions) | 19d | | | | |
| 20 | Total credits. Add lines 19a through 19d | | | **20** | | |
| 21 | Total payments and credits. Add lines 18 and 20. Enter here and on page 1, line 32 | | | **21** | | |

| Schedule K | Other Information (see instructions) | | | | |
|---|---|---|---|---|---|

| | | | Yes | No |
|---|---|---|---|---|
| 1 | Check accounting method: a ☐ Cash b ☒ Accrual c ☐ Other (specify) ▶ | | | |
| 2 | See the instructions and enter the: | | | |
| a | Business activity code no. ▶ **541519** | | | |
| b | Business activity ▶ **Other Computer Services** | | | |
| c | Product or service ▶ **Software Distributor** | | | |
| 3 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? | | | X |
| | If "Yes," enter name and EIN of the parent corporation ▶ | | | |
| 4 | At the end of the tax year: | | | |
| a | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G) | | X | |
| b | Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G) | | | X |

Form **1120** (2016)

DAA

LSSSOFTSUBS

Form 1120 (2016)  **LSS Software Holdings, Inc and Sub**  45-4456934  Page 4

| Schedule K | Other Information *(continued from page 3)* | | | | | |
|---|---|---|---|---|---|---|

| | | | | | Yes | No |
|---|---|---|---|---|---|---|
| 5 | At the end of the tax year, did the corporation: | | | | | |
| a | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851**, Affiliations Schedule? For rules of constructive ownership, see instructions. | | | | | X |
| | If "Yes," complete (i) through (iv) below. | | | | | |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | | | | Yes | No |
|---|---|---|---|---|---|---|
| b | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. | | | | | X |
| | If "Yes," complete (i) through (iv) below. | | | | | |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Country of Organization | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | | Yes | No |
|---|---|---|---|---|
| 6 | During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? See sections 301 and 316 | | | X |
| | If "Yes," file **Form 5452**, Corporate Report of Nondividend Distributions. | | | |
| | If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary. | | | |
| 7 | At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of **(a)** the total voting power of all classes of the corporation's stock entitled to vote or **(b)** the total value of all classes of the corporation's stock? | | X | |
| | For rules of attribution, see section 318. If "Yes," enter: | | | |
| | (i) Percentage owned ▶ **100.000** and (ii) Owner's country ▶ **Canada** | | | |
| | **(c)** The corporation may have to file **Form 5472**, Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached ▶ **2** | | | |
| 8 | Check this box if the corporation issued publicly offered debt instruments with original issue discount ▶ ☐ | | | |
| | If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments. | | | |
| 9 | Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ **0** | | | |
| 10 | Enter the number of shareholders at the end of the tax year (if 100 or fewer) ▶ | | | |
| 11 | If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ ☐ | | | |
| | If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election won't be valid. | | | |
| 12 | Enter the available NOL carryover from prior tax years (don't reduce it by any deduction on line 29a.) ▶ $ **383,255** | | | |
| 13 | Are the corporation's total receipts (page 1, line 1a, plus lines 4 through 10) for the tax year and its total assets at the end of the tax year less than $250,000? | | | X |
| | If "Yes," the corporation isn't required to complete Schedules L, M-1, and M-2. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year ▶ $ | | | |
| 14 | Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement? See instructions | | | X |
| | If "Yes," complete and attach Schedule UTP. | | | |
| 15a | Did the corporation make any payments in 2016 that would require it to file Form(s) 1099? | | X | |
| b | If "Yes," did or will the corporation file required Forms 1099? | | X | |
| 16 | During this tax year, did the corporation have an 80% or more change in ownership, including a change due to redemption of its own stock? | | | X |
| 17 | During or subsequent to this tax year, but before the filing of this return, did the corporation dispose of more than 65% (by value) of its assets in a taxable, non-taxable, or tax deferred transaction? | | | X |
| 18 | Did the corporation receive assets in a section 351 transfer in which any of the transferred assets had a fair market basis or fair market value of more than $1 million? | | | X |
| 19 | During the corporation's tax year, did the corporation make any payments that would require it to file Forms 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474) of the Code? | | | X |

Form **1120** (2016)

DAA

LSSSOFTSUBS

Form 1120 (2016)  **LSS Software Holdings, Inc and Sub**  45-4456934  Page **5**

| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | Assets | (a) | (b) | (c) | (d) |
| 1 | Cash | | 75,666 | | 632,574 |
| 2a | Trade notes and accounts receivable | 29,576 | | 229,218 | |
| b | Less allowance for bad debts | 0 | 29,576 | 0 | 229,218 |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities (see instructions) | | | | |
| 6 | Other current assets (att. stmt.) | | | | |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments (attach stmt.) | | | | |
| 10a | Buildings and other depreciable assets | 214,000 | | 224,142 | |
| b | Less accumulated depreciation | 206,293 | 7,707 | 220,229 | 3,913 |
| 11a | Depletable assets | | | | |
| b | Less accumulated depletion | | | | |
| 12 | Land (net of any amortization) | | | | |
| 13a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | | | | |
| 14 | Other assets (attach stmt.) **Stmt 3** | | 130,000 | | 0 |
| 15 | Total assets | | 242,949 | | 865,705 |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable | | 0 | | 46,310 |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (att. stmt.) **Stmt 4** | | 205,834 | | 324,387 |
| 19 | Loans from shareholders | | 365,700 | | 490,402 |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 | Other liabilities (attach statement) **Stmt 5** | | 17,000 | | 17,000 |
| 22 | Capital stock: a  Preferred stock | | | | |
| | b  Common stock | | | | |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings—Appropriated (att. stmt.) | | | | |
| 25 | Retained earnings—Unappropriated | | -345,585 | | -12,394 |
| 26 | Adjustments to SH equity (att. stmt.) | | | | |
| 27 | Less cost of treasury stock | | | ( | ) |
| 28 | Total liabilities and shareholders' equity | | 242,949 | | 865,705 |

| Schedule M-1 | Reconciliation of Income (Loss) per Books With Income per Return |
|---|---|

Note: The corporation may be required to file Schedule M-3. See instructions.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | Net income (loss) per books | 333,191 | | 7 | Income recorded on books this year | | |
| 2 | Federal income tax per books | | | | not included on this return (itemize): | | |
| 3 | Excess of capital losses over capital gains | | | | Tax-exempt interest  $ | | |
| 4 | Income subject to tax not recorded on books | | | | | | |
| | this year (itemize): | | | | | | |
| | | | | 8 | Deductions on this return not charged | | |
| 5 | Expenses recorded on books this year not | | | | against book income this year (itemize): | | |
| | deducted on this return (itemize): | | | a | Depreciation ....  $ | | |
| a | Depreciation ....  $ | | | b | Charitable contributions ....  $ | | |
| b | Charitable contributions....  $ | | | | | | |
| c | Travel and entertainment.....  $ | | | | | | |
| | | | | 9 | Add lines 7 and 8 | | |
| 6 | Add lines 1 through 5 | 333,191 | | 10 | Income (page 1, line 28)—line 6 less line 9 | | 333,191 |

| Schedule M-2 | Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L) |
|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | Balance at beginning of year | -345,585 | | 5 | Distributions:  a Cash | | |
| 2 | Net income (loss) per books | 333,191 | | | b Stock | | |
| 3 | Other increases (itemize): | | | | c Property | | |
| | | | | 6 | Other decreases (itemize): | | |
| | | | | 7 | Add lines 5 and 6 | | |
| 4 | Add lines 1, 2, and 3 | -12,394 | | 8 | Balance at end of year (line 4 less line 7) | | -12,394 |

Form **1120** (2016)

DAA

LSSSOFTSUBS

| Form **4626** | **Alternative Minimum Tax—Corporations** | OMB No. 1545-0123 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | ▶ Attach to the corporation's tax return.<br>▶ Information about Form 4626 and its separate Instructions is at *www.irs.gov/form4626*. | **2016** |

| Name | Employer identification number |
|---|---|
| LSS Software Holdings, Inc and Sub | 45-4456934 |

**Note:** *See the instructions to find out if the corporation is a small corporation exempt from the alternative minimum tax (AMT) under section 55(e).*

| | | | |
|---|---|---|---:|
| 1 | Taxable income or (loss) before net operating loss deduction | 1 | 333,191 |
| 2 | **Adjustments and preferences:** | | |
| a | Depreciation of post-1986 property | 2a | 280 |
| b | Amortization of certified pollution control facilities | 2b | |
| c | Amortization of mining exploration and development costs | 2c | |
| d | Amortization of circulation expenditures (personal holding companies only) | 2d | |
| e | Adjusted gain or loss | 2e | |
| f | Long-term contracts | 2f | |
| g | Merchant marine capital construction funds | 2g | |
| h | Section 833(b) deduction (Blue Cross, Blue Shield, and similar type organizations only) | 2h | |
| i | Tax shelter farm activities (personal service corporations only) | 2i | |
| j | Passive activities (closely held corporations and personal service corporations only) | 2j | |
| k | Loss limitations | 2k | |
| l | Depletion | 2l | |
| m | Tax-exempt interest income from specified private activity bonds | 2m | |
| n | Intangible drilling costs | 2n | |
| o | Other adjustments and preferences | 2o | |
| 3 | Pre-adjustment alternative minimum taxable income (AMTI). Combine lines 1 through 2o | 3 | 333,471 |

| | | | | | |
|---|---|---|---|---|---:|
| 4 | **Adjusted current earnings (ACE) adjustment:** | | | | |
| a | ACE from line 10 of the ACE worksheet in the instructions | 4a | 333,471 | | |
| b | Subtract line 3 from line 4a. If line 3 exceeds line 4a, enter the difference as a negative amount. See instructions. | 4b | | | |
| c | Multiply line 4b by 75% (0.75). Enter the result as a positive amount | 4c | | | |
| d | Enter the excess, if any, of the corporation's total increases in AMTI from prior year ACE adjustments over its total reductions in AMTI from prior year ACE adjustments. See instructions. **Note:** *You must enter an amount on line 4d (even if line 4b is positive)* | 4d | 0 | | |
| e | ACE adjustment.<br>• If line 4b is zero or more, enter the amount from line 4c<br>• If line 4b is less than zero, enter the **smaller** of line 4c or line 4d as a negative amount | | | 4e | |
| 5 | Combine lines 3 and 4e. If zero or less, stop here; the corporation does not owe any AMT | | | 5 | 333,471 |
| 6 | Alternative tax net operating loss deduction. See instructions | | | 6 | 300,124 |
| 7 | **Alternative minimum taxable income.** Subtract line 6 from line 5. If the corporation held a residual interest in a REMIC, see instructions | | | 7 | 33,347 |
| 8 | **Exemption phase-out** (if line 7 is $310,000 or more, skip lines 8a and 8b and enter -0- on line 8c): | | | | |
| a | Subtract $150,000 from line 7 (if completing this line for a member of a controlled group, see instructions). If zero or less, enter -0- | 8a | 0 | | |
| b | Multiply line 8a by 25% (0.25) | 8b | 0 | | |
| c | Exemption. Subtract line 8b from $40,000 (if completing this line for a member of a controlled group, see instructions). If zero or less, enter -0- | | | 8c | 40,000 |
| 9 | Subtract line 8c from line 7. If zero or less, enter -0- | | | 9 | 0 |
| 10 | Multiply line 9 by 20% (0.20) | | | 10 | 0 |
| 11 | Alternative minimum tax foreign tax credit (AMTFTC). See instructions | | | 11 | |
| 12 | Tentative minimum tax. Subtract line 11 from line 10 | | | 12 | 0 |
| 13 | Regular tax liability before applying all credits except the foreign tax credit | | | 13 | 0 |
| 14 | **Alternative minimum tax.** Subtract line 13 from line 12. If zero or less, enter -0-. Enter here and on Form 1120, Schedule J, line 3, or the appropriate line of the corporation's income tax return | | | 14 | 0 |

**For Paperwork Reduction Act Notice, see separate instructions.**

Form **4626** (2016)

DAA

LSSSOFTSUBS

| **SCHEDULE G**<br>**(Form 1120)**<br>(Rev. December 2011)<br>Department of the Treasury<br>Internal Revenue Service | **Information on Certain Persons Owning the**<br>**Corporation's Voting Stock**<br>▶ Attach to Form 1120.<br>▶ See Instructions on page 2. | OMB No. 1545-0123 |
|---|---|---|

| Name | Employer Identification number (EIN) |
|---|---|
| LSS Software Holdings, Inc and Sub | 45-4456934 |

**Part I**   **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a). Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned In Voting Stock |
|---|---|---|---|---|
| Lean Software Services, Inc. | 98-0625662 | Foreign Corp | Canada | 100.000 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II**   **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b). Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see Instructions) | (iv) Percentage Owned In Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**For Paperwork Reduction Act Notice,**
**see the Instructions for Form 1120.**
          **Schedule G (Form 1120) (Rev. 12-2011)**

DAA

LSSSOFTSUBS

| Form **4562** | **Depreciation and Amortization** | | OMB No. 1545-0172 |
|---|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | **(Including Information on Listed Property)** ▶ Attach to your tax return. ▶ Information about Form 4562 and its separate instructions is at *www.irs.gov/form4562*. | | **2016** Attachment Sequence No. **179** |

| Name(s) shown on return | Identifying number |
|---|---|
| LSS Software Holdings, Inc and Sub | 45-4456934 |

Business or activity to which this form relates
**Regular Depreciation**

**Part I   Election To Expense Certain Property Under Section 179**
Note: If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | **1** | 500,000 |
| 2 | Total cost of section 179 property placed in service (see instructions) | **2** | 10,142 |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | **3** | 2,010,000 |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** | 0 |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | **5** | 500,000 |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | See Statement 6 | 10,142 | 10,142 |
| | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | **7** | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | **8** | 10,142 |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | **9** | 10,142 |
| 10 | Carryover of disallowed deduction from line 13 of your 2015 Form 4562 | **10** | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 (see instructions) | **11** | 343,333 |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | **12** | 10,142 |
| 13 | Carryover of disallowed deduction to 2017. Add lines 9 and 10, less line 12 ▶ | **13** | |

Note: Don't use Part II or Part III below for listed property. Instead, use Part V.

**Part II   Special Depreciation Allowance and Other Depreciation (Don't include listed property.) (See instructions.)**

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year (see instructions) | **14** | |
| 15 | Property subject to section 168(f)(1) election | **15** | |
| 16 | Other depreciation (including ACRS) | **16** | |

**Part III   MACRS Depreciation (Don't include listed property.) (See instructions.)**

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2016 | **17** | 3,794 |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

**Section B—Assets Placed in Service During 2016 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only—see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a 3-year property | | | | | | |
| b 5-year property | | | | | | |
| c 7-year property | | | | | | |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs. | | S/L | |
| h Residential rental property | | | 27.5 yrs. | MM | S/L | |
| | | | 27.5 yrs. | MM | S/L | |
| I Nonresidential real property | | | 39 yrs. | MM | S/L | |
| | | | | MM | S/L | |

**Section C—Assets Placed in Service During 2016 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs. | | S/L | |
| c 40-year | | | 40 yrs. | MM | S/L | |

**Part IV   Summary (See instructions.)**

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | **21** | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations—see instructions | **22** | 13,936 |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | **23** | |

For Paperwork Reduction Act Notice, see separate instructions.

DAA

Form **4562** (2016)

There are no amounts for Page 2

LSSSOFTSUBS.

Form **5472**
(Rev. December 2012)

Department of the Treasury
Internal Revenue Service

## Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business
(Under Sections 6038A and 6038C of the Internal Revenue Code)
▶ Information about Form 5472 and its separate instructions is at www.irs.gov/form5472.
For tax year of the reporting corporation beginning **01/01/16**, and ending **12/31/16**
Note. Enter all information in English and money items in U.S. dollars.

OMB No. 1545-0805

### Part I — Reporting Corporation (see instructions). All reporting corporations must complete Part I.

| | |
|---|---|
| **1a** Name of reporting corporation<br>**LSS Software Holdings, Inc and Sub** | **1b** Employer identification number<br>**45-4456934** |
| Number, street, and room or suite no. (if a P.O. box, see instructions)<br>**159 Linwood Avenue** | **1c** Total assets |
| City or town, state, and ZIP code (if a foreign address, see instructions)<br>**Buffalo      NY 14209** | **$       865,705** |

| 1d Principal business activity ▶ **Other Computer Services** | 1e Principal business activity code ▶ **541519** |
|---|---|

| 1f Total value of gross payments made or received (see instructions) reported on this Form 5472<br>$ **2,248,646** | 1g Total number of Forms 5472 filed for the tax year<br>**2** | 1h Total value of gross payments made or received (see instructions) reported on all Forms 5472<br>$ **2,265,646** |
|---|---|---|

| 1i Check here if this is a consolidated filing of Form 5472 ▶ **Stmt 7** [X] | 1j Country of Incorporation<br>**USA** | 1k Country(ies) under whose laws the reporting corporation files an income tax return as a resident<br>**USA** | 1l Principal country(ies) where business is conducted<br>**USA** |
|---|---|---|---|

**2** Check here if, at any time during the tax year, any foreign person owned, directly or indirectly, at least 50% of (a) the total voting power of all classes of the stock of the reporting corporation entitled to vote, or (b) the total value of all classes of stock of the reporting corporation ▶ [X]

### Part II — 25% Foreign Shareholder (see instructions)

| 1a Name and address of direct 25% foreign shareholder<br><br>**Lean Software Services, Inc.**<br>**45A West Wilmot St, Ste 209**<br>**Richmond Hill    ON L4B 2P2    Canada** | 1b(1) U.S. identifying number, if any<br>**98-0625662** |
|---|---|
| | 1b(2) Reference ID number (see instructions) |

| 1c Principal country(ies) where business is conducted<br>**Canada** | 1d Country of citizenship, organization, or incorporation<br>**Canada** | 1e Country(ies) under whose laws the direct 25% foreign shareholder files an income tax return as a resident<br>**Canada** |
|---|---|---|

| 2a Name and address of direct 25% foreign shareholder<br><br> | 2b(1) U.S. identifying number, if any |
|---|---|
| | 2b(2) Reference ID number (see instructions) |

| 2c Principal country(ies) where business is conducted | 2d Country of citizenship, organization, or incorporation | 2e Country(ies) under whose laws the direct 25% foreign shareholder files an income tax return as a resident |
|---|---|---|

| 3a Name and address of ultimate indirect 25% foreign shareholder    **Stmt 8**<br><br>**Bjorn Larsen**<br>**45A West Wilmot St, Ste 209**<br>**Richmond Hill    ON L4B 2P2    Canada** | 3b(1) U.S. identifying number, if any<br>**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** |
|---|---|
| | 3b(2) Reference ID number (see instructions) |

| 3c Principal country(ies) where business is conducted<br>**Canada** | 3d Country of citizenship, organization, or incorporation<br>**Canada** | 3e Country(ies) under whose laws the ultimate indirect 25% foreign shareholder files an income tax return as a resident<br>**Canada** |
|---|---|---|

| 4a Name and address of ultimate indirect 25% foreign shareholder<br><br> | 4b(1) U.S. identifying number, if any |
|---|---|
| | 4b(2) Reference ID number (see instructions) |

| 4c Principal country(ies) where business is conducted | 4d Country of citizenship, organization, or incorporation | 4e Country(ies) under whose laws the ultimate indirect 25% foreign shareholder files an income tax return as a resident |
|---|---|---|

For Paperwork Reduction Act Notice, see instructions.

Form **5472** (Rev. 12-2012)

DAA

LSSSOFTSUBS

Form 5472 (Rev. 12-2012)  **LSS Software Holdings, Inc and Sub**  45-4456934                     Page **2**

| Part III | Related Party (see instructions) |
|---|---|

Check applicable box: Is the related party a  [X] foreign person or  [ ] U.S. person?
All reporting corporations must complete this question and the rest of Part III.

| 1a Name and address of related party | 1b(1) U.S. identifying number, if any |
|---|---|
| **Lean Software Services, Inc.** <br> **45A West Wilmot St, Ste 209** <br> **Richmond Hill    ON L4B 2P2    Canada** | **98-0625662** |
| | 1b(2) Reference ID number (see instructions) |

| 1c Principal business activity ▶ **Other Computer Services** | 1d Principal business activity code▶ **541519** |
|---|---|

1e Relationship—Check boxes that apply:  [ ] Related to reporting corporation  [ ] Related to 25% foreign shareholder  [X] 25% foreign shareholder

| 1f Principal country(ies) where business is conducted | 1g Country(ies) under whose laws the related party files an income tax return as a resident |
|---|---|
| **Canada** | **Canada** |

| Part IV | Monetary Transactions Between Reporting Corporations and Foreign Related Party (see instructions) |
|---|---|

Caution: Part IV must be completed if the "foreign person" box is checked in the heading for Part III.
If estimates are used, check here ▶ [ ]

| | | |
|---|---|---:|
| 1 Sales of stock in trade (inventory) | 1 | |
| 2 Sales of tangible property other than stock in trade | 2 | |
| 3 Platform contribution transaction payments received | 3 | |
| 4 Cost sharing transaction payments received | 4 | |
| 5a Rents received (for other than intangible property rights) | 5a | |
| b Royalties received (for other than intangible property rights) | 5b | |
| 6 Sales, leases, licenses, etc., of intangible property rights (e.g., patents, trademarks, secret formulas) | 6 | |
| 7 Consideration received for technical, managerial, construction, scientific, or like services | 7 | 331,771 |
| 8 Commissions received | 8 | |
| 9 Amounts borrowed (see instructions) a Beginning balance _____ 365,700  b Ending balance or monthly average ▶ | 9b | 490,402 |
| 10 Interest received | 10 | |
| 11 Premiums received for insurance or reinsurance | 11 | |
| 12 Other amounts received (see instructions) | 12 | |
| 13 Total. Combine amounts on lines 1 through 12 | 13 | 822,173 |
| 14 Purchases of stock in trade (inventory) | 14 | |
| 15 Purchases of tangible property other than stock in trade | 15 | |
| 16 Platform contribution transaction payments paid | 16 | |
| 17 Cost sharing transaction payments paid | 17 | 202,982 |
| 18a Rents paid (for other than intangible property rights) | 18a | |
| b Royalties paid (for other than intangible property rights) | 18b | |
| 19 Purchases, leases, licenses, etc., of intangible property rights (e.g., patents, trademarks, secret formulas) | 19 | |
| 20 Consideration paid for technical, managerial, engineering, construction, or like services | 20 | 1,223,491 |
| 21 Commissions paid | 21 | |
| 22 Amounts loaned (see instructions)  a Beginning balance _____  b Ending balance or monthly average ▶ | 22b | |
| 23 Interest paid | 23 | |
| 24 Premiums paid for insurance or reinsurance | 24 | |
| 25 Other amounts paid (see instructions) | 25 | |
| 26 Total. Combine amounts on lines 14 through 25 | 26 | 1,426,473 |

| Part V | Nonmonetary and Less-Than-Full Consideration Transactions Between the Reporting Corporation and the Foreign Related Party (see instructions) |
|---|---|

Describe these transactions on an attached separate sheet and check here.  ▶ [ ]

| Part VI | Additional Information |
|---|---|

All reporting corporations must complete Part VI.

| | | |
|---|---|---|
| 1 Does the reporting corporation import goods from a foreign related party? | [ ] Yes | [X] No |
| 2a If "Yes," is the basis or inventory cost of the goods valued at greater than the customs value of the imported goods? | [ ] Yes | [ ] No |
| If "No," do not complete b and c below. | | |
| b If "Yes," attach a statement explaining the reason or reasons for such difference. | | |
| c If the answers to questions 1 and 2a are "Yes," were the documents used to support this treatment of the imported goods in existence and available in the United States at the time of filing Form 5472? | [ ] Yes | [ ] No |
| 3 During the tax year, was the foreign parent corporation a participant in any cost sharing arrangement? | [ ] Yes | [X] No |
| 4 During the course of the tax year, did the foreign parent corporation become a participant in any cost sharing arrangement? | [ ] Yes | [X] No |

Form **5472** (Rev. 12-2012)

DAA

LSSSOFTSUBS

Form **5472**

(Rev. December 2012)

Department of the Treasury
Internal Revenue Service

**Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business**

(Under Sections 6038A and 6038C of the Internal Revenue Code)

▶ Information about Form 5472 and its separate instructions is at www.irs.gov/form5472.

For tax year of the reporting corporation beginning __01/01/16__, and ending __12/31/16__

Note. Enter all information in English and money items in U.S. dollars.

OMB No. 1545-0805

| Part I | Reporting Corporation (see instructions). All reporting corporations must complete Part I. | | |
|---|---|---|---|
| **1a** Name of reporting corporation<br>LSS Software Holdings, Inc and Sub | | | **1b** Employer identification number<br>45-4456934 |
| Number, street, and room or suite no. (if a P.O. box, see instructions)<br>159 Linwood Avenue | | | **1c** Total assets |
| City or town, state, and ZIP code (if a foreign address, see instructions)<br>Buffalo         NY 14209 | | | $        865,705 |

| **1d** Principal business activity ▶ Other Computer Services | | **1e** Principal business activity code ▶ 541519 |
|---|---|---|
| **1f** Total value of gross payments made or received (see instructions) reported on this Form 5472<br>$        17,000 | **1g** Total number of Forms 5472 filed for the tax year<br>2 | **1h** Total value of gross payments made or received (see instructions) reported on all Forms 5472<br>$      2,265,646 |
| **1i** Check here if this is    Stmt 9 a consolidated filing of Form 5472 ▶ [X] | **1j** Country of incorporation<br>USA | **1k** Country(ies) under whose laws the reporting corporation files an income tax return as a resident<br>USA | **1l** Principal country(ies) where business is conducted<br>USA |

**2** Check here if, at any time during the tax year, any foreign person owned, directly or indirectly, at least 50% of (a) the total voting power of all classes of the stock of the reporting corporation entitled to vote, or (b) the total value of all classes of stock of the reporting corporation ▶ [X]

| Part II | 25% Foreign Shareholder (see instructions) | | |
|---|---|---|---|
| **1a** Name and address of direct 25% foreign shareholder<br><br>Lean Software Services, Inc.<br>45A West Wilmot St, Ste 209<br>Richmond Hill       ON L4B 2P2       Canada | | | **1b(1)** U.S. identifying number, if any<br>98-0625662<br>**1b(2)** Reference ID number (see instructions) |
| **1c** Principal country(ies) where business is conducted<br>Canada | **1d** Country of citizenship, organization, or incorporation<br>Canada | **1e** Country(ies) under whose laws the direct 25% foreign shareholder files an income tax return as a resident<br>Canada | |
| **2a** Name and address of direct 25% foreign shareholder<br><br><br> | | | **2b(1)** U.S. identifying number, if any<br><br>**2b(2)** Reference ID number (see instructions) |
| **2c** Principal country(ies) where business is conducted | **2d** Country of citizenship, organization, or incorporation | **2e** Country(ies) under whose laws the direct 25% foreign shareholder files an income tax return as a resident | |
| **3a** Name and address of ultimate indirect 25% foreign shareholder                    Stmt 10<br><br>Bjorn Larsen<br>45A West Wilmot St, Ste 209<br>Richmond Hill       ON L4B 2P2       Canada | | | **3b(1)** U.S. identifying number, if any<br>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<br>**3b(2)** Reference ID number (see instructions) |
| **3c** Principal country(ies) where business is conducted<br>Canada | **3d** Country of citizenship, organization, or incorporation<br>Canada | **3e** Country(ies) under whose laws the ultimate indirect 25% foreign shareholder files an income tax return as a resident<br>Canada | |
| **4a** Name and address of ultimate indirect 25% foreign shareholder<br><br><br> | | | **4b(1)** U.S. identifying number, if any<br><br>**4b(2)** Reference ID number (see instructions) |
| **4c** Principal country(ies) where business is conducted | **4d** Country of citizenship, organization, or incorporation | **4e** Country(ies) under whose laws the ultimate indirect 25% foreign shareholder files an income tax return as a resident | |

For Paperwork Reduction Act Notice, see instructions.                    Form **5472** (Rev. 12-2012)

DAA

LSSSOFTSUBS

Form 5472 (Rev. 12-2012) **LSS Software Holdings, Inc and Sub  45-4456934**  Page **2**

## Part III  Related Party (see instructions)

Check applicable box: Is the related party a  [X] foreign person or  [ ] U.S. person?
All reporting corporations must complete this question and the rest of Part III.

| 1a Name and address of related party | 1b(1) U.S. identifying number, if any |
|---|---|
| **Bjorn Larsen** | **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** |
| **45A West Wilmot St, Ste 209** | 1b(2) Reference ID number (see Instructions) |
| **Richmond Hill      ON L4B 2P2      Canada** | |

| 1c Principal business activity ▶ **Other  Computer  Services** | 1d Principal business activity code▶  **541519** |
|---|---|

1e Relationship–Check boxes that apply:  | Related to reporting corporation [X] Related to 25% foreign shareholder | 25% foreign shareholder

| 1f  Principal country(ies) where business is conducted | 1g  Country(ies) under whose laws the related party files an income tax return as a resident |
|---|---|
| **Canada** | **Canada** |

## Part IV  Monetary Transactions Between Reporting Corporations and Foreign Related Party (see instructions)

Caution: Part IV **must** be completed if the "foreign person" box is checked in the heading for Part III.
If estimates are used, check here ▶ [ ]

| | | |
|---|---|---:|
| 1 Sales of stock in trade (inventory) | 1 | |
| 2 Sales of tangible property other than stock in trade | 2 | |
| 3 Platform contribution transaction payments received | 3 | |
| 4 Cost sharing transaction payments received | 4 | |
| 5a Rents received (for other than intangible property rights) | 5a | |
| b Royalties received (for other than intangible property rights) | 5b | |
| 6 Sales, leases, licenses, etc., of intangible property rights (e.g., patents, trademarks, secret formulas) | 6 | |
| 7 Consideration received for technical, managerial, engineering, construction, scientific, or like services | 7 | |
| 8 Commissions received | 8 | |
| 9 Amounts borrowed (see instructions) a Beginning balance _____ 17,000 b Ending balance or monthly average ▶ | 9b | 17,000 |
| 10 Interest received | 10 | |
| 11 Premiums received for insurance or reinsurance | 11 | |
| 12 Other amounts received (see instructions) | 12 | |
| 13 Total. Combine amounts on lines 1 through 12 | 13 | 17,000 |
| 14 Purchases of stock in trade (inventory) | 14 | |
| 15 Purchases of tangible property other than stock in trade | 15 | |
| 16 Platform contribution transaction payments paid | 16 | |
| 17 Cost sharing transaction payments paid | 17 | |
| 18a Rents paid (for other than intangible property rights) | 18a | |
| b Royalties paid (for other than intangible property rights) | 18b | |
| 19 Purchases, leases, licenses, etc., of intangible property rights (e.g., patents, trademarks, secret formulas) | 19 | |
| 20 Consideration paid for technical, managerial, engineering, construction, scientific, or like services | 20 | |
| 21 Commissions paid | 21 | |
| 22 Amounts loaned (see instructions)  a Beginning balance _____  b Ending balance or monthly average ▶ | 22b | |
| 23 Interest paid | 23 | |
| 24 Premiums paid for insurance or reinsurance | 24 | |
| 25 Other amounts paid (see instructions) | 25 | |
| 26 Total. Combine amounts on lines 14 through 25 | 26 | 0 |

## Part V  Nonmonetary and Less-Than-Full Consideration Transactions Between the Reporting Corporation and the Foreign Related Party (see instructions)

Describe these transactions on an attached separate sheet and check here.  ▶ [ ]

## Part VI  Additional Information

All reporting corporations must complete Part VI.

| | | |
|---|---|---|
| 1 Does the reporting corporation import goods from a foreign related party? | Yes [ ]  No [X] |
| 2a If "Yes," is the basis or inventory cost of the goods valued at greater than the customs value of the imported goods? | Yes [ ]  No [ ] |
| If "No," **do not** complete b and c below. | |
| b If "Yes," attach a statement explaining the reason or reasons for such difference. | |
| c If the answers to questions 1 and 2a are "Yes," were the documents used to support this treatment of the imported goods in existence and available in the United States at the time of filing Form 5472? | Yes [ ]  No [ ] |
| 3 During the tax year, was the foreign parent corporation a participant in any cost sharing arrangement? | Yes [ ]  No [X] |
| 4 During the course of the tax year, did the foreign parent corporation become a participant in any cost sharing arrangement? | Yes [ ]  No [X] |

Form **5472** (Rev. 12-2012)

DAA

LSSSOFTSUBS

**Form 851**

(Rev. October 2016)

Department of the Treasury
Internal Revenue Service

**Affiliations Schedule**

For tax year ending **12/31/16**

▶ File with each consolidated income tax return.

▶ Information about Form 851 and its Instructions is at *www.irs.gov/form851.*

OMB No. 1545-0123

Name of common parent corporation

**LSS Software Holdings, Inc.**

Employer identification number

**45-4456934**

Number, street, and room or suite no. If a P.O. box, see instructions.

**159 Linwood Avenue**

City or town, state, and ZIP code

**Buffalo**      **NY 14209**

| Part I | Overpayment Credits, Estimated Tax Payments, and Tax Deposits (see instructions) | | | |
|---|---|---|---|---|
| Corp. No. | Name and address of corporation | Employer identification number | Portion of overpayment credits and estimated tax payments | Portion of tax deposited with Form 7004 |
| 1 | Common parent corporation .................................... | | 0 | 0 |
| 2 | Subsidiary corporations:<br>**LSS Aircraft Holdings, Inc.**<br>**159 Linwood Avenue**<br>**Buffalo**    **NY 14209** | **27-1712275** | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Totals (Must equal amounts shown on the consolidated tax return.) ..................... ▶ | | 0 | 0 |

| Part II | Principal Business Activity, Voting Stock Information, Etc. (see instructions) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Corp. No. | Principal business activity (PBA) | PBA Code No. | Did the subsidiary make any nondividend distributions? | | Stock holdings at beginning of year | | | Owned by corporation no. |
| | | | Yes | No | Number of shares | Percentage of voting power | Percentage of value | |
| 1 | Common parent corporation:<br>Other Computer Services | 541519 | | | | | | |
| 2 | Subsidiary corporations:<br>Air Transportation | 481000 | | X | 200 | 100.00 % | 100.00 % | 1 |
| | | | | | | % | % | |
| | | | | | | % | % | |
| | | | | | | % | % | |
| | | | | | | % | % | |
| | | | | | | % | % | |
| | | | | | | % | % | |

For Paperwork Reduction Act Notice, see instructions.

Form **851** (Rev. 10-2016)

DAA

LSSSOFTSUBS

Form 851 (Rev. 10-2016) LSS Software Holdings, Inc and Sub 45-4456934                    Page 2

| Part III | Changes in Stock Holdings During the Tax Year | | | | | | |

| Corp. No. | Name of corporation | Share-holder of Corpo-ration No. | Date of transaction | (a) Changes | | (b) Shares held after changes described in column (a) | |
|---|---|---|---|---|---|---|---|
| | | | | Number of shares acquired | Number of shares disposed of | Percentage of voting power | Percentage of value |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |

(c)   If any transaction listed above caused a transfer of a share of subsidiary stock (defined to include dispositions and deconsolidations), did the share's basis exceed its value at the time of the transfer? See instructions .................................................................................................... ☐ Yes   ☐ No

(d)   Did any share of subsidiary stock become worthless within the meaning of section 165 (taking into account the provisions of Regulations section 1.1502-80(c)) during the taxable year? See instructions ...................... ☐ Yes   ☐ No

(e)   If the equitable owners of any capital stock shown above were other than the holders of record, provide details of the changes.

_____

_____

_____

_____

_____

(f)   If additional stock was issued, or if any stock was retired during the year, list the dates and amounts of these transactions.

_____

_____

_____

_____

_____

Form 851 (Rev. 10-2016)

DAA

LSSSOFTSUBS

Form 851 (Rev. 10-2016) LSS Software Holdings, Inc and Sub 45-4456934       Page **3**

| Part IV | Additional Stock Information (see instructions) |
|---|---|

**1** During the tax year, did the corporation have more than one class of stock outstanding? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No
    If "Yes," enter the name of the corporation and list and describe each class of stock.

| Corp. No. | Name of corporation | Class of stock |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**2** During the tax year, was there any member of the consolidated group that reaffiliated within 60 months of
disaffiliation? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No
If "Yes," enter the name of the corporation(s) and explain the circumstances.

| Corp. No. | Name of corporation | Explanation |
|---|---|---|
| | | |
| | | |
| | | |

**3** During the tax year, was there any arrangement in existence by which one or more persons that were not
members of the affiliated group could acquire any stock, or acquire any voting power without acquiring
stock, in the corporation, other than a de minimis amount, from the corporation or another member of the
affiliated group? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No
If "Yes," enter the name of the corporation and see the instructions for the percentages to enter in columns
(a), (b), and (c).

| Corp. No. | Name of corporation | (a) Percentage of value | (b) Percentage of outstanding voting stock | (c) Percentage of voting power |
|---|---|---|---|---|
| | | % | % | % |
| | | % | % | % |
| | | % | % | % |
| | | % | % | % |

| Corp. No. | (d) Provide a description of any arrangement. |
|---|---|
| | |
| | |
| | |
| | |

Form **851** (Rev. 10-2016)

DAA

**LSSSOFTSUBS  LSS Software Holdings, Inc and Sub**
45-4456934
FYE: 12/31/2016

## Consolidated Report
### Form 1120, Page 1

| | | COMBINED TOTALS | ELIMINATIONS LSS Software Elimination Company 45-4456934 | ADJUSTMENTS | CONSOLIDATED LSS Software Holdings, Inc and Sub 45-4456934 |
|---|---|---|---|---|---|
| 1 a | Gross receipts or sales | 2,835,938 | | | 2,835,938 |
| 1 b | Returns and allowances | 5,448 | | | 5,448 |
| 1 c | Net receipts or sales | 2,830,490 | | | 2,830,490 |
| 2 | Cost of goods sold | | | | |
| 3 | Gross profit | 2,830,490 | | | 2,830,490 |
| 4 | Dividends | | | | |
| 5 | Interest | 3,000 | | | 3,000 |
| 6 | Gross rents | | | | |
| 7 | Gross royalties | | | | |
| 8 | Capital gain net income | | | | |
| 9 | Net gain or (loss) from Form 4797 | | | | |
| 10 | Other income | 1,144 | | | 1,144 |
| 11 | Total income | 2,834,634 | | | 2,834,634 |
| 12 | Compensation of officers | | | | |
| 13 | Salaries and wages | 716,171 | | | 716,171 |
| 14 | Repairs and maintenance | 2,692 | | | 2,692 |
| 15 | Bad debts | | | | |
| 16 | Rents | 31,900 | | | 31,900 |
| 17 | Taxes and licenses | 59,041 | | | 59,041 |
| 18 | Interest | | | | |
| 19 | Charitable contributions | | | | |
| 20 | Depreciation | 13,936 | | | 13,936 |
| 21 | Depletion | | | | |
| 22 | Advertising | 1,666 | | | 1,666 |
| 23 | Pension, profit-sharing, etc., plans | | | | |
| 24 | Employee benefit programs | 91,225 | | | 91,225 |
| 25 | Domestic production activities deduction | | | | |
| 26 | Other deductions | 1,584,812 | | | 1,584,812 |
| 27 | Total deductions | 2,501,443 | | | 2,501,443 |
| 28 | Taxable income before NOL and special deductions | 333,191 | 0 | | 333,191 |
| 29 a | NOL deduction | 205,008 | | 128,183 | 333,191 |
| 29 b | Special deductions | | | | |
| 30 | Taxable income | 128,183 | 0 | -128,183 | 0 |

**LSSSOFTSUBS** LSS Software Holdings, Inc and Sub
45-4456934

FYE: 12/31/2016

## Consolidated Report
### Form 1120, Page 1

| | | PARENT<br>LSS Software<br>Holdings, Inc.<br>45-4456934 | SUBSIDIARY<br>LSS Aircraft<br>Holdings, Inc.<br>27-1712275 |
|---|---|---|---|
| 1 a | Gross receipts or sales | 2,835,938 | |
| 1 b | Returns and allowances | 5,448 | |
| 1 c | Net receipts or sales | 2,830,490 | |
| 2 | Cost of goods sold | | |
| 3 | Gross profit | 2,830,490 | |
| 4 | Dividends | | |
| 5 | Interest | 3,000 | |
| 6 | Gross rents | | |
| 7 | Gross royalties | | |
| 8 | Capital gain net income | | |
| 9 | Net gain or (loss) from Form 4797 | | |
| 10 | Other income | 1,144 | |
| 11 | Total income | 2,834,634 | |
| 12 | Compensation of officers | | |
| 13 | Salaries and wages | 716,171 | |
| 14 | Repairs and maintenance | 2,692 | |
| 15 | Bad debts | | |
| 16 | Rents | 31,900 | |
| 17 | Taxes and licenses | 59,041 | |
| 18 | Interest | | |
| 19 | Charitable contributions | | |
| 20 | Depreciation | 10,142 | 3,794 |
| 21 | Depletion | | |
| 22 | Advertising | 1,666 | |
| 23 | Pension, profit-sharing, etc., plans | | |
| 24 | Employee benefit programs | 91,225 | |
| 25 | Domestic production activities deduction | | |
| 26 | Other deductions | 1,536,360 | 48,452 |
| 27 | Total deductions | 2,449,197 | 52,246 |
| 28 | Taxable income before NOL and<br>special deductions | 385,437 | -52,246 |
| 29 a | NOL deduction | 205,008 | |
| 29 b | Special deductions | | |
| 30 | Taxable income | 180,429 | -52,246 |

**LSSSOFTSUBS  LSS Software Holdings, Inc and Sub**
45-4456934
FYE: 12/31/2016

## Consolidated Report
### Form 1120, Schedule L Beginning of Tax Year

| | | COMBINED TOTALS | ELIMINATIONS LSS Software Elimination Company 45-4456934 | ADJUSTMENTS | CONSOLIDATED LSS Software Holdings, Inc and Sub 45-4456934 |
|---|---|---|---|---|---|
| **Assets** | | | | | |
| 1 | Cash | 75,666 | | | 75,666 |
| 2 a | Trade notes and accounts receivable | 29,576 | | | 29,576 |
| 2 b | Less allowance for bad debts | | | | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities | | | | |
| 6 | Other current assets | | | | |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments | | | | |
| 10 a | Buildings and other depreciable assets | 214,000 | | | 214,000 |
| 10 b | Less accumulated depreciation | 206,293 | | | 206,293 |
| 11 a | Depletable assets | | | | |
| 11 b | Less accumulated depletion | | | | |
| 12 | Land (net of any amortization) | | | | |
| 13 a | Intangible assets (amortizable only) | | | | |
| 13 b | Less accumulated amortization | | | | |
| 14 | Other assets | 452,146 | -322,146 | | 130,000 |
| 15 | Total assets | 565,095 | -322,146 | | 242,949 |
| **Liabilities and Shareholders' Equity** | | | | | |
| 16 | Accounts payable | | | | |
| 17 | Mortgages, notes, and bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities | 205,834 | | | 205,834 |
| 19 | Loans from shareholders | 365,700 | | | 365,700 |
| 20 | Mortgages, notes, and bonds payable in 1 year or more | | | | |
| 21 | Other liabilities | 339,146 | -322,146 | | 17,000 |
| 22 a | Capital stock - Preferred | | | | |
| 22 b | Capital stock - Common | | | | |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings - Appropriated | | | | |
| 25 | Retained earnings - Unappropriated | -345,585 | | | -345,585 |
| 26 | Adjustments to shareholders' equity | | | | |
| 27 | Less cost of treasury stock | | | | |
| 28 | Total liabilities and shareholders' equity | 565,095 | -322,146 | | 242,949 |

| LSSSOFTSUBS LSS Software Holdings, Inc and Sub | | |
|---|---|---|
| 45-4456934 | **Consolidated Report** | |
| FYE: 12/31/2016 | **Form 1120, Schedule L Beginning of Tax Year** | |

| | | PARENT LSS Software Holdings, Inc. | SUBSIDIARY LSS Aircraft Holdings, Inc. |
|---|---|---|---|
| | | 45-4456934 | 27-1712275 |
| **Assets** | | | |
| 1 | Cash | 71,723 | 3,943 |
| 2 a | Trade notes and accounts receivable | 29,576 | |
| 2 b | Less allowance for bad debts | | |
| 3 | Inventories | | |
| 4 | U.S. government obligations | | |
| 5 | Tax-exempt securities | | |
| 6 | Other current assets | | |
| 7 | Loans to shareholders | | |
| 8 | Mortgage and real estate loans | | |
| 9 | Other investments | | |
| 10 a | Buildings and other depreciable assets | | 214,000 |
| 10 b | Less accumulated depreciation | | 206,293 |
| 11 a | Depletable assets | | |
| 11 b | Less accumulated depletion | | |
| 12 | Land (net of any amortization) | | |
| 13 a | Intangible assets (amortizable only) | | |
| 13 b | Less accumulated amortization | | |
| 14 | Other assets | 452,146 | |
| 15 | Total assets | 553,445 | 11,650 |
| **Liabilities and Shareholders' Equity** | | | |
| 16 | Accounts payable | | |
| 17 | Mortgages, notes, and bonds payable in less than 1 year | | |
| 18 | Other current liabilities | 205,834 | |
| 19 | Loans from shareholders | 365,700 | |
| 20 | Mortgages, notes, and bonds payable in 1 year or more | | |
| 21 | Other liabilities | 17,000 | 322,146 |
| 22 a | Capital stock - Preferred | | |
| 22 b | Capital stock - Common | | |
| 23 | Additional paid-in capital | | |
| 24 | Retained earnings - Appropriated | | |
| 25 | Retained earnings - Unappropriated | -35,089 | -310,496 |
| 26 | Adjustments to shareholders' equity | | |
| 27 | Less cost of treasury stock | | |
| 28 | Total liabilities and shareholders' equity | 553,445 | 11,650 |

**LSSSOFTSUBS  LSS Software Holdings, Inc and Sub**
45-4456934
FYE: 12/31/2016

## Consolidated Report
### Form 1120, Schedule L End of Tax Year

| | | COMBINED TOTALS | ELIMINATIONS LSS Software Elimination Company 45-4456934 | ADJUSTMENTS | CONSOLIDATED LSS Software Holdings, Inc and Sub 45-4456934 |
|---|---|---|---|---|---|
| **Assets** | | | | | |
| 1 | Cash | 632,574 | | | 632,574 |
| 2 a | Trade notes and accounts receivable | 229,218 | | | 229,218 |
| 2 b | Less allowance for bad debts | | | | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities | | | | |
| 6 | Other current assets | | | | |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments | | | | |
| 10 a | Buildings and other depreciable assets | 224,142 | | | 224,142 |
| 10 b | Less accumulated depreciation | 220,229 | | | 220,229 |
| 11 a | Depletable assets | | | | |
| 11 b | Less accumulated depletion | | | | |
| 12 | Land (net of any amortization) | | | | |
| 13 a | Intangible assets (amortizable only) | | | | |
| 13 b | Less accumulated amortization | | | | |
| 14 | Other assets | 369,896 | -369,896 | | |
| 15 | Total assets | 1,235,601 | -369,896 | | 865,705 |
| **Liabilities and Shareholders' Equity** | | | | | |
| 16 | Accounts payable | 46,310 | | | 46,310 |
| 17 | Mortgages, notes, and bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities | 324,387 | | | 324,387 |
| 19 | Loans from shareholders | 490,402 | | | 490,402 |
| 20 | Mortgages, notes, and bonds payable in 1 year or more | | | | |
| 21 | Other liabilities | 386,896 | -369,896 | | 17,000 |
| 22 a | Capital stock - Preferred | | | | |
| 22 b | Capital stock - Common | | | | |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings - Appropriated | | | | |
| 25 | Retained earnings - Unappropriated | -12,394 | | | -12,394 |
| 26 | Adjustments to shareholders' equity | | | | |
| 27 | Less cost of treasury stock | | | | |
| 28 | Total liabilities and shareholders' equity | 1,235,601 | -369,896 | | 865,705 |

**LSSSOFTSUBS  LSS Software Holdings, Inc and Sub**
45-4456934
FYE: 12/31/2016

**Consolidated Report**
**Form 1120, Schedule L End of Tax Year**

| | | PARENT<br>LSS Software<br>Holdings, Inc.<br>45-4456934 | SUBSIDIARY<br>LSS Aircraft<br>Holdings, Inc.<br>27-1712275 |
|---|---|---|---|
| **Assets** | | | |
| 1 | Cash | 629,333 | 3,241 |
| 2 a | Trade notes and accounts receivable | 229,218 | |
| 2 b | Less allowance for bad debts | | |
| 3 | Inventories | | |
| 4 | U.S. government obligations | | |
| 5 | Tax-exempt securities | | |
| 6 | Other current assets | | |
| 7 | Loans to shareholders | | |
| 8 | Mortgage and real estate loans | | |
| 9 | Other investments | | |
| 10 a | Buildings and other depreciable assets | 10,142 | 214,000 |
| 10 b | Less accumulated depreciation | 10,142 | 210,087 |
| 11 a | Depletable assets | | |
| 11 b | Less accumulated depletion | | |
| 12 | Land (net of any amortization) | | |
| 13 a | Intangible assets (amortizable only) | | |
| 13 b | Less accumulated amortization | | |
| 14 | Other assets | 369,896 | |
| 15 | Total assets | 1,228,447 | 7,154 |
| **Liabilities and Shareholders' Equity** | | | |
| 16 | Accounts payable | 46,310 | |
| 17 | Mortgages, notes, and bonds<br>payable in less than 1 year | | |
| 18 | Other current liabilities | 324,387 | |
| 19 | Loans from shareholders | 490,402 | |
| 20 | Mortgages, notes, and bonds<br>payable in 1 year or more | | |
| 21 | Other liabilities | 17,000 | 369,896 |
| 22 a | Capital stock - Preferred | | |
| 22 b | Capital stock - Common | | |
| 23 | Additional paid-in capital | | |
| 24 | Retained earnings - Appropriated | | |
| 25 | Retained earnings - Unappropriated | 350,348 | -362,742 |
| 26 | Adjustments to shareholders' equity | | |
| 27 | Less cost of treasury stock | | |
| 28 | Total liabilities and<br>shareholders' equity | 1,228,447 | 7,154 |

**LSSSOFTSUBS  LSS Software Holdings, Inc and Sub**
**45-4456934**
**FYE: 12/31/2016**

## Consolidated Report
## Form 1120, Schedules M-1 and M-2

| | | COMBINED TOTALS | ELIMINATIONS LSS Software Elimination Company 45-4456934 | ADJUSTMENTS | CONSOLIDATED LSS Software Holdings, Inc and Sub 45-4456934 |
|---|---|---|---|---|---|
| **Schedule M-1** | | | | | |
| 1 | Net income (loss) per books | 333,191 | 0 | | 333,191 |
| 2 | Federal income tax | | | | |
| 3 | Excess capital losses over capital gains | | | | |
| 4 | Income subject to tax not recorded on books | | | | |
| 5 | Expenses recorded on books not deducted on this return: | | | | |
| 5 a | Depreciation | | | | |
| 5 b | Contributions carryover | | | | |
| 5 c | Travel and entertainment | | | | |
| | Other | | | | |
| 6 | Total of lines 1 through 5 | 333,191 | | | 333,191 |
| 7 | Income recorded on books not included on this return: | | | | |
| | Tax exempt interest | | | | |
| | Other | | | | |
| 8 | Deductions on this return not charged against book income: | | | | |
| 8 a | Depreciation | | | | |
| 8 b | Contributions carryover | | | | |
| | Other | | | | |
| 9 | Total lines 7 and 8 | | | | |
| 10 | Income (line 28, page 1)-line 6 less line 9 | 333,191 | 0 | | 333,191 |
| **Schedule M-2** | | | | | |
| 1 | Balance at beginning of year | -345,585 | 0 | | -345,585 |
| 2 | Net income (loss) per books | 333,191 | | | 333,191 |
| 3 | Other increases | | | | |
| 4 | Total lines 1 through 3 | -12,394 | | | -12,394 |
| 5 | Distributions: | | | | |
| 5 a | Cash | | | | |
| 5 b | Stock | | | | |
| 5 c | Property | | | | |
| 6 | Other decreases | | | | |
| 7 | Total lines 5 and 6 | | | | |
| 8 | Balance at end of year | -12,394 | 0 | | -12,394 |

**LSSSOFTSUBS   LSS Software Holdings, Inc and Sub**
**45-4456934**                    **Consolidated Report**
**FYE: 12/31/2016**            **Form 1120, Schedules M-1 and M-2**

| | | PARENT<br>LSS Software<br>Holdings, Inc.<br>45-4456934 | SUBSIDIARY<br>LSS Aircraft<br>Holdings, Inc.<br>27-1712275 |
|---|---|---|---|
| Schedule M-1 | | | |
| 1 | Net income (loss) per books | 385,437 | -52,246 |
| 2 | Federal income tax | | |
| 3 | Excess capital losses over capital gains | | |
| 4 | Income subject to tax not recorded on books | | |
| 5 | Expenses recorded on books not<br>deducted on this return: | | |
| 5 a | Depreciation | | |
| 5 b | Contributions carryover | | |
| 5 c | Travel and entertainment | | |
| | Other | | |
| 6 | Total of lines 1 through 5 | 385,437 | -52,246 |
| 7 | Income recorded on books not<br>included on this return:<br>Tax exempt interest<br>Other | | |
| 8 | Deductions on this return not<br>charged against book income: | | |
| 8 a | Depreciation | | |
| 8 b | Contributions carryover<br>Other | | |
| 9 | Total lines 7 and 8 | | |
| 10 | Income (line 28, page 1)-line 6 less line 9 | 385,437 | -52,246 |
| Schedule M-2 | | | |
| 1 | Balance at beginning of year | -35,089 | -310,496 |
| 2 | Net income (Loss) per books | 385,437 | -52,246 |
| 3 | Other increases | | |
| 4 | Total lines 1 through 3 | 350,348 | -362,742 |
| 5 | Distributions: | | |
| 5 a | Cash | | |
| 5 b | Stock | | |
| 5 c | Property | | |
| 6 | Other decreases | | |
| 7 | Total lines 5 and 6 | | |
| 8 | Balance at end of year | 350,348 | -362,742 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934
FYE: 12/31/2016

**Consolidated Report**
**Form 4562**

| | | COMBINED TOTALS | ELIMINATIONS LSS Software Elimination Company 45-4456934 | ADJUSTMENTS | CONSOLIDATED LSS Software Holdings, Inc and Sub 45-4456934 |
|---|---|---|---|---|---|
| Part I - Section 179 | | | | | |
| 2 | Total cost of section 179 property placed in service | 10,142 | | | 10,142 |
| 6 | Nonlisted property | 10,142 | | | 10,142 |
| 7 | Listed property | | | | |
| 8 | Total elected cost | 10,142 | | | 10,142 |
| 9 | Tentative deduction | 10,142 | | | 10,142 |
| 10 | Carryover of disallowed deduction from prior year | | | | |
| 12 | Section 179 expense deduction | 10,142 | | | 10,142 |
| 13 | Carryover of disallowed deduction to next year | | | | |
| Part II - Special Depreciation Allowance and Other Depreciation | | | | | |
| 14 | Special depreciation allowance for qualified property | | | | |
| 15 | Property subject to 168(f)(1) | | | | |
| 16 | Other depreciation (including ACRS) | | | | |
| Part III - MACRS Depreciation | | | | | |
| 17 | MACRs deductions for assets placed in service before current year | 3,794 | | | 3,794 |
| General Depreciation System (GDS) | | | | | |
| 19 a | 3-year property | | | | |
| 19 b | 5-year property | | | | |
| 19 c | 7-year property | | | | |
| 19 d | 10-year property | | | | |
| 19 e | 15-year property | | | | |
| 19 f | 20-year property | | | | |
| 19 g | 25-year property | | | | |
| 19 h | 27.5-year residential rental property | | | | |
| 19 i | Nonresidential real property | | | | |
| Alternative Depreciation System (ADS) | | | | | |
| 20 a | Class life | | | | |
| 20 b | 12-year | | | | |
| 20 c | 40-year | | | | |
| Part IV - Summary | | | | | |
| 21 | Listed property | | | | |
| 22 | Total depreciation | 13,936 | | | 13,936 |
| 23 | Portion of basis attributable to 263A costs | | | | |
| 42 | Amortization - current year | | | | |
| 43 | Amortization - prior years | | | | |
| 44 | Total amortization | | | | |

**LSSSOFTSUBS  LSS Software Holdings, Inc and Sub**

**45-4456934**

**FYE: 12/31/2016**

# Consolidated Report

## Form 4562

| | | PARENT<br>LSS Software<br>Holdings, Inc,<br>45-4456934 | SUBSIDIARY<br>LSS Aircraft<br>Holdings, Inc,<br>27-1712275 |
|---|---|---|---|
| **Part I – Section 179** | | | |
| 2 | Total cost of section 179 | | |
| | property placed in service | 10,142 | |
| 6 | Noolisted property | 10,142 | |
| 7 | Listed property | | |
| 8 | Total elected cost | 10,142 | |
| 9 | Tentative deduction | 10,142 | |
| 10 | Carryover of disallowed | | |
| | deduction from prior year | | |
| 12 | Section 179 expense deduction | 10,142 | |
| 13 | Carryover of disallowed | | |
| | deduction to next year | | |
| **Part II – Special Depreciation Allowance** | | | |
| **and Other Depreciation** | | | |
| 14 | Special depreciation allowance for | | |
| | qualified property | | |
| 15 | Property subject to 168(f)(1) | | |
| 16 | Other depreciation (including ACRS) | | |
| **Part III – MACRS Depreciation** | | | |
| 17 | MACRS deductions for assets placed | | |
| | in service before current year | | 3,794 |
| **General Depreciation System (GDS)** | | | |
| 19 a | 3-year property | | |
| 19 b | 5-year property | | |
| 19 c | 7-year property | | |
| 19 d | 10-year property | | |
| 19 e | 15-year property | | |
| 19 f | 20-year property | | |
| 19 g | 25-year property | | |
| 19 h | 27.5-year residential rental property | | |
| 19 i | Nonresidential real property | | |
| **Alternative Depreciation System (ADS)** | | | |
| 20 a | Class life | | |
| 20 b | 12-year | | |
| 20 c | 40-year | | |
| **Part IV – Summary** | | | |
| 21 | Listed property | | |
| 22 | Total depreciation | 10,142 | 3,794 |
| 23 | Portion of basis atributable to 263A costs | | |
| 42 | Amortization – current year | | |
| 43 | Amortization – prior years | | |
| 44 | Total amortization | | |

**LSSSOFTSUBS   LSS Software Holdings, Inc and Sub**
45-4456934
FYE: 12/31/2016

## Consolidated Report
## Form 4626, AMT

| | | COMBINED TOTALS | ELIMINATIONS LSS Software Elimination Company 45-4456934 | ADJUSTMENTS | CONSOLIDATED LSS Software Holdings, Inc and Sub 45-4456934 |
|---|---|---|---|---|---|
| 1 | Taxable income/(loss) before NOL deduction | 333,191 | 0 | | 333,191 |
| | **Adjustments and Preferences** | | | | |
| 2 a | Depreciation of post-1986 property | 280 | | | 280 |
| 2 b | Amortization of certified pollution control facilities | | | | |
| 2 c | Amortization of mining exploration and development costs | | | | |
| 2 d | Amortization of circulation expenditures | | | | |
| 2 e | Adjusted gain or loss | | | | |
| 2 f | Long-term contracts | | | | |
| 2 g | Merchant marine capital construction funds | | | | |
| 2 h | Sec 833(b) deduction | | | | |
| 2 i | Tax shelter term activities | | | | |
| 2 j | Passive activities | | | | |
| 2 k | Loss limitations | | | | |
| 2 l | Depletion | | | | |
| 2 m | Tax-exempt interest from private activity bonds | | | | |
| 2 n | Intangible drilling costs | | | | |
| 2 o | Other adjustments | | | | |
| 3 | Preadjustment AMTI | 333,471 | | | 333,471 |
| | **Adjusted Current Earnings (ACE) Adjustment** | | | | |
| 4 a | ACE from line 10 of worksheet | 333,471 | | | 333,471 |
| 4 b | Line 4a less line 3 | | | | |
| 4 c | Line 4b multiplied by 75% | | | | |
| 4 d | Increase in AMTI from prior years' ACE adjustments | | | | |
| 4 e | ACE adjustment | | | | |
| 5 | Total lines 3 and 4e | 333,471 | | | 333,471 |
| 6 | AMT NOL deduction | 210,289 | | 89,835 | 300,124 |
| 7 | Alternative minimum taxable income | 123,182 | 0 | -89,835 | 33,347 |

| LSSSOFTSUBS  LSS Software Holdings, Inc and Sub | | |
|---|---|---|
| 45-4456934 | **Consolidated Report** | |
| FYE: 12/31/2016 | **Form 4626, AMT** | |

| | | PARENT LSS Software Holdings, Inc. | SUBSIDIARY LSS Aircraft Holdings, Inc. |
|---|---|---|---|
| | | 45-4456934 | 27-1712275 |
| 1 | Taxable income/(loss) before NOL deduction | 385,437 | -52,246 |
| **Adjustments and Preferences** | | | |
| 2 a | Depreciation of post-1986 property | | 280 |
| 2 b | Amortization of certified pollution control facilities | | |
| 2 c | Amortization of mining exploration and development costs | | |
| 2 d | Amortization of circulation expenditures | | |
| 2 e | Adjusted gain or loss | | |
| 2 f | Long-term contracts | | |
| 2 g | Merchant marine capital construction funds | | |
| 2 h | Sec 833(b) deduction | | |
| 2 i | Tax shelter farm activities | | |
| 2 j | Passive activities | | |
| 2 k | Loss limitations | | |
| 2 l | Depletion | | |
| 2 m | Tax-exempt interest from private activity bonds | | |
| 2 n | Intangible drilling costs | | |
| 2 o | Other adjustments | | |
| 3 | Preadjustment AMTI | 385,437 | -51,966 |
| **Adjusted Current Earnings (ACE) Adjustment** | | | |
| 4 a | ACE from line 10 of worksheet | 385,437 | -51,966 |
| 4 b | Line 4a less line 3 | | |
| 4 c | Line 4b multiplied by 75% | | |
| 4 d | Increase in AMTI from prior years' ACE adjustments | | |
| 4 e | ACE adjustment | | |
| 5 | Total lines 3 and 4e | 385,437 | -51,966 |
| 6 | AMT NOL deduction | 210,289 | |
| 7 | Alternative minimum taxable income | 175,148 | -51,966 |

**LSSSOFTSUBS  LSS Software Holdings, Inc and Sub**

45-4456934

FYE: 12/31/2016

# Consolidated Report
## Form 4626, ACE

| | | COMBINED TOTALS | ELIMINATIONS LSS Software Elimination Company 45-4456934 | ADJUSTMENTS | CONSOLIDATED LSS Software Holdings, Inc and Sub 45-4456934 |
|---|---|---|---|---|---|
| 1 | Preadjustment AMTI | 333,471 | | | 333,471 |
| **ACE Depreciation Adjustment** | | | | | |
| 2 a | AMT depreciation | 13,656 | | | 13,656 |
| 2 b | ACE depreciation: | | | | |
| 2 b (1) | Post-1993 property | 13,656 | | | 13,656 |
| 2 b (2) | Post-1989, pre-1994 property | | | | |
| 2 b (3) | Pre-1990 MACRS property | | | | |
| 2 b (4) | Pre-1990 original ACRS property | | | | |
| 2 b (5) | Section 168(f)(1) through (4) | | | | |
| 2 b (6) | Other property | | | | |
| 2 b (7) | Total ACE depreciation | 13,656 | | | 13,656 |
| 2 c | ACE depreciation adjustment | | | | |
| **Items Included in Earnings and Profits (E&P)** | | | | | |
| 3 a | Tax-exempt interest income | | | | |
| 3 b | Life insurance death benefits | | | | |
| 3 c | Other life insurance distributions | | | | |
| 3 d | Inside buildup of undistributed income | | | | |
| 3 e | Other items | | | | |
| 3 f | Total increase due to E&P items | | | | |
| **Disallowance of Items Not Deductible From E&P** | | | | | |
| 4 a | Certain dividends received | | | | |
| 4 b | Public utility dividends | | | | |
| 4 c | Dividends paid to an ESOP | | | | |
| 4 d | Nonpatronage dividends | | | | |
| 4 e | Other items | | | | |
| 4 f | Tot due to disallow of nondeduct E&P items | | | | |
| **Other E&P Adjustments Based on E&P Rules** | | | | | |
| 5 a | Intangible drilling costs | | | | |
| 5 b | Circulation expenditures | | | | |
| 5 c | Organizational expenditures | | | | |
| 5 d | LIFO inventory adjustments | | | | |
| 5 e | Installment sales | | | | |
| 5 f | Total other E&P adjustments | | | | |
| 6 | Loss disallowance on exhange of debt pools | | | | |
| 7 | Acquisition expenses-life insurance co | | | | |
| 8 | Depletion | | | | |
| 9 | Basis adjustment from sale of property | | | | |
| 10 | Adjusted current earnings | 333,471 | | | 333,471 |

| LSSSOFTSUBS  LSS Software Holdings, Inc and Sub | | |
|---|---|---|
| 45-4456934 | **Consolidated Report** | |
| FYE: 12/31/2016 | **Form 4626, ACE** | |

| | | PARENT<br>LSS Software<br>Holdings, Inc.<br>45-4456934 | SUBSIDIARY<br>LSS Aircraft<br>Holdings, Inc.<br>27-1712275 |
|---|---|---|---|
| 1 | Preadjustment AMTI | 385,437 | -51,966 |
| **ACE Depreciation Adjustment** | | | |
| 2 a | AMT depreciation | 10,142 | 3,514 |
| 2 b | ACE depreciation: | | |
| 2 b (1) | Post-1993 property | 10,142 | 3,514 |
| 2 b (2) | Post-1989, pre-1994 property | | |
| 2 b (3) | Pre-1990 MACRS property | | |
| 2 b (4) | Pre-1990 original ACRS property | | |
| 2 b (5) | Section 168(f)(1) through (4) | | |
| 2 b (6) | Other property | | |
| 2 b (7) | Total ACE depreciation | 10,142 | 3,514 |
| 2 c | ACE depreciation adjustment | | |
| **Items Included in Earnings and Profits (E&P)** | | | |
| 3 a | Tax-exempt interest income | | |
| 3 b | Life insurance death benefits | | |
| 3 c | Other life insurance distributions | | |
| 3 d | Inside buildup of undistributed income | | |
| 3 e | Other items | | |
| 3 f | Total increase due to E&P items | | |
| **Disallowance of Items Not Deductible From E&P** | | | |
| 4 a | Certain dividends received | | |
| 4 b | Public utility dividends | | |
| 4 c | Dividends paid to an ESOP | | |
| 4 d | Nonpatronage dividends | | |
| 4 e | Other items | | |
| 4 f | Tot due to disallow of nondeduct E&P items | | |
| **Other E&P Adjustments Based on E&P Rules** | | | |
| 5 a | Intangible drilling costs | | |
| 5 b | Circulation expenditures | | |
| 5 c | Organizational expenditures | | |
| 5 d | LIFO inventory adjustments | | |
| 5 e | Installment sales | | |
| 5 f | Total other E&P adjustments | | |
| 6 | Loss disallowance on exhange of debt pools | | |
| 7 | Acquisition expenses-life insurance co | | |
| 8 | Depletion | | |
| 9 | Basis adjustment from sale of property | | |
| 10 | Adjusted current earnings | 385,437 | -51,966 |

LSSSOFTSUBS

| Form **1120** | **Consolidated Net Operating Loss Carryover Worksheet - Regular Tax** | | | **2016** |
|---|---|---|---|---|
| | For calendar year 2016 or tax year beginning                , ending | | | |
| Name | | | Employer Identification Number | |
| **LSS Software Holdings, Inc and Sub** | | | **45-4456934** | |

| Preceding Taxable Year | NOL Before SRLY Limit/ NOL After SRLY Limit | Consolidated Adjustments | Consolidated NOL Available | NOL Carryover Utilized | Carryover to Next Year |
|---|---|---|---|---|---|
| 19th 12/31/97 | | | | | |
| 18th 12/31/98 | | | | | |
| 17th 12/31/99 | | | | | |
| 16th 12/31/00 | | | | | |
| 15th 12/31/01 | | | | | |
| 14th 12/31/02 | | | | | |
| 13th 12/31/03 | | | | | |
| 12th 12/31/04 | | | | | |
| 11th 12/31/05 | | | | | |
| 10th 12/31/06 | | | | | |
| 9th 12/31/07 | | | | | |
| 8th 12/31/08 | | | | | |
| 7th 12/31/09 | | | | | |
| 6th 12/31/10 | | | | | |
| 5th 12/31/11 | | | | | |
| 4th 12/31/12 | 35,257 35,257 | | 35,257 | 35,257 | 0 |
| 3rd 12/31/13 | 175,008 175,008 | | 175,008 | 175,008 | 0 |
| 2nd 12/31/14 | 137,364 137,364 | | 137,364 | 122,926 | 14,438 |
| 1st 12/31/15 | 35,626 35,626 | | 35,626 | | 35,626 |
| NOL Carryover Available To Current Year | | | 383,255 | | |
| Current Year Income/(Loss) | 0 333,191 | | | 333,191 | 0 |
| NOL Carryover Available To Next Year | | | | | 50,064 |

LSSSOFTSUBS

| Form 1120 | Consolidated Net Operating Loss Carryover Worksheet - AMT | | | | | 2016 |
|---|---|---|---|---|---|---|
| | For calendar year 2016 or tax year beginning , ending | | | | | |
| Name | | | | | Employer Identification Number | |
| **LSS Software Holdings, Inc and Sub** | | | | | **45-4456934** | |

| Preceding Taxable Year | NOL Before SRLY Limit/ NOL After SRLY Limit | Consolidated Adjustments | Consolidated NOL Available | NOL Carryover Utilized | Carryover to Next Year |
|---|---|---|---|---|---|
| 19th 12/31/97 | | | | | |
| 18th 12/31/98 | | | | | |
| 17th 12/31/99 | | | | | |
| 16th 12/31/00 | | | | | |
| 15th 12/31/01 | | | | | |
| 14th 12/31/02 | | | | | |
| 13th 12/31/03 | | | | | |
| 12th 12/31/04 | | | | | |
| 11th 12/31/05 | | | | | |
| 10th 12/31/06 | | | | | |
| 9th 12/31/07 | | | | | |
| 8th 12/31/08 | | | | | |
| 7th 12/31/09 | | | | | |
| 6th 12/31/10 | | | | | |
| 5th 12/31/11 | 24,481 24,481 | | 24,481 | 24,481 | 0 |
| 4th 12/31/12 | 37,006 37,006 | | 37,006 | 37,006 | 0 |
| 3rd 12/31/13 | 180,289 180,289 | | 180,289 | 180,289 | 0 |
| 2nd 12/31/14 | 137,364 137,364 | | 137,364 | 58,348 | 79,016 |
| 1st 12/31/15 | 35,346 35,346 | | 35,346 | | 35,346 |
| NOL Carryover Available To Current Year | | | 414,486 | | |
| Current Year | 0 300,124 | | | 300,124 | 0 |
| NOL Carryover Available To Next Year | | | | | 114,362 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                    **Federal Statements**
FYE: 12/31/2016

---

### Statement 1 - Form 1120, Page 1, Line 10 - Other Income

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| Sales Tax Vendor's Credit | $      1,144 |
| Total | $      1,144 |

### Statement 2 - Form 1120, Page 1, Line 26 - Other Deductions

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| Management Fee - Lean | $    1,223,491 |
| Bank Charges and Fees | 601 |
| Insurance | 16,962 |
| Office Expenses | 33,792 |
| Professional Fees | 166,468 |
| Travel | 43,943 |
| Commissions | 30,000 |
| Payroll Administration | 8,404 |
| Utilities | 12,699 |
| Subtotal | 1,536,360 |
| LSS Aircraft Holdings, Inc. | |
| Insurance | 4,000 |
| Airplane Expenses | 44,392 |
| Bank Charges | 60 |
| Subtotal | 48,452 |
| Total | $    1,584,812 |

1-2

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                **Federal Statements**
FYE: 12/31/2016

### Statement 3 - Form 1120, Page 5, Schedule L, Line 14 - Other Assets

| Description | Beginning of Year | | End of Year | |
|---|---|---|---|---|
| LSS Software Holdings, Inc. | | | | |
| Due From LSS AC | $ | 322,146 | $ | 369,896 |
| Loan Receivable - Other | | 120,000 | | 0 |
| Loan Receivable - FOL | | 10,000 | | 0 |
| Subtotal | | 452,146 | | 369,896 |
| LSS Software Elimination Company | | | | |
| Due From LSS AC | | -322,146 | | -369,896 |
| Subtotal | | -322,146 | | -369,896 |
| Total | $ | 130,000 | $ | 0 |

### Statement 4 - Form 1120, Page 5, Schedule L, Line 18 - Other Current Liabilities

| Description | Beginning of Year | | End of Year | |
|---|---|---|---|---|
| LSS Software Holdings, Inc. | | | | |
| Deferred Revenue | $ | 205,834 | $ | 271,358 |
| Sales Tax Payable | | 0 | | 53,029 |
| Total | $ | 205,834 | $ | 324,387 |

3-4

**LSSSOFTSUBS  LSS Software Holdings, Inc and Sub**
45-4456934                                **Federal Statements**
FYE: 12/31/2016

### Statement 5 - Form 1120, Page 5, Schedule L, Line 21 - Other Liabilities

| Description | Beginning of Year | End of Year |
|---|---:|---:|
| LSS Software Holdings, Inc. | | |
| Loan Payable - Bjorn | $    17,000 | $    17,000 |
|   Subtotal | 17,000 | 17,000 |
| LSS Software Elimination Company | | |
| Due to LSS Holdings | -322,146 | -369,896 |
|   Subtotal | -322,146 | -369,896 |
| LSS Aircraft Holdings, Inc. | | |
| Due to LSS Holdings | 322,146 | 369,896 |
|   Subtotal | 322,146 | 369,896 |
| Total | $    17,000 | $    17,000 |

5

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                **Federal Statements**
FYE: 12/31/2016

**Regular Depreciation**
### Statement 6 - Form 4562, Part I, Line 6 - Section 179 Expense

| Description of Property | Cost | | Expense | |
|---|---|---|---|---|
| LSS Software Holdings, Inc. | | | | |
| Furniture and Fixtures | $ | 7,586 | $ | 7,586 |
| Furniture and Fixtures | | 857 | | 857 |
| Furniture and Fixtures | | 1,584 | | 1,584 |
| Furniture and Fixtures | | 115 | | 115 |
| Total | $ | 10,142 | $ | 10,142 |

6

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934
FYE: 12/31/2016

# Federal Statements

### Statement 7 - Form 5472 - Consolidated Return Information

|  Name of Corp<br>Address | City | State | Zip | EIN | Included in Consl 5472? |
|---|---|---|---|---|---|
| LSS Software Holdings, Inc.<br>159 Linwood Avenue | Buffalo | NY | 14209 | 45-4456934 | Yes |
| LSS Aircraft Holdings, Inc.<br>159 Linwood Avenue | Buffalo | NY | 14209 | 27-1712275 | No |

7

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                    **Federal Statements**
FYE: 12/31/2016

## Statement 8 - Form 5472, Part II, Line 3a - Attribution of Ownership Explanation

Lean Software Holdings, Inc and Sub is owned 100% by Lean Software
Services, Inc, a Canadian corporation. Lean Software Services, Inc is
greater than 25% owned by Bjorn Larsen, a Canadian citizen, making him the
ultimate 25% shareholder.

8

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934
FYE: 12/31/2016

**Federal Statements**

### Statement 9 - Form 5472 - Consolidated Return Information

| Name of Corp | Address | City | State | Zip | EIN | Included in Consl 5472? |
|---|---|---|---|---|---|---|
| LSS Software Holdings, Inc. | 159 Linwood Avenue | Buffalo | NY | 14209 | 45-4456934 | Yes |
| LSS Aircraft Holdings, Inc. | 159 Linwood Avenue | Buffalo | NY | 14209 | 27-1712275 | No |

9

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934              **Federal Statements**
FYE: 12/31/2016

### Statement 10 - Form 5472, Part II, Line 3a - Attribution of Ownership Explanation

Lean Software Holdings, Inc and Sub is owned 100% by Lean Software
Services, Inc, a Canadian corporation. Lean Software Services, Inc is
greater than 25% owned by Bjorn Larsen, a Canadian citizen, making him the
ultimate 25% shareholder.

**10**

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                      **Federal Statements**
FYE: 12/31/2016

### Form 1120, Page 1, Line 1a - Gross Receipts or Sales

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| Gross receipts | $ 2,835,938 |
| Total | $ 2,835,938 |

### Form 1120, Page 1, Line 1b - Returns and Allowances

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| Returns and allowances | $ 5,448 |
| Total | $ 5,448 |

### Form 1120, Page 1, Line 5 - Interest

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| Other interest | $ 3,000 |
| Total | $ 3,000 |

### Form 1120, Page 1, Line 17 - Taxes and Licenses

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| Payroll Tax | $ 43,523 |
| Taxes & Licenses | 15,518 |
| Total | $ 59,041 |

### Form 1120, Page 5, Schedule L, Line 2a - Trade Notes and Accounts Receivable

| Description | Beginning of Year | End of Year |
|---|---|---|
| LSS Software Holdings, Inc. | | |
| Accounts receivable | $ 29,576 | $ 229,218 |
| Total | $ 29,576 | $ 229,218 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                              **Federal Statements**
FYE: 12/31/2016

### Form 1120, Page 5, Schedule L, Line 19 - Loans from Shareholders

| Description | Beginning of Year | End of Year |
|---|---|---|
| LSS Software Holdings, Inc. | | |
| Loans from shareholder | $    365,700 | $    490,402 |
| Total | $    365,700 | $    490,402 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                                      **Federal Statements**
FYE: 12/31/2016

### Form 4626, Page 1, Line 2a - Depreciation of Post-1986 Property

| Description | Amount |
|---|---|
| LSS Aircraft Holdings, Inc. | |
| Non-Passive Activities | $ 280 |
| Total | $ 280 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                                    **Federal Statements**
FYE: 12/31/2016

### Consolidated NOL Carryover Wrk - PY Allocation of Net Operating Loss Utilized

| Taxable Year | Corporation Name | Remaining CY Consolidated Income to be Offset | Member NOL After SRLY Limit | Total NOL After SRLY Limit | PY NOL Utilized Allocated to Member |
|---|---|---|---|---|---|
| | LSS Software Holdings, Inc an | $        333,191 | $ | $ | $ |
| 12/31/12 | LSS Aircraft Holdings, Inc. | | 35,257 | 35,257 | 35,257 |
| | LSS Software Holdings, Inc an | 297,934 | | | |
| 12/31/13 | LSS Software Holdings, Inc. | | 115,043 | 175,008 | 115,043 |
| 12/31/13 | LSS Aircraft Holdings, Inc. | | 59,965 | 175,008 | 59,965 |
| | LSS Software Holdings, Inc an | 122,926 | | | |
| 12/31/14 | LSS Software Holdings, Inc. | | 89,965 | 137,364 | 80,509 |
| 12/31/14 | LSS Aircraft Holdings, Inc. | | 47,399 | 137,364 | 42,417 |
| 12/31/15 | LSS Aircraft Holdings, Inc. | | 35,626 | 35,626 | |
| | LSS Software Holdings, Inc an | 0 | | | |
| Total | | | | | $        333,191 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                                          **Federal Statements**
FYE: 12/31/2016

### Consolidated NOL Carryover Wrk - CY Allocation of NOL Utilized and Income Offset

| Taxable Year | Corporation Name | Total NOL Utilized In Current Year | Current Year Member Income/(Loss) | Total Amount of Income from Members | CY NOL Utilized (Inc Offset) Allocated to Member |
|---|---|---|---|---|---|
| 12/31/16 | LSS Software Holdings, Inc. | $ 385,437 | $ 385,437 | $ 385,437 | $ -385,437 |
| 12/31/16 | LSS Aircraft Holdings, Inc. | 385,437 | -52,246 | 385,437 | 52,246 |
| Total | | | | | $ -333,191 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                           **Federal Statements**
FYE: 12/31/2016

### Consolidated AMT NOL Carryover Wrk - PY Allocation of NOL Utilized

| Taxable Year | Corporation Name | Remaining CY Consolidated Income to be Offset | Member NOL After SRLY Limit | Total NOL After SRLY Limit | PY NOL Utilized Allocated to Member |
|---|---|---|---|---|---|
| | LSS Software Holdings, Inc an | $   300,124 | $ | $ | $ |
| 12/31/11 | LSS Aircraft Holdings, Inc. | | 24,481 | 24,481 | 24,481 |
| | LSS Software Holdings, Inc an | 275,643 | | | |
| 12/31/12 | LSS Aircraft Holdings, Inc. | | 37,006 | 37,006 | 37,006 |
| | LSS Software Holdings, Inc an | 238,637 | | | |
| 12/31/13 | LSS Software Holdings, Inc. | | 120,324 | 180,289 | 120,324 |
| 12/31/13 | LSS Aircraft Holdings, Inc. | | 59,965 | 180,289 | 59,965 |
| | LSS Software Holdings, Inc an | 58,348 | | | |
| 12/31/14 | LSS Software Holdings, Inc. | | 89,965 | 137,364 | 38,214 |
| 12/31/14 | LSS Aircraft Holdings, Inc. | | 47,399 | 137,364 | 20,134 |
| 12/31/15 | LSS Aircraft Holdings, Inc. | | 35,346 | 35,346 | |
| | LSS Software Holdings, Inc an | 0 | | | |
| Total | | | | | $   300,124 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934                                  **Federal  Statements**
FYE: 12/31/2016

### Consolidated AMT NOL Carryover Wrk - CY Alloc of NOL Utilized and Income Offset

| Taxable Year Corporation Name | Total NOL Utilized in Current Year | Current Year Member Inc/(Loss) After 90% Limit | Total Amount of Income From Members | CY NOL Utilized (Inc Offset) Allocated to Member |
|---|---|---|---|---|
| 12/31/16 | | | | |
| LSS Software Holdings, Inc. | $ 352,090 | $ 346,893 | $ 346,893 | $ -352,090 |
| 12/31/16 | | | | |
| LSS Aircraft Holdings, Inc. | 352,090 | -51,966 | 346,893 | 51,966 |
| Total | | | | $ -300,124 |

LSSSOFTSUBS  LSS Software Holdings, Inc and Sub
45-4456934
FYE: 12/31/2016

# Federal Statements

## Salaries and wages

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| | $    716,171 |
| Total | $    716,171 |

## Advertising

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| | $      1,666 |
| Total | $      1,666 |

## Employee benefits

| Description | Amount |
|---|---|
| LSS Software Holdings, Inc. | |
| | $     91,225 |
| Total | $     91,225 |

# Exhibit M



LSS Software, 7915 Washington
Lean Industries (LSS Software)
Corporate Office
Directions
SAVE
NEARBY
SEND TO YOUR PHONE
SHARE
7915 Washington Wood Dr, Dayton, OH 45459
Claim this business
Suggest an edit
Add a photo
WRITE A REVIEW
Centerville Winsupply
Vic Green Realty
Arrow Electronics
HER Realtors
Collision Center of Dayton
Sign in
Great Value Storage
KIDS Are TOPS Sports Center
Don Wright Realty
Lean Industries (LSS Software)
Donatos Pizza
Laser Web Dayton
The Melting Pot
Adventure Golf
Papa John's Pizza
Normandy Square Shopping Center
Washington Township Recreation Center
Subaru of Dayton
Ethan Allen
The UPS Store
Tim Hortons
Home Center Shopping Center
Huntington Bank
Voss Village Cadillac
Bargos Grill & Tap
Voss Hyundai
Carrabba's Italian Grill
Schlientz & Moore
Oak Creek South Park
Ollie's Place Craft Beer and Whiskey
Pour Haus Tavern
Hauer Music
Google
Map data ©2017 Google
Terms
Send feedback
200 ft

### PARAGON OFFICE CONDOMINIUMS
### OFFICE LEASE AGREEMENT

THIS LEASE made and entered into this 30 th day of October 2014 by and between Nancy FIRSDON, hereinafter referred to as "Lessor", and LSS Software Holdings,Inc hereinafter referred to as "Lessee".

### I. PREMISES.

Lessor, in consideration of the rents to be paid and covenants performed on the part of the Lessee, does hereby lease to the Lessee the following premises:

Office space located at 7915 Washington Woods Drive, Washington Township, Montgomery County, and State of Ohio, containing more or less 2450 square feet. The office space described and the appurtenances thereto are sometimes hereinafter referred to as the "Space".

### II. TERM.

The term of this lease shall begin on day 15 of November 2014 and continue for a period of 36 months to be fully completed by 15 November 2017.

### III. BASE RENTAL RATE.

Lessee shall pay to Lessor as and for rental on the premises commencing on 1st November 2014 the sum of ninety thousand Dollars ($90,000.00) payable in annual installments of thirty thousand dollars ( $ 30,000.00 )

All payments of rent shall be made payable to Nancy. Firsdon, 7989 Washington Woods Drive, Dayton, Ohio 45459.

A $ 2,500.00 deposit is to be held by lessor and submitted by lessee prior to possession. Deposit will be returned to lessee within 30 days from move out provided the office space is returned in the same condition as it was received allowing for normal wear and tear. If damage does occur then repairs will be deducted from the deposit.

### IV. UTILITIES.

Lessor shall, during the term hereof, pay all charges for gas, electricity, light, heat or power rendered or supplied upon or in connection with the leased premises at 7915 Washington Woods Dr. which are levied or charged against said premises throughout the term of this Lease.

A. The electric utility meter and invoices for the Space shall be in the name of the Lessor who shall be solely responsible and make direct payments to the utility companies;

B. The water utilities shall be in the name of the Lessor. In no event shall Lessor be liable for the quality, quantity, failure or interruption of such service to the demised premises which are a result of actions by utility suppliers, governmental laws, regulations or ordinances, or other matters beyond the control of the Lessor otherwise.

c. A $ 250.00 per month allowance towards gas and electric is included in the lease payment. At the end of each year the lessor will bill the lessee for the utilities that exceed $ 3,000.00 per year.

V. CONDOMINIUM.

A. Lessee acknowledges that the Space is a condominium unit, and in addition to the covenants and restrictions contained in this Lease, the use of the Space is also subject to the covenants, conditions and restrictions contained in the Declaration of Condominium for Paragon Plaza Office Condominium Association, Inc., hereinafter referred to as "Declaration", the by-laws and Articles of Incorporation for Paragon Plaza Office Condominium Association, Inc., hereinafter referred to as the "Association", or any rules and regulations adopted or hereinafter adopted by the Board of Trustees of the Association.

B. Lessee hereby acknowledges that Lessor has furnished it with a copy of the Declaration, by-laws, Articles of Incorporation and rules and regulations. Lessee further agrees to comply with the provisions of such documents, and to require compliance by its agents, employees or invitees.

C. During the term of this Lease, Lessor agrees to pay, when due, any and all monthly, periodic and special assessments, which may be charged, against the Space by the Association.

V1. USE AND OCCUPANCY.

A. Lessee shall use and occupy the Space for Business Office. Lessee shall, at his own expense, comply with all requirements of the law and with all ordinances, statutes, regulations, directives, orders, or other lawful enactment's or pronouncements of any Federal, State, Municipal or other lawful authority affecting the Space, and of any insurance company insuring the building of which the Space is a part insuring the Lessor against liability for accident or injury in or upon said building, and shall hold Lessor in all respects harmless therefrom; provided, however, that Lessor warrants that the Demised Premises shall be or are in compliance with all of the foregoing requirements, and Lessor agrees to hold Lessee harmless for a breach of this warranty.

B. Lessee shall not operate electric or kerosene space heaters within the Space or Demised Premises without the express written approval of the Lessor.

C. Lessee shall further obtain and maintain in effect all permits and licenses necessary for the operation of the Lessee's business as herein provided. Lessee shall pay all fees and taxes arising out of its business or its use and occupancy of the Space.

D. Lessee shall provide, at its own expense, vinyl, fiberboard or plywood chairs floor mats for all secretarial and/or executive type chairs. Caster cups or suitable heavy-duty pads shall also be provided by the Lessee for all other equipment within the New Space or Demised Premises to prevent carpet damage.

E. Lessor shall provide adequate parking spaces for the use of Lessee's employees and clients.

VIII. JANITORIAL SERVICES.

Lessee shall provide complete janitorial service for the space.

## IX. REPAIRS AND MAINTENANCE.

A. Lessor shall maintain and keep in good state of repair the interior of the Space or Demised Premises, including all fixtures and appliances therein and all mechanical installations therein.

B. Lessee shall make no structural alterations in the Space or Demised Premises without the prior written approval of Lessor. All alterations, additions or improvements made thereon at any time shall remain upon the Space and shall be surrendered as part of the real estate to the Lessor at the end of the term of this Lease or any renewal or extension thereof provided that Lessee shall be entitled to remove and retain its own property and all of its trade fixtures. Notwithstanding written approval of the Lessor, Lessee shall be responsible for returning the Space to its original condition upon request of Lessor without any cost whatsoever to the Lessor.

C. Lessee shall, at the expiration of this Lease, or any renewal or extension thereof, surrenders the Space to the Lessor in as good condition as they are now, ordinary wear and tear and damage by casualty excepted.

D. Lessor shall be responsible for maintaining the structural and roof components of the building of which the Demised Premises are a part, and of all major repair or replacement of the plumbing, heating and air conditioning equipment providing that such repair or replacement is not caused by the negligence of the Lessee.

DI. Lessee is responsible for replacing light bulbs in fixtures and exit signs

## X. SIGNS.

Lessor, at Lessee's cost, shall provide all signage within the limits of the Washington Township zoning code. The erection of any additional signs on any part of the Space or upon any part of the common area shall be done only upon the prior approval of Lessor in writing which consent shall not be unreasonably withheld.

## XI. COMMON AREAS.

Lessor will operate and maintain the common area, which shall include the parking lot, driveways, and walkways. Lessor shall at all times have the exclusive control and management of said common areas and shall have the right, from time to time, to establish, modify and enforce reasonable rules and regulations with respect to all facilities and areas provided in said common areas.

## XII. INSURANCE.

A. During the term of this Lease, the Lessor shall provide all risk coverage and maintain with $250,000.00 legal liability limits.

B. During the term of this Lease, the Lessee at its own cost and expense shall provide and maintain comprehensive public insurance, including property damage, in limits of not less than $250,000.00 with respect to personal injury, death or property damage in any accident with the loss payable clauses in favor of both the Lessor and Lessee as their interests appear. Lessee shall deliver to the Lessor the aforesaid policies of insurance (except that Lessee may deliver certificates evidencing such insurance in the event blanket policies have been issued), with proof of payment of the premiums therefor, at or before the commencement of the terms hereof, and renewal policies (or certificates) at least thirty (30) days prior to the expiration of any such policy. If Lessee fails to do so, the Lessor may pay such premiums therefor and Lessee shall reimburse Lessor for all monies expended by Lessor for that purpose, with

interest at the rate of six percent (6%) per annum, which may be added to and be collectible as additional rent hereunder.

C. Lessee agrees not to knowingly violate or permit to be violated any of the conditions or provisions of the insurance policies required to be furnished hereunder, and agrees to promptly notify Lessor of any fire or casualty. Lessor agrees not to knowingly increase the hazards on the leased premises by any of Lessor's own acts. Lessee and Lessor agree to comply with the requirements of any companies issuing such policies in order to keep the insurance in full force and effect. In the event that any policy shall be cancelled for noncompliance with the conditions or provisions of said policies, or requirements of the insurance companies or in the event that Lessee fails to notify the insurance companies of any claims which may arise in accordance with the terms of said insurance, then, and in that event, Lessee agrees to indemnify and save harmless Lessor from any claims and/or damages whatsoever which would otherwise be covered by said insurance, including reasonable counsel fees incurred or expended by Lessor in connection herewith.

D. Each party hereto waives any and every claim which arises or may arise in its favor against the other party hereto during the term of this Lease or any renewal or extension thereof within or upon, or constituting a part of, the premises leased to Lessee hereunder, which loss or damage is covered by valid and collectible fire and extended coverage insurance policies, to the extent that such loss or damage is recoverable under said insurance policies. Said mutual waivers shall be in addition to, and not in limitation or derogation of, any other waiver or release contained in this Lease with respect to any loss of, or damage to, property of the parties hereto. Inasmuch as the above mutual waivers preclude the assignment of any aforesaid claim by way of subrogation (or otherwise) to an insurance company (or any other person), each party hereto hereby agrees immediately to give each insurance company which has issued to its policies of fire and extended coverage insurance, written notice of the terms of said mutual waivers, and to have said insurance policies properly endorsed, if necessary, to prevent the invalidation of said insurance coverage's by reason of said waivers.

XIII. FIRE AND OTHER DESTRUCTION.

A. In the event that the Space or the building of which the Space are a part are destroyed or are damaged so that they could not be repaired or reconstructed with reasonable diligence being exercised, it is agreed that this Lease will terminate, and the Lessee shall immediately surrender the Space or Demised Premises to the Lessor and pay rent to the date of such surrender.

B. In the event of a partial destruction or damage to the Space, or the building which the Space is a part, and the Lessee being able to use the Space or any part thereof, pending repairs or reconstruction, the Lease shall continue in effect and Lessor shall immediately restore the premises to its original condition. However, rent shall be reduced in proportion to the number of square feet of floor space made unusable as is related to the total number of square feet of floor space included in the Space until such repairs are completed.

C. All personal property of the Lessee whatsoever kept in the Space or Demised Premises shall be at the Lessee's sole risk and the Lessor shall not be liable for any damage done to or loss of such personal property or loss suffered by the business or occupation of the Lessee arising from any act of negligence of co-tenants or the occupants of the building, or from bursting, overflowing or leading of water, sewers, sprinkler system or steam pipes or from the heating or plumbing fixtures or from electric wires, or from

gas, or odors, or by reason of the failure of heat, water, gas, electricity or caused in any other manner whatsoever, excepting therefrom the negligence of the Lessor.

## XIV. DEFAULT.

A. If the Lessee shall default in payment of rent, and not cure said default within seven (7) days after written notice, or otherwise fail to perform, or shall violate any of the terms, conditions, rules or requirements of this Lease and shall not cure said default within three (3) days after written notice (or such length of time if reasonable under the circumstances), then the Lessor may forthwith reenter and take possession of the Space or Demised Premises with or without force, for the remainder of the unpaid term, and credit Lessee with net rentals therefrom; or at the option of the Lessor it may cancel or terminate this Lease and only the statutory three (3) day notice shall be required to so terminate this Lease, or for the Lessor to repossess itself of the Space or Demised Premises, or to bring and maintain an action of forcible entry and detainer. Said three- (3) day notice may be served by attaching or leaving same on the Space or Demised Premises.

B. Lessee agrees to quietly deliver up the premises at the expiration of this Lease in as good condition as when taken, or as they may be put in, reasonable wear and tear and damage by casualty excepted.

C. It is mutually agreed and covenanted between the parties hereto that if the rent shall at any time be in arrears and unpaid, or if any breach of any of the covenants and agreements on the part of the Lessee herein contained shall occur, or if the Lessee shall be declared bankrupt or insolvent or if any assignment of the Lessee's property shall be made for the benefit of creditors or otherwise, or if the leasehold interest herein shall be levied on under execution, or a petition filed to declare the Lessee bankrupt or a receiver or trustee in bankruptcy be appointed for Lessee, whether under the operation of State or Federal laws, then and in that case, the Lessor may at its own option immediately and without notice to the Lessee or any other person or persons, terminate this Lease, and the Lessee will at once surrender possession of said Space to the Lessor and remove all effects therefrom, and if possession of said Space by said Lessee be not immediately surrendered, the Lessor may forthwith re-enter said Space, and repossess itself thereof, and exclude said Lessee and remove all persons and effects therefrom, using such force as may be necessary, without being deemed guilty of any manner of trespass or forcible entry or detainer. The Lessee expressly waives the service of any notice or intention to terminate this Lease (except as expressly required by this Lease), or to reenter said Space and waives the service of any and every other notice or demand prescribed by any statutes or other law (except as expressly required by this Lease), and agrees that the simple breach of any of the said covenants shall of itself without the service of any notice (except as expressly required by this Lease) or demand whatever constitute a forcible detainer by the Lessor of said Space within the meaning of the statutes of the State of Ohio.

D. Lessee shall not vacate or abandon the Space any time during the term hereof, and if the Lessee shall so vacate or abandon, any property of the Lessee left on the premises shall be deemed to have been abandoned and may either be retained by the Lessor as Lessor's property or may be disposed of at public or private sale as the Lessor sees fit. If such property of the Lessee or any part thereof is sold at public or private sale or retained by the Lessor, the proceeds of such sale or then current fair market value of the property, as the case may be, shall be applied by the Lessor against Lessor's expenses of removal, storage, or sale, the arrears of rent or future rent payable herein, and any other damage to which Lessor may be entitled hereunder.

**XV. LESSEE TO SAVE LESSOR HARMLESS.**

Lessee will indemnify and save harmless Lessor against and from all expenses, liabilities, obligations, damages, penalties, claims, accidents, costs and expenses, including reasonable attorney's fees, paid suffering, or incurred for death or damage or injury to persons or property in whole or in part as a result of any breach by Lessee, Lessee's agents, independent contractors, servants, employees, or licensees any covenant or conditions of this Lease or the carelessness, negligence, or improper conduct of the Lessee, Lessee's agents, servants, employees, customers, visitors or licensees. Lessee's liability under this Lease extends to the acts and omissions of any subleases, and any agent, servant, customer, employee, visitor or licensee of any sublease. Lessee shall use and occupy the premises and use the portion of the parking space assigned to him in the common area at its own risk.

**XVI. ACCESS TO PREMISES.**

Lessor or its agent shall have reasonable right to enter upon the leased premises at all reasonable hours for the purpose of inspecting same, or making repairs, additions, or alterations to the Space or Demised Premises or any property owned or controlled by Lessor so long as Lessor observes Lessee's reasonable procedures to protect any of its proprietary or confidential information or trade secrets. Lessee shall have access to the building and the Space or Demised Premises seven (7) days per week, twenty-four (24) hours per day.

**XVII. SUBORDINATION.**

Upon request of Lessor, Lessee will subordinate its right hereunder to the lien of mortgage or mortgages to any bank, insurance company, or any lending institution now or hereafter enforced against the land and building of which the Space or Demised Premises are a part or upon any building hereafter placed upon the land of which the Space or Demised Premises are a part and to all advances made or hereafter to be made upon the security thereof. This section shall be self-operative, and any mortgagee shall require no further instrument of subordination.

**XVIII. WAIVER.**

The waiver by the Lessor of the breach of any of the covenants or conditions by the Lessee, or the consent by the Lessor to any assignment by the Lessee, shall not affect the right of remedy of the Lessor for any future breach of assignment without consent, but such right of remedy may be pursued as if no such waiver or consent had been given.

**XIX. QUIET POSSESSION.**

Lessor agrees with Lessee that the said Lessee, paying the rents and observing and keeping the covenants of this Lease on Lessee's part to be kept, shall lawfully, peaceably, and quietly hold, occupy, and enjoy said premises during said term without let, hindrance, ejectment or molestation by the said Lessor or by any persons lawfully claiming under it.

**XX. SUCCESSORS AND ASSIGNS.**

This Lease and all of its terms, covenants, and provisions shall inure to the benefit of and be binding upon the parties and their respective administrators, executors, successors, and assigns, subject to the right to assign as set forth in Paragraph XVIII herein.

**XXI. OHIO LAWS.**

This Lease shall be governed by and construed in accordance with the Laws of the State of Ohio.

## XXII. LESSOR'S CONSENT.

Whenever Lessor's consent is required under the terms of this Lease, such consent shall not be unreasonably withheld.

## XXIII. DISPOSAL OF WASTE.

The Lessor shall be responsible for proper disposal of all toxic waste, bodily fluids or all other waste classified as "red bag" material.

## XXIV. NOTICES.

All notices required under the terms of this Lease shall be given in writing and shall be sent by registered or certified United States mail, return receipt requested, and shall be effective on the date received. Notices to Lessor shall be sent to 7989 Washington Woods Drive, Dayton, Ohio 45459, and notices to Lessee shall be sent to 7915 Washington Woods Dr., Dayton, Ohio 45459 and c/o Drew & Drew LLP at 159 Linwood Ave. Buffalo, N.Y. 14209

## XXV. Changes

Lessor shall paint one coat on all walls, with the green painted walls painted as needed.

The lower level carpet to be replaced

Finish the kitchen wall as is

remove the seperation wall between the two offices, so as to make one large office and close off opening

Finish seperation in hall

remove the two large bushes at the front door

IN WITNESSES WHEREOF, the said Lessor has hereunto set his hand on the day and year first above written.

SIGNED IN THE PRESENCE OF:

LESSOR: _Nancy L Firsdon_

Nancy FIRSDON

_Jack U Williams_

Witness

STATE OF OHIO
COUNTY OF MONTGOMERY, SS:

Be it remembered that on the day of ___11 · 10th___, 2014, before me, the subscriber a Notary Public in and for said County and State, personally appeared Byron R. Firsdon, the Lessor in the foregoing Lease, and acknowledged the signing thereof to be his voluntary act and deed for the uses and purposes therein mentioned.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal on the day and year last aforesaid.

NOTARY PUBLIC

BETTY A. JACKSON
Public, State of Ohio
My Commission Expires
February 29, 2016

IN WITNESSES WHEREOF, the said Lessee have hereunto set their hands on the day and year first above written.

LSS SOFTWARE HOLDINGS, INC.

LESSEE: _By Bjorn Larsen, PRESIDENT_

_____
Witness

LESSEE: _____

_____
Witness

STATE OF ~~OHIO~~ NEW YORK
COUNTY OF ~~MONTGOMERY, SS:~~ ERIE, SS..

Be it remembered that on ~~the day of~~ OCT 31 2014, 200__, before me, the subscriber a Notary Public in and for said County and State, personally appeared, the Lessee in the foregoing Lease, and acknowledged the signing thereof to be his voluntary act and deed for the uses and purposes therein mentioned.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal on the day and year last aforesaid.

NOTARY PUBLIC

DEAN M. CREW
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Sept. 30, 20_18_

Exhibit N

United States Division

**BJORN LARSEN**

CEO & PRESIDENT
blarsen@leanindustries.com
Toronto

**JIM SCHLEGEL** ★

VICE PRESIDENT, SALES
& DELIVERY
jschlegel@leanindustries.com
Dayton/Cleveland

**ABHINAY KONDAMREDDY**

PROJECT ADMINISTRATOR
akondamreddy@leanindustries.com
Toronto

**ANGIE NOAH** ★

DIRECTOR, CLIENT
IMPLEMENTATIONS
anoah@leanindustries.com
Dayton

**DIANE GRASSI** ★

MANAGER, BUSINESS
OPERATIONS
dgrassi@leanindustries.com
Dayton/Cleveland

**CLAUDIO LOPES** ★

DIRECTOR, EUROPEAN
OPERATIONS
clopes@leanindustries.com
Portugal

**CHRIS MAHY** ★

DIRECTOR, CLIENT SERVICES
& OPERATIONS
cmahy@leanindustries.com
Toronto

Colleen **Ryan**

MANAGER, BUSINESS
ANALYSIS
cryan@leanindustries.com
Dayton

**MIGUEL SILVA**

MANAGER, CLIENT
IMPLEMENTATIONS
msilva@leanindustries.com
Portugal

**KALYANI LANKA**

CLIENT SUPPORT SPECIALIST
klanka@leanindustries.com
Toronto

**BRENDA WHITING**

SR. BUSINESS ANALYST
bwhiting@leanindustries.com
Dayton

**SUJIT PAUDYAL**

CLIENT SUPPORT SPECIALIST
spaudyal@leanindustries.com
Toronto

**DAVID SMITH**

BUSINESS ANALYST
dsmith@leanindustries.com
Dayton

**AMANDA COX**

BUSINESS ANALYST
acox@leanindustries.com
Dayton

**SAMI EL-MASRI**

CLIENT SUPPORT SPECIALIST
selmasri@leanindustries.com
Toronto

**GAIL MEADOWS**

BUSINESS ANALYST
gmeadows@leanindustries.com
Dayton

**SETH WEEKS**

JR. BUSINESS ANALYST
sweeks@leanindustries.com
Dayton

**CORRINA PALAEZ**

CLIENT SUPPORT SPECIALIST
cpalaez@leanindustries.com
Toronto

**TA'NISHA WATSON**

BUSINESS ANALYST
twatson@leanindustries.com
Dayton

**DAVE PATRICK**

BUSINESS ANALYST
dpatrick@leanindustries.com
Dayton

# LEAN

★ indicates Manager

Exhibit O

Connect With Us

  

ABOUT ETHOCA     WHAT WE DO     SOLUTIONS     BENEFITS     CAREERS     PARTNERS

HOME     NEWS AND RESOURCES
ETHOCA & LEAN INDUSTRIES PARTNER FOR FASTER, EASIER RESOLUTION OF FRAUD AND CARDHOLDER DISPUTES

# Ethoca & Lean Industries Partner for Faster, Easier Resolution of Fraud and Cardholder Disputes

OCTOBER 3, 2016

  

*Integration Enables Card Issuers to Automate Dispute and Fraud Related Recoveries, Eliminate Operational Costs Associated with Chargebacks and Preserve Customer Experience*

**TORONTO**, Ontario, Canada; Austin, TX; and London, UK – October 3, 2016 – Ethoca, the industry standard for collaboration-based technology solutions that enable card issuers and online merchants to increase card acceptance and stop ecommerce fraud and disputes, today announced a partnership with Lean Industries, a leading provider of dispute management software solutions. Now any card issuing bank using Lean's AdjustmentHub™ dispute processing platform will be able to automatically connect to Ethoca's Global Collaboration Network to easily resolve fraud and customer disputes – avoiding the costly and labor intensive chargeback process entirely.

With customer experience and maintaining top position in the cardholder's wallet as chief concerns, card issuers also struggle to cope with the increasing volume of costly fraud claims and dispute cases that put additional pressure on operating margins. Ethoca's flagship service – Ethoca Alerts – solves this problem by giving merchants an early warning on customer disputes and fraudulent transactions that have already been confirmed by the bank with their cardholders. Merchants act on alerts immediately by stopping the fulfilment of fraudulent orders and issuing cardholders a refund to avoid the costly chargeback process. This in turn enables card issuers to eliminate operational costs associated with chargebacks and speeds the recovery of dispute and fraud losses, while ensuring a better experience for cardholders.

To increase the level of automation and speed of resolution for disputed transactions, AdjustmentHub will send disputed transaction data to Ethoca in near real time. After Ethoca's merchant customers resolve the cardholder's reason for dispute by issuing a refund, Ethoca Alerts sends the response back to AdjustmentHub, where the open dispute case will be updated to reflect the successful outcome of the issuer-merchant collaboration. This seamless, end-to-end process ensures no chargeback will be processed. AdjustmentHub from Lean Industries is used to manage tens of thousands of disputes each month across its

## Categories

ANNOUNCEMENTS

EVENTS & WEBINARS

INSIGHTS

NEWS

RESOURCES & DOWNLOADS

## TAKE ACTION

GET IN TOUCH

CONNECT WITH AN EXPERT

FREE CHARGEBACK ASSESSMENT

## Sales Contact

US/CA: +1.866.215.2883
UK/EU: (0) 800.056.5112
sales@ethoca.com

## Media Contact

PR
pr@ethoca.com

issuing customer base and the integration with Ethoca Alerts is available for issuing customers worldwide.

"We make participation in the Ethoca Network virtually effortless for our card issuer customers – with no added IT burden or heavy integration required to start seeing value day one," said Trevor Clarke, Co-Founder and EVP, Issuer Relations at Ethoca. "Through our integration with AdjustmentHub, card issuers can make their entire fraud and dispute recovery process faster, easier, more accurate and more cost-effective, while creating a vastly improved experience for cardholders. Card issuers can also recover a wider range of disputed transactions, including low value and 3DS purchases that are typically non-recoverable."

"We share a common mission with Ethoca: our companies seek to provide faster, lower-cost dispute resolution and fraud mitigation services for the card issuing community," said Lean Industries Chief Executive Officer, Bjorn Larsen. "Together, Lean Industries and Ethoca will increase the level of interaction between card issuers and merchants, empowering both parties to reduce the impact of costly and lengthy fraud and dispute handling processes."

Ethoca's global network is growing quickly around the world and includes the largest merchant and card issuer footprint in the industry. Merchant coverage includes seven of the top ten ecommerce merchants, the world's largest digital goods brands, and more than 137,000 enrolled merchant descriptors. More merchant participation drives dramatically higher fraud and dispute related recoveries for Ethoca's card issuer customers, now numbering more than 555 worldwide. These include 14 of the top 20 North American card issuers (including three of the top four in the U.S.), 21 in EMEA (including nine in the UK), nine in Canada, two of the top four in Australia, and more. Ethoca's Global Network now spans more than 37 countries.

### About Ethoca

Ethoca is the leading, global provider of collaboration-based technology that enables card issuers, ecommerce merchants and online businesses to increase card acceptance, stop more fraud, recover lost revenue and eliminate chargebacks from both fraud and customer service disputes. Through the Ethoca Network – the first and only of its kind in the industry – we are closing the information gap between card issuers and merchants. This unique capability makes fraud and customer dispute insight available and actionable in real time. Our suite of services delivers significant revenue growth and cost saving opportunities to our card issuer and merchant customers around the world. Seven of the top ten ecommerce brands, 14 of the top North American card issuers, two of the top five UK card issuers and more than 4,700 ecommerce businesses around the world rely on Ethoca solutions and the network that powers them. To find out more, please visit us online at www.ethoca.com.

### About Lean Industries

Lean Industries develops and delivers software solutions designed to lower the costs and improve the quality of managing disputes, exceptions and adjustments for electronic payment transactions. Our solutions enable organizations of all types and sizes to become highly efficient and productive through extensive process automation, elimination of paper-based practices, and integration with critical enterprise payment applications. Our people are experts in this field and provide implementation, training and customization services to match your company's needs. For more information, visit: www.leanindustries.com.

**Media Contacts**

**Angela Yore/Rob Baker**

+44 (0) 844 2939 / rob@skyparlour.com

+44 (0) 7738 822 956 / angela@skyparlour.com

**Keith Briscoe**

Chief Marketing Officer, Ethoca
Direct: +1.416.628.5052
Mobile: +1.416.312.8105
keith.briscoe@ethoca.com

**Share this article:**

# ETHOCA'S CONNECTIONS

# 7 of 10

TOP ONLINE MERCHANTS
USE ETHOCA

# 5,000+

MERCHANTS OF ALL SIZES
COUNT ON OUR SERVICES

# Global

NETWORK OF MAJOR
CARD ISSUING BANKS

Careers    Merchant FAQ    Card Issuer FAQ    News    Privacy Policy    Contact Us

Copyright © Ethoca Limited All Rights Reserved.

**(323) 655-5789**



# Press Releases

# Chargeback Dispute Automation – Verifi and Lean Industries Announce Partnership

### *Companies enhance chargeback dispute automation for card issuers*

Los Angeles, CA & Toronto, ON – 2 April 2014: Verifi Inc., a leading provider of global electronic payment and risk management solutions for card-not-present merchants, and Lean Industries, provider of the AdjustmentHub(TM) dispute management system, today announced the formation of a chargeback dispute automation partnership that expands the opportunities for card issuers to improve the automation and resolution success rates of cardholder disputes.

As part of this partnership, Lean Industries will develop an automated interface that will access the Verifi Cardholder Dispute Resolution Network® (CDRN®) for card issuers from within their AdjustmentHub application. To increase the level of automation and speed of resolution for disputed payments, AdjustmentHub will obtain qualifying merchant information from Verifi and automatically submit disputed payment records to the CDRN service from issuers using both solutions. Merchant responses to these resolution requests submitted through

CDRN back to the issuer will automatically update dispute case information in AdjustmentHub and prompt users to proceed with each case accordingly.

Combined, the two companies currently serve many large card issuers. AdjustmentHub from Lean Industries is used to manage tens of thousands of disputes each month across its issuing customer base. Verifi enables thousands of CNP merchants to successfully resolve disputed transactions (chargeback disputes) before they are processed as chargebacks by card issuers. These merchants include most of the Internet Retail 500 as well as hundreds of specialty CNP merchants in telecom, cable, SaaS, DRTV and other markets.

"This partnership represents a movement for cross-industry collaboration to minimize the costs of handling disputed payments," said Matthew Katz, Chief Executive Officer and founder of Verifi. "The alliance expands the access of our CDRN service and, together, we're better positioned to facilitate interactions between card issuers and merchants."

"This is an innovative initiative for both companies as we seek to provide faster, low-cost dispute resolution services for the card issuing community," said Lean Industries Chief Executive Officer, Bjorn Larsen. "Together, Lean Industries and Verifi will increase the level of interaction between card issuers and merchants, empowering both merchants and issuers to reduce the impact of costly and lengthy dispute handling processes."

ABOUT LEAN INDUSTRIES

Lean Industries develops and delivers software solutions designed to lower the costs and improve the quality of managing disputes, exceptions and adjustments for electronic payment transactions.

Our solutions enable organizations of all types and sizes to become highly efficient and productive through extensive process automation, elimination of paper-based practices, and integration with critical enterprise payment applications. Our people are experts in this field and provide implementation, training and customization services to match your company's needs.

**About Verifi**

Verifi, an award-winning provider of end-to-end payment protection and management solutions, was founded in 2005 to help our clients effectively manage the payments challenges they face every day. Verifi helps merchants safely process payments, combat fraud, prevent and resolve costly chargebacks, as well as increase billings and keep loyal customers. Our best-in-breed solutions and white glove support are trusted by a wide range of industries from emerging companies to the Fortune 500. Headquartered in Los Angeles, California, we process more than $20 billion transactions annually and currently serve more than 12,000 accounts globally. For more information, visit:www.verifi.com.

# # #

## FOLLOW US

## CONTACT

Main Phone: (323) 655-5789 Mon-Fri: 8:00PST - 5:00PST

Main Fax: (323) 655-5537
Email Address: info@verifi.com

Mailing Address:
8391 Beverly Blvd., Box #310
Los Angeles, CA 90048

Resources    Terms of Use    Privacy Policy    CAMS

| S&P 500 | Dow 30 | Nasdaq | Crude Oil | Gold |
|---|---|---|---|---|
| 2,362.28 | 20,632.23 | 6,043.78 | 49.36 | 1,251.10 |
| +5.25 (+0.22%) | +25.30 (+0.12%) | +32.55 (+0.54%) | +0.29 (+0.59%) | -7.50 (-0.60%) |

(•) U.S. Markets close in 2 hrs 9 mins

**Stocks To Watch**     Facebook slapped with big EU fine, Fiat Chrysler heads in reverse,...



LOS ANGELES, CA and TORONTO, ON--(Marketwired - May 2, 2014) - Verifi Inc., a leading provider of global electronic payment and risk management solutions for card-not-present merchants, and Lean Industries, provider of the AdjustmentHub™ dispute management system, today announced the formation of a partnership that expands the opportunities for card issuers to improve the automation and resolution success rates of cardholder disputes.

As part of this partnership, Lean Industries will develop an automated interface that will access the Verifi Cardholder Dispute Resolution Network® (CDRN®) for card issuers from within their AdjustmentHub™ application. To increase the level of automation and speed of resolution for disputed payments, AdjustmentHub will obtain qualifying merchant information from Verifi and automatically submit disputed payment records to the CDRN service from issuers using both solutions. Merchant responses to these resolution requests submitted through CDRN back to the issuer will automatically update dispute case information in AdjustmentHub and prompt users to proceed with each case accordingly.

Combined, the two companies currently serve many large card issuers. AdjustmentHub from Lean Industries is used to manage tens of thousands of disputes each month across its issuing customer base. Verifi enables thousands of CNP merchants to successfully resolve disputed transactions before they are processed as chargebacks by card issuers. These merchants include most of the Internet Retail 500 as well as hundreds of specialty CNP merchants in telecom, cable, SaaS, DRTV and other markets.

"This partnership represents a movement for cross-industry collaboration to minimize the costs of handling disputed payments," said Matthew Katz, Chief Executive Officer and founder of Verifi. "The alliance expands the access of our CDRN service and, together, we're better positioned to facilitate interactions between card issuers and merchants."

"This is an innovative initiative for both companies as we seek to provide faster, low-cost dispute resolution services for the card issuing community," said Lean Industries Chief Executive Officer, Bjorn Larsen, "Together, Lean Industries and Verifi will increase the level of interaction between card issuers and merchants, empowering both

merchants and issuers to reduce the impact of costly and lengthy dispute handling processes."

ABOUT LEAN INDUSTRIES

Lean Industries develops and delivers software solutions designed to lower the costs and improve the quality of managing disputes, exceptions and adjustments for electronic payment transactions.

Our solutions enable organizations of all types and sizes to become highly efficient and productive through extensive process automation, elimination of paper-based practices, and integration with critical enterprise payment applications. Our people are experts in this field and provide implementation, training and customization services to match your company's needs.

ABOUT VERIFI

Founded in 2005, Verifi is a full-service provider of global electronic payment and risk management solutions for card-not-present (CNP) merchants. Based on a multi-layered approach, Verifi's risk management solutions empower Merchants to gain control and transparency into the entire payment process -- from global payment acceptance and processing, order screening, and recovery/maximization to fraud/risk management and payment security.

## Verifi and Lean Industries Announce Partnership

Marketwired May 02, 2014

Quote Lookup

Recently Viewed ›

Your list is empty.

### Rates

Mortgage  CDs  Savings  Auto Loans

| Lender | APR | Rate | Cost and Fees |
|---|---|---|---|
| Sebonic Financial | 3.541% | 3.365% at 1,100 pts Thu May 18 | Est payment: $1,369 Lender fees: $3,319 State Lic # MLB86247 NMLS # 66247 Cardinal Financial |
| Sebonic Financial | 3.602% | 3.490% at 0.100 pts Thu May 18 | Est payment: $1,390 Lender fees: $3,946 State Lic # MLB86247 NMLS # 66247 Cardinal Financial |
| eRates Mortgage | 3.611% | 3.500% at 1,100 pts Thu May 18 | Est payment: $1,392 Lender fees: $825 State Lic # MLB1071 NMLS # 1071 |

Product: 30 Year Fixed Refi, All Points
Loan Amount: $310,000
Search Criteria: 20% down, 740+ credit score



**Joanna Confirms The Rumor**
Joanna Discloses The Real Reason She Is Leaving "Fixer Upper"
www.strictlycommitted.com

What to Read Next

**SCARAMUCCI: Trump could still be 'one of o best presidents in the modern era'**
Yahoo Finance

💬 **Start the conversation**

Sign in to post a message.

**This Technology Will Be Bigger Than the Internet**
The Sovereign Investor  Sponsored

# Adjustment of Status for
# Bjorn LARSEN



### Notice of Entry of Appearance
### as Attorney or Accredited Representative
#### Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 03/31/2018

---

| **Part 1. Information About Attorney or Accredited Representative** | **Part 2. Notice of Appearance as Attorney or Accredited Representative** |
|---|---|

**Part 1. Information About Attorney or Accredited Representative**

**1.** USCIS ELIS Account Number *(if any)*

▶ [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ]

#### Name and Address of Attorney or Accredited Representative

**2.a.** Family Name *(Last Name)* — Behm

**2.b.** Given Name *(First Name)* — Jennifer

**2.c.** Middle Name

**3.a.** Street Number and Name — 2300 Wehrle Drive

**3.b.** Apt. [ ] Ste. [ ] Flr. [ ]

**3.c.** City or Town — Buffalo

**3.d.** State NY  **3.e.** ZIP Code 14221

**3.f.** Province

**3.g.** Postal Code

**3.h.** Country — USA

**4.** Daytime Telephone Number — 7166341010

**5.** Fax Number — 7166341074

**6.** E-Mail Address *(if any)* — jebehm@usimmlawyer.com

**7.** Mobile Telephone Number *(if any)*

**Part 2. Notice of Appearance as Attorney or Accredited Representative**

This appearance relates to immigration matters before *(Select only one box):*

**1.a.** [X] USCIS

**1.b.** List the form numbers
Form I-131 I-485 I-765

**2.a.** [ ] ICE

**2.b.** List the specific matter in which appearance is entered

**3.a.** [ ] CBP

**3.b.** List the specific matter in which appearance is entered

I enter my appearance as attorney or accredited representative at the request of:

**4.** Select only one box:
[X] Applicant  [ ] Petitioner  [ ] Requestor
[ ] Respondent (ICE, CBP)

#### Information About Applicant, Petitioner, Requestor, or Respondent

**5.a.** Family Name *(Last Name)* — LARSEN

**5.b.** Given Name *(First Name)* — Bjorn

**5.c.** Middle Name

**6.** Name of Company or Organization *(if applicable)*

---



## Part 2. Notice of Appearance as Attorney or Accredited Representative *(continued)*

### Information About Applicant, Petitioner, Requestor, or Respondent *(continued)*

**7.** USCIS ELIS Account Number *(if any)*

▶

**8.** Alien Registration Number (A-Number) or Receipt Number

**9.** Daytime Telephone Number

**10.** Mobile Telephone Number *(if any)*

3072756956

**11.** E-Mail Address *(if any)*

blarsen@leanindustries.com

### Mailing Address of Applicant, Petitioner, Requestor, or Respondent

**NOTE:** Provide the mailing address of the applicant, petitioner, requestor, or respondent. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application, petition, or request being filed with this Form G-28.

**12.a.** Street Number and Name — 1072 Beryl Trail

**12.b.** Apt. ☐ Ste. ☐ Flr. ☐

**12.c.** City or Town — Centerville

**12.d.** State OH **12.e.** ZIP Code 45459

**12.f.** Province

**12.g.** Postal Code

**12.h.** Country — USA

## Part 3. Eligibility Information for Attorney or Accredited Representative

Select **all** applicable items.

**1.a.** ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. *(If you need additional space, use Part 6.)*

Licensing Authority
NYS Ct of Appeals 4th Dept

**1.b.** Bar Number *(if applicable)*
N/A

**1.c.** Name of Law Firm
Berardi Immigration Law

**1.d.** I *(choose one)* ☒ **am not** ☐ **am**
subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law. If you are subject to any orders, explain in the space below. *(If you need additional space, use Part 6.)*

**2.a.** ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals, in accordance with 8 CFR 292.2. Provide the name of the organization and the expiration date of accreditation.

**2.b.** Name of Recognized Organization

**2.c.** Date accreditation expires
*(mm/dd/yyyy)* ▶



## Part 3. Eligibility Information for Attorney or Accredited Representative (continued)

**3.** ☐ I am associated with

_____

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request.

**NOTE:** If you select this item, also complete **Item Numbers 1.a. - 1.b.** or **Item Numbers 2.a. - 2.e.** in **Part 3.** (whichever is appropriate).

**4.a.** ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2)(iv).

**4.b.** Name of Law Student or Law Graduate

_____

## Part 4. Applicant, Petitioner, Requestor, or Respondent Consent to Representation, Contact Information, and Signature

### Consent to Representation and Release of Information

**1.** I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and DHS policy, I also consent to the disclosure to the named attorney or accredited representative of any record pertaining to me that appears in any system of records of USCIS, ICE or CBP.

When you (the applicant, petitioner, requestor, or respondent) are represented, DHS will send notices to both you and your attorney or accredited representative either through mail or electronic delivery.

DHS will also send the Form I-94, Arrival Departure Record, to you **unless** you select **Item Number 2.a.** in **Part 4.** All secure identity documents and Travel Documents will be sent to you (the applicant, petitioner, requestor, or respondent) at your U.S. mailing address **unless** you ask us to send your secure identity documents to your attorney of record or accredited representative.

If you do not want to receive original notices or secure identity documents directly, but would rather have such notices and documents sent to your attorney of record or accredited representative, please select **all applicable** boxes below:

**2.a.** ☒ I request DHS send any notice (including Form I-94) on an application, petition, or request to the U.S. business address of my attorney of record or accredited representative as listed in this form. I understand that I may change this election at any future date through written notice to DHS.

**2.b.** ☒ I request that DHS send any secure identity document, such as a Permanent Resident Card, Employment Authorization Document, or Travel Document, that I am approved to receive and authorized to possess, to the U.S. business address of my attorney of record or accredited representative as listed in this form or to a designated military or diplomatic address for pickup in a foreign country (if permitted). I consent to having my secure identity document sent to my attorney of record or accredited representative's U.S. business address and understand that I may request, at any future date and through written notice to DHS, that DHS send any secure identity document to me directly.

**3.a.** Signature of Applicant, Petitioner, Requestor, or Respondent

**3.b.** Date of Signature (mm/dd/yyyy) ▶



## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1.** Signature of Attorney or Accredited Representative

**2.** Signature of Law Student or Law Graduate

**3.** Date of Signature (mm/dd/yyyy) ▶ 5/26/2017

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0008; Expires 06/30/2017

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | ☒ Male ☐ Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| LARSEN | Bjorn | | | 05/03/1950 | Canada & Norway | A |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security No. (if any) |
|---|---|---|
| None | Sandnes    Norway | 067602903 |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | LARSEN | Torstein | 11/27/1927 | Sandnes/Rogaland Norway | Tvedestrand   Norway |
| Mother (Maiden Name) | OEGLAND | Kirsten | 08/30/1931 | Sandnes/Rogaland Norway | Tvedestrand   Norway |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| None | | | | | |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| COLLUM | Nancy Jo | 05/19/1957 | 05/28/2005 Denton, Texas | 02/04/2010 Collin County, Texas |
| PUSIC | Majda | 01/30/1954 | 12/31/1984 North York, ON, Canada | 06/29/2003 Toronto, ON, Canada |

**Applicant's residence last five years. List present address first.**

| Street Name and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| 1072 Beryl Trail | Centerville | OH | USA | 06 | 2016 | Present Time | |
| 1711-18 Graydon Hall Drive | Toronto | ON | Canada | 07 | 2016 | 05 | 2017 |
| 24-11 Plaissance Road | Richmond Hill | ON | Canada | 06 | 2012 | 06 | 2016 |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street Name and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|
| LSS Software Holdings, Inc. | 7915 Washington Wood Drive, Dayton, OH | Founder & CEO (Subsidiary) | 01 | 2010 | Present Time | |
| Lean Software Services, Inc. | 45B West Wilmot St, Ste 215, Richmond Hill, Ontario, Canada | Founder & CEO (Parent Company) | 02 | 2002 | Present | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| See Above | | | | | | |
|---|---|---|---|---|---|---|

| This form is submitted in connection with an application for: | Signature of Applicant | Date |
|---|---|---|
| ☐ Naturalization    ☐ Other (Specify):<br>☒ Status as Permanent Resident | | May 23, 2017 |

If your native alphabet is in other than Roman letters, write your name in your native alphabet below:

N/A

**Penalties:** Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.

**Applicant:** Print your name and Alien Registration Number in the box outlined by heavy border below.

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| LARSEN | Bjorn | | A |

Form G-325A (Rev. 06/01/15) Y

OMB No. 1615-0023; Expires 12/31/18

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-485, Application to Register
Permanent Residence or Adjust Status**

| START HERE – Type or Print (Use black ink) | | | For USCIS Use Only | |
|---|---|---|---|---|
| **Part 1. Information About You** | | | Returned | Receipt |
| Family Name *(Last Name)* | Given Name *(First Name)* | Middle Name | | |
| LARSEN | Bjorn | | | |
| Address - Street Number and Name | | Apt. No. | Resubmitted | |
| 1072 Beryl Trail | | | | |
| C/O *(in care of)* | | | | |
| | | | | |
| City | State | ZIP Code | Reloc Sent | |
| Centerville | OH | 45459 | | |
| Date of Birth *(mm/dd/yyyy)* | Country of Birth | | | |
| 05/03/1950 | Norway | | | |
| Country of Citizenship/Nationality | U.S. Social Security No. *(if any)* | A-Number *(if any)* | Reloc Rec'd | |
| Canada & Norway | 067602903 | | | |
| Date of Last Arrival *(mm/dd/yyyy)* | I-94 Arrival-Departure Record Number | | | |
| | | | Applicant Interviewed | |
| Current USCIS Status | Expires on *(mm/dd/yyyy)* | | | |
| L-1 | 07/20/2018 | | | |

**Part 2. Application Type** *(Select one)*

I am applying for an adjustment to permanent resident status because:

a. ☒ An immigrant petition giving me an immediately available immigrant visa number that has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. ☐ I entered as a K-1 fiancé(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate.)

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described above in (e), and I am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

g. ☐ I have continuously resided in the United States since before January 1, 1972.

h. ☐ Other basis of eligibility. Explain (for example, I was admitted as a refugee, my status has not been terminated, and I have been physically present in the United States for 1 year after admission). If additional space is needed, see Page 3 of the instructions. _____

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and: *(Select one)*

i. ☐ I am a native or citizen of Cuba and meet the description in (e) above.

j. ☐ I am the husband, wife, or minor unmarried child of a Cuban and meet the description in (f) above.

| Section of Law |
|---|
| ☐ Sec. 209(a), INA |
| ☐ Sec. 209(b), INA |
| ☐ Sec. 13, Act of 9/11/57 |
| ☐ Sec. 245, INA |
| ☐ Sec. 249, INA |
| ☐ Sec. 1 Act of 11/2/66 |
| ☐ Sec. 2 Act of 11/2/66 |
| ☐ Other _____ |

**Country Chargeable**

**Eligibility Under Sec. 245**
☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other

**Preference**

**Action Block**

**To be Completed by**
*Attorney or Representative, if any*
☒ Fill in box if Form G-28 is attached to represent the applicant

VOLAG No

ATTY State License Number
**N/A**



Form I-485 (Rev 01/17/17) N Page 1

## Part 3.  Processing Information

**A.**

| City/Town/Village of Birth | Current Occupation |
|---|---|
| **Sandnes** | **Founder & CEO** |

| Your Mother's First Name | Your Father's First Name |
|---|---|
| **Kirsten** | **Torstein** |

Provide your name exactly as it appears on your Form I-94, Arrival-Departure Record Number

**Bjorn Larsen**

| Place of Last Entry Into the United States (City/State) | In what status did you last enter? *(Visitor, student, exchange visitor, crewman, temporary worker, without inspection, etc.)* |
|---|---|
| **Toronto, Canada: Pearson Airport** | **L-1** |

Were you inspected by a U.S. Immigration Officer?    Yes ☒    No ☐

| Nonimmigrant Visa Number | Consulate Where Visa Was Issued |
|---|---|
| **N/A** | **N/A** |

| Date Visa Issued *(mm/dd/yyyy)* | Gender | Marital Status |
|---|---|---|
| **N/A** | ☒ Male   ☐ Female | ☐ Married   ☐ Single   ☒ Divorced   ☐ Widowed |

Have you ever applied for permanent resident status in the U.S.?    ☐ Yes *(if "Yes" give date and place of filing and final disposition.)*    ☒ No

**B.** List your present spouse and all of your children (include adult sons and daughters).  (If you have none, write "None." If additional space is needed, see **Page 3** of the instructions.)

| Family Name *(Last Name)* | Given Name *(First Name)* | | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|---|
| **None** | | | | |
| Country of Birth | Relationship | A-Number *(if any)* | | Applying with you? |
| | - | | | Yes ☐   No ☐ |
| Family Name *(Last Name)* | Given Name *(First Name)* | | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
| | | | | |
| Country of Birth | Relationship | A-Number *(if any)* | | Applying with you? |
| | - | | | Yes ☐   No ☐ |
| Family Name *(Last Name)* | Given Name *(First Name)* | | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
| | | | | |
| Country of Birth | Relationship | A-Number *(if any)* | | Applying with you? |
| | - | | | Yes ☐   No ☐ |
| Family Name *(Last Name)* | Given Name *(First Name)* | | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
| | | | | |
| Country of Birth | Relationship | A-Number *(if any)* | | Applying with you? |
| | - | | | Yes ☐   No ☐ |
| Family Name *(Last Name)* | Given Name *(First Name)* | | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
| | | | | |
| Country of Birth | Relationship | A-Number *(if any)* | | Applying with you? |
| | - | | | Yes ☐   No ☐ |

**Part 3. Processing Information** *(Continued)*

C. List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include **any military service** in this part. If none, write "None." Include the name of each organization, location, nature, and dates of membership. If additional space is needed, attach a separate sheet of paper. Continuation pages must be submitted according to the guidelines provided on **Page 3** of the instructions under **General Instructions**.

| Name of Organization | Location and Nature | Date of Membership From | Date of Membership To |
|---|---|---|---|
| **None** | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Answer the following questions. (If your answer is "Yes" to any question, explain on a separate piece of paper. Continuation pages must be submitted according to the guidelines provided on **Page 3** of the instructions under **General Instructions**. Information about documentation that must be included with your application is also provided in this section.) Answering "Yes" does not necessarily mean that you are not entitled to adjust status or register for permanent residence.

1. Have you **EVER**, in or outside the United States:

   a. Knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? Yes ☐ No ☒

   b. Been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? Yes ☐ No ☒

   c. Been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency, or similar action? Yes ☐ No ☒

   d. Exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? Yes ☐ No ☒

2. Have you received public assistance in the United States from any source, including the U.S. Government or any State, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? Yes ☐ No ☒

3. Have you **EVER**:

   a. Within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? Yes ☐ No ☒

   b. Engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? Yes ☐ No ☒

   c. Knowingly encouraged, induced, assisted, abetted, or aided any alien to try to enter the United States illegally? Yes ☐ No ☒

   d. Illicitly trafficked in any controlled substance, or knowingly assisted, abetted, or colluded in the illicit trafficking of any controlled substance? Yes ☐ No ☒

4. Have you **EVER** engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity?

**Part 3.  Processing Information** *(Continued)*

5. Do you intend to engage in the United States in:

    **a.** Espionage?  Yes ☐  No ☒

    **b.** Any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence, or other unlawful means?  Yes ☐  No ☒

    **c.** Any activity to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information?  Yes ☐  No ☒

6. Have you **EVER** been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party?  Yes ☐  No ☒

7. Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist, or otherwise participate in the persecution of any person because of race, religion, national origin, or political opinion?  Yes ☐  No ☒

8. Have you **EVER** been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal, or rescission proceedings?  Yes ☐  No ☒

9. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act (INA) for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States, or any immigration benefit?  Yes ☐  No ☒

10. Have you **EVER** left the United States to avoid being drafted into the U.S. Armed Forces?  Yes ☐  No ☒

11. Have you **EVER** been a J nonimmigrant exchange visitor who was subject to the 2-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver?  Yes ☐  No ☒

12. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child?  Yes ☐  No ☒

13. Do you plan to practice polygamy in the United States?  Yes ☐  No ☒

14. Have you **EVER** ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following:

    **a.** Acts involving torture or genocide?  Yes ☐  No ☒

    **b.** Killing any person?  Yes ☐  No ☒

    **c.** Intentionally and severely injuring any person?  Yes ☐  No ☒

    **d.** Engaging in any kind of sexual contact or relations with any person who was being forced or threatened?  Yes ☐  No ☒

    **e.** Limiting or denying any person's ability to exercise religious beliefs?  Yes ☐  No ☒

15. Have you **EVER**:

    **a.** Served in, been a member of, assisted in, or participated in any military unit, paramilitary unit, police unit, self-defense unit, vigilante unit, rebel group, guerrilla group, militia, or insurgent organization?  Yes ☐  No ☒

    **b.** Served in any prison, jail, prison camp, detention facility, labor camp, or any other situation that involved detaining persons?  Yes ☐  No ☒

16. Have you **EVER** been a member of, assisted in, or participated in any group, unit, or organization of any kind in which you or other persons used any type of weapon against any person or threatened to do so?  Yes ☐  No ☒

## Part 3. Processing Information *(Continued)*

17. Have you **EVER** assisted or participated in selling or providing weapons to any person who to your knowledge used them against another person, or in transporting weapons to any person who to your knowledge used them against another person?     Yes ☐ No ☒

18. Have you **EVER** received any type of military, paramilitary, or weapons training?     Yes ☐ No ☒

## Part 4. Accommodations for Individuals With Disabilities and/or Impairments *(See Page 7 of the instructions before completing this section.)*

Are you requesting an accommodation because of your disability(ies) and/or impairment(s)?     Yes ☐ No ☒

If you answered "Yes," select any applicable box:

☐ **a.** I am deaf or hard of hearing and request the following accommodation(s) (if requesting a sign-language interpreter, indicate which language (e.g., American Sign Language)):

> **N/A**

☐ **b.** I am blind or sight-impaired and request the following accommodation(s):

> **N/A**

☐ **c.** I have another type of disability and/or impairment (describe the nature of your disability(ies) or impairment(s) and accommodation(s) you are requesting):

> **N/A**

## Part 5. Signature *(Read the information on penalties on Page 8 of the instructions before completing this section. You must file this application while in the United States.)*

### Your Registration With U.S. Citizenship and Immigration Services

"I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (INA), as an alien who has been or will be in the United States for more than 30 days, I am required to register with U.S. Citizenship and Immigration Services (USCIS). I understand and acknowledge that, under section 265 of the INA, I am required to provide USCIS with my current address and written notice of any change of address within 10 days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested, and removed from the United States."

### Selective Service Registration

**The following applies to you if you are a male at least 18 years of age, but not yet 26 years of age, who is required to register with the Selective Service System:** "I understand that my filing Form I-485 with U.S. Citizenship and Immigration Services (USCIS) authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth, and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached 26 years of age."

**Part 5. Signature** *(Continued)*

### Applicant's Statement *(Select one)*

☒ I can read and understand English, and I have read and understand each and every question and instruction on this form, as well as my answer to each question.

☐ Each and every question and instruction on this form, as well as my answer to each question, has been read to me in the _____ language, a language in which I am fluent, by the person named in **Interpreter's Statement and Signature**. I understand each and every question and instruction on this form, as well as my answer to each question.

I certify, under penalty of perjury under the laws of the United States of America, that the information provided with this application is all true and correct. I certify also that I have not withheld any information that would affect the outcome of this application.

I authorize the release of any information from my records that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| Signature *(Applicant)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Daytime Phone Number *(include area code)* |
|---|---|---|---|
| | Bjorn LARSEN | 5 23 17 | (307) 275-6956 |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested benefit, and this application may be denied.*

### Interpreter's Statement and Signature

I certify that I am fluent in English and the below-mentioned language.

**Language Used** *(language in which applicant is fluent)*

I further certify that I have read each and every question and instruction on this form, as well as the answer to each question, to this applicant in the above-mentioned language, and the applicant has understood each and every instruction and question on the form, as well as the answer to each question.

| Signature *(Interpreter)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Daytime Phone Number *(include area code)* |
|---|---|---|---|
| | | | |

**Part 6. Signature of Person Preparing Form, If Other Than Above**

I declare that I prepared this application at the request of the above applicant, and it is based on all information of which I have knowledge.

| Signature | Print Your Full Name | Date *(mm/dd/yyyy)* | Daytime Phone Number *(include area code)* |
|---|---|---|---|
|  | Jennifer Behm, Esq. | 5 26 17 | (716) 634-1010 |

| Firm Name and Address | Email Address *(if any)* |
|---|---|
| Berardi Immigration Law, 2300 Wehrle Drive, Buffalo, NY 14221 | jebehm@usimmlawyer.com |



## Application For Employment Authorization

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS
Form I-765**
OMB No. 1615-0040
Expires 02/28/2018

| For USCIS Use Only | Fee Stamp | Action Block | Initial Receipt | Resubmitted |
|---|---|---|---|---|
| | | | Relocated | |
| | | | Received | Sent |
| | | | Completed | |
| ☐ Application Approved | | ☐ Application Denied - Failed to establish: | Approved | Denied |
| ☐ Authorization/Extension Valid From_____ | | ☐ Eligibility under 8 CFR 274a.12 (a) or (c) | ☐ Economic necessity under 8 CFR 274a.12(c)(14), (18) and 8 CFR 214.2(f) | |
| ☐ Authorization/Extension Valid To_____ | | | A# | |
| Subject to the following conditions: _____ | | ☐ Applicant is filing under section 274a.12 _____ | | |

▶ **START HERE - Type or print in black ink.**

**I am applying for:**

☒ Permission to accept employment.

☐ Replacement (of lost employment authorization document).

☐ Renewal of my permission to accept employment (attach a copy of your previous employment authorization document).

**1. Full Name**

| Family Name | First Name | Middle Name |
|---|---|---|
| LARSEN | Bjorn | |

**2. Other Names Used (include Maiden Name)**

| Family Name | First Name | Middle Name |
|---|---|---|
| None | | |

**3. U.S. Mailing Address**

| Street Number and Name | | Apt. Number |
|---|---|---|
| 1072 Beryl Trail | | |

| Town or City | State | ZIP Code |
|---|---|---|
| Centerville | OH | 45459 |

**4. Country of Citizenship or Nationality**

| Canada & Norway | Canada & Norway |
|---|---|

**5. Place of Birth**

| Town or City | State/Province | Country |
|---|---|---|
| Sandnes | | Norway |

**6. Date of Birth (mm/dd/yyyy)** 05/03/1950

**7. Gender** ☒ Male ☐ Female

**8. Marital Status**

☐ Single ☐ Married ☒ Divorced ☐ Widowed

**9. Social Security Number (Include all numbers you have ever used, if any)**

067602903

**10. Alien Registration Number (A-Number) or Form I-94 Number (if any)**

35765657785

**11. Have you ever before applied for employment authorization from USCIS?**

☐ Yes (Complete the following questions.)

| Which USCIS Office? | Dates |
|---|---|
| | |

Results (Granted or Denied - attach all documentation)

☒ No (Proceed to Question 12.)

**12. Date of Last Entry into the U.S., on or about (mm/dd/yyyy)**

04/23/2017

**13. Place of Last Entry into the U.S.**

Toronto, Canada: Pearson Airport

**14. Status at Last Entry** (B-2 Visitor, F-1 Student, No Lawful Status, etc.)

L-1

**15. Current Immigration Status** (Visitor, Student, etc.)

L-1

**16. Eligibility Category.** Go to the "Who May File Form I-765?" section of the Instructions. In the space below, place the letter and number of the eligibility category you selected from the instructions. For example, (a)(8), (c)(17)(iii), etc.

( c ) ( 9 ) ( )

17. **(c)(3)(C) Eligibility Category.** If you entered the eligibility category (c)(3)(C) in **Question 16** above, list your degree, your employer's name as listed in E-Verify, and your employer's E-Verify Company Identification Number or a valid E-Verify Client Company Identification Number in the space below.

| Degree | Employer's Name as listed in E-Verify |
|---|---|
| N/A | N/A |

Employer's E-Verify Company Identification Number or a Valid E-Verify Client Company Identification Number

N/A

18. **(c)(26) Eligibility Category.** If you entered the eligibility category (c)(26) in **Question 16** above, please provide the receipt number of your H-1B principal spouse's most recent Form I-797 Notice of Approval for Form I-129.

N/A

19. **(c)(35) and (c)(36) Eligibility Category**

   a. If you entered the eligibility category (c)(35) or (c)(36) in **Question 16** above, please provide the receipt number of the Form I-140 beneficiary's Form I-797 Notice of Approval for Form I-140.

   N/A

   b. Have you **EVER** been arrested for and/or convicted of any crime?  ☐ Yes  ☐ No

**NOTE:** If you answered "Yes" to **Item Numbers 19.b.**, refer to Item Number 5., Item H. or Item I. in the **Who May File Form I-765** section of these Instructions for information about providing court dispositions.

**Certification**

I certify, under penalty of perjury, that the foregoing is true and correct. Furthermore, I authorize the release of any information that U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit I am seeking. I have read the **"Who May File Form I-765?"** section of the instructions and have identified the appropriate eligibility category in **Question 16.**

**Applicant's Signature**

**Date of Signature (mm/dd/yyyy)**  5/23/2017

**Telephone Number**

(307) 275-6956

**Signature of Person Preparing Form, If Other Than Applicant**

I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

**Preparer's Signature**

**Date of Signature (mm/dd/yyyy)**  5/24/2017

**Printed Name**

Jennifer Behm, Esq.

**Address**

**Berardi Immigration Law
2300 Wehrle Drive
Buffalo, NY 14221**



# Application for Travel Document

### Department of Homeland Security
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-131**
OMB No. 1615-0013
Expires 12/31/2018

| For USCIS Use Only | Receipt | Action Block | To Be Completed by an *Attorney/ Representative*, if any. |
|---|---|---|---|

**To Be Completed by an *Attorney/ Representative*, if any.**

☒ Fill in box if G-28 is attached to represent the applicant.

**□ Document Hand Delivered**

By: _____ Date: __/__/__

**Document Issued**

□ Re-entry Permit *(Update "Mail To" Section)*   □ Refugee Travel Document *(Update "Mail To" Section)*

□ Single Advance Parole   □ Multiple Advance Parole Valid Until: __/__/__

**Mail To** *(Re-entry & Refugee Only)*
□ Address in *Part 1*
□ US Consulate at: _____
□ Intl DHS Ofc at: _____

**Attorney State License Number:**

N/A

▶ **Start Here. Type or Print in Black Ink**

## Part 1. Information About You

**1.a.** Family Name *(Last Name)*  `LARSEN`

**1.b.** Given Name *(First Name)*  `Bjorn`

**1.c.** Middle Name

### Physical Address

**2.a.** In Care of Name

**2.b.** Street Number and Name  `1072 Beryl Trail`

**2.c.** Apt. □  Ste. □  Flr. □

**2.d.** City or Town  `Centerville`

**2.e.** State  `OH`   **2.f.** ZIP Code  `45459`

**2.g.** Postal Code

**2.h.** Province

**2.i.** Country  `USA`

### Other Information

**3.** Alien Registration Number (A-Number)

▶ A- ☐☐☐☐☐☐☐☐☐

**4.** Country of Birth  `Norway`

**5.** Country of Citizenship  `Canada & Norway`

**6.** Class of Admission  `L-1`

**7.** Gender  ☒ Male   ☐ Female

**8.** Date of Birth *(mm/dd/yyyy)* ▶ `05/03/1950`

**9.** U.S. Social Security Number *(if any)*

▶ `0 6 7 6 0 2 9 0 3`



## Part 2. Application Type

**1.a.** ☐ I am a permanent resident or conditional resident of the United States, and I am applying for a reentry permit.

**1.b.** ☐ I now hold U.S. refugee or asylee status, and I am applying for a Refugee Travel Document.

**1.c.** ☐ I am a permanent resident as a direct result of refugee or asylee status, and I am applying for a Refugee Travel Document.

**1.d.** ☒ I am applying for an Advance Parole Document to allow me to return to the United States after temporary foreign travel.

**1.e.** ☐ I am outside the United States, and I am applying for an Advance Parole Document.

**1.f.** ☐ I am applying for an Advance Parole Document for a person who is outside the United States.

If you checked box "1.f." provide the following information about that person in 2.a. through 2.p.

**2.a.** Family Name *(Last Name)*

**2.b.** Given Name *(First Name)*

**2.c.** Middle Name

**2.d.** Date of Birth *(mm/dd/yyyy)* ▶

**2.e.** Country of Birth

**2.f.** Country of Citizenship

**2.g.** Daytime Phone Number ( ___ ) ___ - ___

*Physical Address (If you checked box 1.f.)*

**2.h.** In Care of Name

**2.i.** Street Number and Name

**2.j.** Apt. ☐ Ste. ☐ Flr. ☐

**2.k.** City or Town

**2.l.** State | **2.m.** ZIP Code

**2.n.** Postal Code

**2.o.** Province

**2.p.** Country | USA

## Part 3. Processing Information

**1.** Date of Intended Departure
*(mm/dd/yyyy)* ▶ 09/01/2017

**2.** Expected Length of Trip *(in days)* | 10

**3.a.** Are you, or any person included in this application, now in exclusion, deportation, removal, or rescission proceedings? ☐ Yes ☒ No

**3.b.** If "Yes", Name of DHS office:

**4.a.** Have you ever before been issued a reentry permit or Refugee Travel Document? *(If "Yes" give the following information for the last document issued to you):*
☐ Yes ☒ No

**4.b.** Date Issued *(mm/dd/yyyy)* ▶

**4.c.** Disposition *(attached, lost, etc.):*

**If you are applying for a non-DACA related Advance Parole Document, skip to Part 7; *DACA recipients must complete Part 4 before skipping to Part 7.***

## Part 6. Complete Only If Applying for a Refugee Travel Document

**1.** Country from which you are a refugee or asylee:

If you answer "Yes" to any of the following questions, you must explain on a separate sheet of paper. Include your Name and A-Number on the top of each sheet.

**2.** Do you plan to travel to the country named above? ☐ Yes ☐ No

Since you were accorded refugee/asylee status, have you ever:

**3.a.** Returned to the country named above? ☐ Yes ☐ No

**3.b.** Applied for and/or obtained a national passport, passport renewal, or entry permit of that country? ☐ Yes ☐ No

**3.c.** Applied for and/or received any benefit from such country (for example, health insurance benefits)? ☐ Yes ☐ No

Since you were accorded refugee/asylee status, have you, by any legal procedure or voluntary act:

**4.a.** Reacquired the nationality of the country named above? ☐ Yes ☐ No

**4.b.** Acquired a new nationality? ☐ Yes ☐ No

**4.c.** Been granted refugee or asylee status in any other country? ☐ Yes ☐ No

## Part 7. Complete Only If Applying for Advance Parole

On a separate sheet of paper, explain how you qualify for an Advance Parole Document, and what circumstances warrant issuance of advance parole. Include copies of any documents you wish considered. *(See instructions.)*

**1.** How many trips do you intend to use this document?
☐ One Trip ☒ More than one trip

If the person intended to receive an Advance Parole Document is outside the United States, provide the location (City or Town and Country) of the U.S. Embassy or consulate or the DHS overseas office that you want us to notify.

**2.a.** City or Town
N/A

**2.b.** Country
N/A

If the travel document will be delivered to an overseas office, where should the notice to pick up the document be sent?:

**3.** ☐ To the address shown in **Part 2 (2.h. through 2.p.)** of this form.

**4.** ☐ To the address shown in **Part 7 (4.a. through 4.i.)** of this form.

**4.a.** In Care of Name

**4.b.** Street Number and Name

**4.c.** Apt. ☐ Ste. ☐ Flr. ☐

**4.d.** City or Town

**4.e.** State **4.f.** ZIP Code

**4.g.** Postal Code

**4.h.** Province

**4.i.** Country

**4.j.** Daytime Phone Number ( ) -



Form I-131 12/23/16 N

**Part 8. Signature of Applicant** *(Read the information on penalties in the Form instructions before completing this Part.)* **If you are filing for a Re-entry Permit or Refugee Travel Document, you must be in the United States to file this application.**

**1.a.** I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records that U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit I am seeking.

Signature of Applicant

**1.b.** Date of Signature *(mm/dd/yyyy)* ▶ 5/23/2017

**2.** Daytime Phone Number ( 3 0 7 ) 2 7 5 - 6 9 5 6

**NOTE:** If you do not completely fill out this form or fail to submit required documents listed in the instructions, your application may be denied.

**Part 9. Information About Person Who Prepared This Application, If Other Than the Applicant**

**NOTE:** If you are an attorney or representative, you must submit a completed Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, along with this application.

### Preparer's Full Name

Provide the following information concerning the preparer:

**1.a.** Preparer's Family Name *(Last Name)*
BEHM

**1.b.** Preparer's Given Name *(First Name)*
Jennifer

**2.** Preparer's Business or Organization Name
Berardi Immigration Law

### Preparer's Mailing Address

**3.a.** Street Number and Name
2300 Wehrle Drive

**3.b.** Apt. ☐ Ste. ☐ Flr. ☐

**3.c.** City or Town  Buffalo

**3.d.** State  NY   **3.e.** ZIP Code  14221

**3.f.** Postal Code

**3.g.** Province

**3.h.** Country  USA

### Preparer's Contact Information

**4.** Preparer's Daytime Phone Number        Extension
( 7 1 6 ) 6 3 4 - 1 0 1 0

**5.** Preparer's E-mail Address *(if any)*
jebehm@usimmlawyer.com

### Declaration

To be completed by all preparers, including attorneys and authorized representatives: I declare that I prepared this benefit request at the request of the applicant, that it is based on all the information of which I have knowledge, and that the information is true to the best of my knowledge.

**6.a.** Signature of Preparer

**6.b.** Date of Signature *(mm/dd/yyyy)* ▶ 5/26/2017

**NOTE:** If you require more space to provide any additional information, use a separate sheet of paper. You must include your Name and A-Number on the top of each sheet.

Form I-131  12/23/16  N



## U.S. Customs and Border Protection
Securing America's Borders

---

## Most Recent I-94

Admission (I-94) Record Number : 22960500940

Most Recent Date of Entry: 2017 May 29

Class of Admission : L1

Admit Until Date : 07 / 20 / 2018

Details provided on the I-94 Information form:

| | |
|---|---|
| Last/Surname : | LARSEN |
| First (Given) Name : | BJORN |
| Birth Date : | 1950May03 |
| Passport Number : | GK584922 |
| Country of Issuance : | Canada |

Get Travel History

---

▶ Effective April 26, 2013, DHS began automating the admission process. An alien lawfully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP website constitutes a lawful record of admission. See 8 CFR § 1.4(d).

▶ If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along with any additional required documents requested by that employer or agency.

▶ Note: For security reasons, we recommend that you close your browser after you have finished retrieving your I-94 number.

OMB No. 1651-0111
Expiration Date:03/31/2017

For inquiries or questions regarding your I-94, please click here

Accessibility | Privacy Policy

❶ The ability to create and pay for a Provisional I-94 will be disrupted during the times listed below. The options to view travel history or most recent I-94 will be available during this time.    X

❶ Saturday, May 6, 2017 6:00pm - 12:00am (18:00 - 24:00) EDT



## U.S. Customs and Border Protection
Securing America's Borders

### Most Recent I-94

**Admission (I-94) Record Number : 35765657785**

**Most Recent Date of Entry: 2017 April 23**

**Class of Admission : L1**

**Admit Until Date : 07 / 20 / 2018**

**Details provided on the I-94 Information form:**

| | |
|---|---|
| **Last/Surname :** | **LARSEN** |
| **First (Given) Name :** | **BJORN** |
| **Birth Date :** | **1950May03** |
| **Passport Number :** | **GK584922** |
| **Country of Issuance ;** | **Canada** |

[ Get Travel History ]

▶ **Effective April 26, 2013, DHS began automating the admission process. An alien lawfully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP website constitutes a lawful record of admission. See 8 CFR § 1.4(d).**

▶ **If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along with any additional required documents requested by that employer or agency.**

▶ **Note: For security reasons, we recommend that you close your browser after you have finished retrieving your I-94 number.**

OMB No. 1651-0111
Expiration Date:05/31/2017

For inquiries or questions regarding your I-94, please click here

Accessibility | Privacy Policy

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| RECEIPT NUMBER EAC-15-217-50844 | | CASE TYPE I129 PETITION FOR A NONIMMIGRANT WORKER |
|---|---|---|
| RECEIPT DATE August 3, 2015 | PRIORITY DATE | PETITIONER LLS SOFTWARE HOLDINGS INC |
| NOTICE DATE August 7, 2015 | PAGE 1 of 1 | BENEFICIARY LARSEN, BJORN |

| | |
|---|---|
| JAMES G MEAGLEY<br>JAECKLE FLEISCHMANN & MUGEL LLP<br>AVANT BLDG STE 900<br>200 DELAWARE AVENUE<br>BUFFALO NY 14202-2107 | Notice Type: Approval Notice<br>Class: L1A<br>Valid from 07/21/2015 to 07/20/2018<br>Consulate:<br>POE: BUFFALO, NY |

This notice is to advise you of action taken on this case. The official notice has been mailed according to the mailing preferences noted on the Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. Any relevant documentation was mailed according to the specified mailing preferences.

This is to confirm the approval of the above petition. It was filed at the port of entry pursuant to the provisions of the North American Free Trade Agreement (NAFTA). The petition is valid for the period shown above.

This completes our action on this petition.

The lower portion of this notice should be shown at the port of entry whenever the named worker(s) wants to enter the U.S. in the classification above, during the period of validity of the petition.

Please read the back of this form carefully for more information. If you have any questions about tax withholding, please contact the Internal Revenue Service.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

This courtesy copy may not be used in lieu of official notification to demonstrate the filing or processing action taken on this case.

THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.

Number of workers: 1
Name                          DOB        COB              Class Consulate / POE OCC
LARSEN, BJORN                 05/03/1950 NORWAY           L1A   BUF             010

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

NOTICE: Although this application/petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in this application, petition and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine whether revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and representatives of record will be provided an opportunity to address derogatory information before any formal proceeding is initiated.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVCS
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS    VT    05479-0001
**Customer Service Telephone: (800) 375-5283**



Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797B, Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-13-210-50717 | | CASE TYPE I129 PETITION FOR A NONIMMIGRANT WORKER | |
|---|---|---|---|
| RECEIPT DATE<br>July 25, 2013 | PRIORITY DATE | PETITIONER<br>LSS SOFTWARE HOLDINGS INC | |
| NOTICE DATE<br>August 6, 2013 | PAGE<br>1 of 2 | BENEFICIARY<br>LARSEN, BJORN | |

JAMES G MEAGLEY
JAECKLE FLEISCHMANN & MUGEL LLP
200 DELAWARE AVENUE AVANT BUILDING
SUITE 900
BUFFALO NY 14202-2107

Notice Type: Approval Notice
Class: L1A
Valid from 07/19/2013 to 07/18/2015

This is to confirm the approval of the above petition. It was sent at the port of entry pursuant to the provisions of the North American Free Trade Agreement (NAFTA). The petition is valid for the period shown above.

This completes our action on this petition.

The lower portion of this notice should be shown at the port of entry whenever the named worker(s) wants to enter the U.S. in the classification above, during the period of the petition.

Please read the back of this form carefully for more information. If you have any questions about tax withholding, please contact the Internal Revenue Service.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Number of workers: 1
| Name | DOB | COB | Class | Consulate / POE | OCC |
|---|---|---|---|---|---|
| LARSEN, BJORN | 05/03/1950 | NORWAY | L1A | BUF | 010 |

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVCS
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS  VT  05479-0001
Customer Service Telephone: (800) 375-5283
Form I797B (Rev. 10/31/05)N

Please tear off portion below and forward it to the alien worker.

The alien may use this portion when applying for a visa at an American consulate abroad, or if no visa is required, when applying for admission to the U.S.

Receipt#: EAC-13-210-50717
Notice Date: August 6, 2013
Petitioner Validity Dates: Valid from 07/19/2013 to 07/18/2015
Case Type: I129
Petitioner: LSS SOFTWARE HOLDINGS INC
Number of Workers: 1
| Name | DOB | COB | Class | Consulate / POE | OCC |
|---|---|---|---|---|---|
| LARSEN, BJORN | 05/03/1950 | NORWAY | L1A | BUF | 010 |

Form I-797B (Rev. 10/31/05) N

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797B, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-12-210-50055 | | CASE TYPE I129 PETITION FOR A NONIMMIGRANT WORKER | |
|---|---|---|---|
| RECEIPT DATE July 27, 2012 | PRIORITY DATE | PETITIONER LSS SOFTWARE HOLDINGS INC | |
| NOTICE DATE August 6, 2012 | PAGE 1 of 2 | BENEFICIARY LARSEN, BJORN | |

| JAMES G MERGLEY JAECKLE FLEISCHMANN & MUGEL LLP AVANT BUILDING - SUITE 900 200 DELAWARE AVENUE BUFFALO NY 14202-2107 | Notice Type: Approval Notice Class: L1A Valid from 07/17/2012 to 07/16/2013 |
|---|---|

This is to confirm the approval of the above petition. It was filed at the port of entry pursuant to the provisions of the North American Free Trade Agreement (NAFTA). The petition is valid for the period shown above.

This completes our action on this petition.

The lower portion of this notice should be shown at the port of entry whenever the named worker(s) wants to enter the U.S. in the classification above, during the period of validity shown on the petition.

Please read the back of this form carefully for more information. If you have any questions about tax withholding, please contact the Internal Revenue Service.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Number of workers: 1

| Name LARSEN, BJORN | DOB 05/03/1950 | COB NORWAY | Class Consulate / POE OCC L1A PBB 010 |
|---|---|---|---|

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

U.S. CITIZENSHIP & IMMIGRATION SVCS
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS, VT 05479-0001
Customer Service Telephone: (800) 375-5283

Form I797B (Rev. 10/31/05)N

Please tear off portion below and forward it to the alien worker.

The alien may use this portion when applying for a visa at an American consulate abroad, or if no visa is required, when applying for admission to the U.S.

Receipt#: EAC-12-210-50055          Case Type: I129
Notice Date: August 6, 2012          Petitioner: LSS SOFTWARE HOLDINGS INC
Petitioner Validity Dates: Valid from 07/17/2012 to 07/16/2013    Number of Workers: 1

| Name LARSEN, BJORN | DOB 05/03/1950 | COB NORWAY | Class Consulate / POE OCC L1A PBB 010 |
|---|---|---|---|

Form I-797B (Rev. 10/31/05)N



**U.S. Customs and Border Protection**
**Buffalo, NY**
**Port# 10901**

```
** Contact Number **
** 716-843-8324 **
***********************
```

| | |
|---|---|
| 570- I-94 ArDep | $6.00 |
| 555- I-129 Workr | $325.00 |
| TOTAL | $331.00 |
| CASH | $331.00 |
| CLS CNT: 2 | |
| USER 321 | operator |
| 5548 | 10:51AM 07/19/13 | 0009-001 |

**U.S. Customs and Border Protection**
**Buffalo, NY**
**Port# 10901**

```
** Contact Number **
** 716-843-8324 **
***********************
```

| | |
|---|---|
| 570- I-94 ArDep | $6.00 |
| 555- I-129 Workr | $325.00 |
| 566- Fraud/Det | $500.00 |
| TOTAL | $831.00 |
| CASH | $831.00 |
| CLS CNT: 3 | |
| USER 321 | operator |
| 5993 | 9:37AM 07/17/12 | 0009-001 |



**SILVERGATE TRANSLATIONS**
WWW.SILVERGATETRANSLATIONS.COM



# CERTIFIED TRANSLATION



| Translation Date | Reference Number |
|---|---|
| May 24, 2017 | 35220067 |
| Source Language | Target Language |
| Norwegian | English |
| Description of Translated Document | |
| Birth Certificate of Bjørn Larsen | |

I, Sandra Bird, hereby certify that the following is complete and accurate to the best of my judgment and ability, and that I am competent in both the Norwegian and English languages to render such translation.

This translation certificate speaks only to the accuracy of the translation performed below, and does not speak to the original content of the source document(s).

Sandra Bird

ATA Member



*Certified Silvergate Translation File Number 3522067*
*Page 1 of 2*

Silvergate Translations • 2833 Smith Ave. Suite 222 • Baltimore, MD 21209

T:410.358.3588/F: 410.467.1121 • www.silvergatetranslations.com

American Translators
Association
Member #256240

THE CHURCH OF NORWAY

# Birth Certificate

| For boy / ~~girl~~ | Last name<br>Larsen |
| | First name<br>Bjørn |
| Born | Date and year<br>May 3, 1950 [illegible] |
| | in<br>Sandnes |
| Christened | Date and year<br>June 16, 1950 |
| | in<br>Høyland |
| Parents (in case the child was adopted, please state the names of the adoptive parents): | [Illegible] Torstein Hasbro Larsen |
| | and Kirsten Beate, née Øgland |
| The certificate is issued based on the church records of | Parish<br>Høyland |
| | City/~~Parish~~<br>Sandnes |

Sacristan's office          May 6, 1966

Andreas Hindal

[Signature]

_____

Signature

[Initials]

~~Payment NOK 5.00~~

No payment

Form 4



Certified Silvergate Translation File Number 3522067
Page 2 of 2

Silvergate Translations • 2833 Smith Ave, Suite 222 • Baltimore, MD 21209

T:410.358.3588/F: 410.497.1121 • www.silvergatetranslations.com

American Translators
Association
Member #256240



**DRSKE KIRKE**

## Dåpsattest

| | | |
|---|---|---|
| For gutt / ~~pike~~ | slektsnavn | _Larsen._ |
| | fornavn | _Bjørn,_ |
| Født | dato og år | _3- tredje mai- 1950 - m. hv. og fint_ |
| | i | _Sandnes_ |
| Døpt | dato og år | _16- sekstende juli s.å_ |
| | i | _Høyland_ |
| Foreldre (dersom vedk. er adoptert, skal adoptiv-foreldrene føres opp som foreldre) | | _jernarb. Torstein Harbo Larsen_ _og h. Kristin Beate J. Oyland_ |
| Attesten er utskrift av kirkeboka for | sokn | _Høyland._ |
| | by/prestegjeld | _Sandnes_ |

_embete, den_ **6-5** 19 **66**.

_Andreas Hindal_
underskrift
_s.j_

~~Stavanger 2700~~
Iten betaling
lankett 4



**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

**CERTIFICATE OF DIVORCE**

This is to certify that the marriage of **BJORN LARSEN** and **MAJDA PUSIC**

**LARSEN** which was solemnized in the city of North York in the province of Ontario, in

the Country of Canada on the 31st, day of December 1984 was dissolved by a judgment

of this court which became effective on ..................June 29, 2003.....................

Date........July 9, 2003........ Issued by ........B. Hawden........
                                  Local registrar
                              at ...........................................

393 UNIVERSITY AVE.        393 AVE. UNIVERSITY
10TH FLOOR                 10E ÉTAGE
TORONTO, ONTARIO           TORONTO, ONTARIO
M5G 1E6                    M5G 1E6

NO. 296-55433-2009

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | 296TH JUDICIAL DISTRICT |
| NANCY LARSEN | § | |
| AND | § | |
| BJORN LARSEN | § | COLLIN COUNTY, TEXAS |

AGREED FINAL DECREE OF DIVORCE

On the 4 day of *FEBRUARY*, 2010, the Court heard this case.

### I. *Appearances*

Nancy Larsen, Petitioner, appeared in person and through attorney of record, Karen Keltz of

Calabrese Huff, and announced ready for trial.

Bjorn Larsen, Respondent, did not appear in person but has agreed to the terms of this

Judgment to the extent permitted by law as evidenced by his signature below.

### II. *Record*

The making of a record of testimony was waived by the parties with the consent of the Court.

### III. *Jurisdiction and Domicile*

The Court finds that the pleadings are in due form and contain all the allegations,

information, and prerequisites required by law. The Court, after receiving evidence, finds that it has

jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date

the suit was filed. The Court finds that, at the time this suit was filed, Nancy Larsen had been a

domiciliary of Texas for the preceding six-month period and a resident of the county in which this

suit was filed for the preceding ninety-day period. All persons entitled to citation were properly

cited.

*Larsen - Agreed Final Decree of Divorce*

**IV.**  *Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

**V.**  *Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

**VI.**  *Divorce*

IT IS ORDERED AND DECREED that Nancy Larsen, and Bjorn Larsen, are divorced and that the marriage between them is dissolved on the ground of insupportability.

**VII.**  *Children of the Marriage*

The Court finds that there are no children of the marriage of Nancy Larsen and Bjorn Larsen and none is expected.

**VIII.**  *Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.



*Larsen - Agreed Final Decree of Divorce.*

**APPROVED AS TO FORM ONLY:**

**CALABRESE HUFF, P.C.**
5944 Luther Lane, Suite 875
Dallas, Texas 75225
Tel: (214) 939 3000
Fax: (214) 939 3001

By: _____

  Karen Keltz
  Attorney for Nancy Larsen
  State Bar No.11253700


**APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:**

_____
Nancy Larsen

_____
Bjorn Larsen



*Larsen - Agreed Final Decree of Divorce*